CHRISTINA L. GOEBELSMANN (SBN 273379)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
450 Golden Gate Avenue, Room 05-0153
San Francisco, California 94102
Phone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Trevor.fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>LEGAL RECOVERY LLC,<br><br>    Debtor. | Case No. 24-30074 DM<br><br>Chapter 11 |

## OBJECTION AND RESERVATON OF RIGHTS OF THE UNITED STATES TRUSTEE TO THE APPLICATION TO EMPLOY THE LAW OFFICES OF LEEDS DISSTON AS ATTORNEY FOR THE DEBTOR IN POSSESSION (ECF NO. 31)

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby files this objection and reservation of rights ("Objection") with respect to debtor Legal Recovery, LLC's (the "Debtor") application to employ The Law Offices of Leeds Disston (the "Firm") as Debtor's Counsel (ECF No. 31) (the "Employment Application"). In support of her Objection, the U.S. Trustee respectfully represents as follows:

# I. INTRODUCTION

1. The Court should deny the Employment Application because it does not satisfy the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. First, the Employment Application does not comply with the disclosure requirements of 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014 because it does not address the connections between the Firm, the Debtor, and the Debtor's manager. Second, the Employment Application requests approval of a compensation structure permitting the Firm to receive payment from Debtor's manager under an undisclosed fee agreement and without filing applications for compensation in contravention of 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016. Accordingly, the Employment Application should be denied.

2. The U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the U.S. Bankruptcy Court.

# II. STATEMENT OF FACTS

**A.  General Case Background**

3. On February 6, 2024 (the "Petition Date"), the Debtor commenced this voluntary case under Chapter 11 of the United States Bankruptcy Code. *See* ECF No. 1.[1]

4. On February 20, 2024, the Debtor filed an Amended Voluntary Petition electing to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. *See* ECF No. 12. On February 22, 2024, Gina R. Klump was appointed as Subchapter V Trustee. *See* ECF No. 21.

---

[1] The U.S. Trustee requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017 to the extent that this Objection contains factual assertions predicated upon statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

2

5. The first meeting of creditors under 11 U.S.C. § 341(a) was scheduled for March 4, 2024 but continued to March 19, 2024 after Debtor's Counsel's failed to appear. *Id.* at Docket Entry dated March 5, 2024.

**B.     The Employment Application**

7. On March 7, 2024, the Debtor filed the Employment Application. *See* ECF No. 31. The Employment Application is supported by an Attorney Disclosure Statement. *See* ECF No. 32.

8. The Employment Application requests to employ counsel who "has agreed to work on this case without seeking compensation from the Debtor." *See* ECF No. 31, Paragraph 4.

9. The Attorney Disclosure Statement states that "[the Firm] will not make any motion for attorney fee in this case" and "[the Firm] has a fee agreement for general legal services with Demas Yan, the manager of the debtor." *See* ECF No. 32, Paragraphs 4 and 5.

10. The Attorney Disclosure Statement further provides:

> Neither myself nor any member of my office is an insider, has or holds any interests of debtor's, is related to debtor in any way except as debtor's attorney, and otherwise has no stake in debtor's assets or liabilities. Further, neither I nor any member of my staff is related to debtor, its accountants or attorneys, except as debtors attorney, or to debtor's creditors, their respective attorneys or accountants, or to the U.S. trustee, the trustee's staff or members of its office, or any other party in interest.

*See* ECF No. 32, Paragraph 8.

11. The Employment Application did not provide any legal authority or argument in support of its proposed terms, and did not include a copy of the fee agreement between the Firm and Mr. Yan referenced in the Attorney Disclosure Statement. *See* ECF No. 31.

//

//

## III. OBJECTION

**A. The Employment Application Should be Denied for Failure to Make Adequate Disclosures Pursuant to Section 327 and Rule 2014.**

12. Section 327(a) requires that professional persons seeking authorization to represent the bankruptcy estate be disinterested and prohibits such professionals from representing any interest adverse to the estate. *See* 11 U.S.C. § 327(a).

13. Under Federal Rule of Bankruptcy Procedure 2014(a), an application to employ an estate professional must include specific disclosures including any proposed arrangement for compensation and disclosure of all connections with any party of interest. Fed R. Bankr. P. 2014(a). The application must also include a statement verified by the professional disclosing such connections. *Id*.

14. The Ninth Circuit applies the disclosure requirements of Rule 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877,881 (9th Cir. 1995). "[T]he disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996); *see also In re Tevis*, 347 B.R. 679, 693-93 (B.A.P. 9th Cir. 2006). An attorney for a chapter 11 debtor has a mandatory, affirmative, and independent duty to make full and complete disclosure. 11 U.S.C §§ 327(a), 329 and Fed. R. Bankr. P. 2014. *In re Park-Helena Corp.*, 63 F.3d at 881; *In re Plaza Hotel Corp.,* 111 B.R. 882, 883 (Bankr. E.D. Cal. 1990) *aff'd* 123 B.R. 466, 1990 WL 212563 (B.A.P. 9th Cir. 1990) (unpublished opinion).

15. These disclosure requirements assist the Court in ensuring an attorney has no conflicts of interest. *See In re Sundance Self Storage-El Dorado LP.*, 482 B.R. 613, 626, 631 (Bankr. E.D. Cal. 2012) ("A potential conflict also provides sufficient grounds for a court to deny a professional's employment.").

16. Here, the Employment Application and Attorney Disclosure Statement fail to comply with Section 327 and Rule 2014. The Attorney Disclosure Statement states that the Firm has a "fee agreement for general legal services with Demas Yan, the manager of the debtor" rather than the Debtor itself. *See* ECF No. 32, Paragraph 4. Because the proposed compensation agreement creates a connection between the Firm, the Debtor, and Debtor's manager, the Attorney Disclosure Statement hints at a substantial, potential conflict of interest. The Attorney Disclosure Statement fails to provide any further disclosures or details regarding the connections that would permit the Court to conclude that no conflict exists. Additionally, the Employment Application does not include a copy of the underlying fee agreement or explain how the compensation arrangement is permissible under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

17. Consistent with Fed. R. Bankr. P. 2014, the Firm should make a complete disclosure of all connections relevant to its employment, especially connections that relate to the Firm's compensation under any compensation agreements. *Cf. In Kobra Properties*, 406 B.R. at 402 ("[T]he fundamental procedural requirement is that the applicant make *full, candid, and complete disclosure* of all of the professional's connections with the debtor, creditors and any other party in interest …..") (emphasis added); *In re Shat*, 2009 WL 7809004, at *9 (B.A.P. 9th Cir. Nov. 25, 2009) ("*[A]ll relevant facts* must be disclosed to the court in the employment applications and Gellner's verified statements, and it was improper for Gellner to disclose less to the court than he did to the UST.") (emphasis added).

18. Due to the Firm's failure to provide complete disclosures as required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, the Employment Application should be denied.

5

Case: 24-30074    Doc# 33    Filed: 03/13/24    Entered: 03/13/24 12:02:02    Page 5 of 7

B.  **The Proposed Compensation Arrangement Does Not Comply With The Bankruptcy Code and Federal Rules of Bankruptcy Procedure.**

19.  Section 330(a)(1) allows "reasonable compensation for actual, necessary services" to professional persons employed by the bankruptcy estate under Section 327. *Shalaby v. Mansdorf (In re Nakhuda),* 544 B.R. 886, 902-03 (B.A.P. 9th Cir. 2016); *Hale v. U.S. (In re Basham),* 208 B.R. 926, 931-932 (B.A.P. 9th Cir. 1997), *aff'd sub nom. In re Byrne,* 152 F.3d 924 (9th Cir. 1998).

20.  Section 330(a)(1) requires both notice and a hearing before the Court can award fees to a debtor's general bankruptcy counsel. *Boone v. Derham-Burk (In re Eliapo),* 468 F.3d 592, 60 (9th Cir. 2006); *see also* Fed. R. Bankr. P. 2002(a)(6); 3 Collier on Bankruptcy P. 330.08 [2][b][i] (16th 2023).

21.  Rule 2016(a) further requires any application for compensation to set forth a detailed statement of: (1) the services rendered, time expended, and expenses incurred; and (2) the amounts requested. The Northern District's Guidelines for Compensation and Expense Reimbursement of Professional and Trustees ("Compensation Guidelines"), made applicable by B.L.R. 9029-1, similarly require that applications for compensation include a narrative of services, billing summary, time records, and a certification of compliance with the Compensation Guidelines. *See* Compensation Guidelines, *generally*.

22.  The Employment Application seeks Court approval of a compensation structure that violates Section 330, Rule 2016, or the Compensation Guidelines. Specifically, the Employment Application and related Attorney Disclosure Statement indicate that Debtor's manager will be paying the Firm's legal fees and expenses directly—without fee applications and without Court approval. *See* ECFs No. 31 & 32 ("I do not have an agreement with the debtor for

6

Case: 24-30074    Doc# 33    Filed: 03/13/24    Entered: 03/13/24 12:02:02    Page 6 of 7

compensation, and I will not make any motion for attorney fee [sic] in this case.") Therefore, the Employment Application should be denied.

## IV. CONCLUSION

23. Based on the foregoing, the U.S. Trustee respectfully requests that the Court (i) deny the Employment Application and (ii) grant such other relief as the Court deems appropriate and just.

24. The U.S. Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this objection, file an appropriate motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

Dated: March 13, 2024

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE, REGION 17

By: /s/ Trevor R. Fehr
Trevor R. Fehr
Trial Attorney for United States Trustee