Joanne Eng
10120 W. Flamingo Rd. Suite 4
Las Vegas, NV 89148
Email: jwaneng9@gmail.com



FILED

MAR 18 2024

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

In re:   LEGAL RECOVERY LLC

      Debtor

 

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Bankruptcy Court Case No: 24-30074 DM 11

REPLY OF JOANNE ENG TO OPPOSITION
TO MOTION TO CONVERT DEBTOR'S
CHAPTER 11 INTO CHAPTER 7
PURSUANT TO 11 U.S. CODE § 303(a)
AND/OR TO APPOINTMENT OF TRUSTEE
OR EXAMINER PURSUANT TO 11 U.S.
CODE § 1104

Hearing Date: March 29, 2024
Time:            10:00 am
Judge:         Hon. Dennis Montali
Via Tele/videoconference
  www.canb.uscourts.gov/calendars

 

    Debtor Legal Recovery LLC ("LR"), on or about March 8, 2024, filed an opposition to my Motion to Convert Debtor's Chapter 11 into Chapter 7 claiming that "LR is the owner of 100% of the economic interest in LOMBARD FLATS LLC (which was the title owner of the Lombard Street Property)". Joanne Eng hereby replies to the Opposition of LR.

    LR twisted the fact to claim it owns 100% while it listed me as creditor in the instant filing. LR obtained the Sheriff Deed by fraud because it has never informed me and then LR

filed this sham bankruptcy one day after it obtained the Sheriff Deed. LR has nothing to reorganize, rather, it takes advantage of the bankruptcy automatic stay to buy time and to prevent creditors from seizing its assets. Ultimately, LR has no asset except this Lombard Street Property which was obtained by fraud.

A good evidence to prove LR's false 100% ownership claim to the Lombard Street Property is my pending Motion for Contempt, hearing date is set for March 27, 2024. Please see my Motion for Contempt as **Exhibit B** in the attached Declaration of Joanne Eng in Support of this Reply. I am confident that I will prevail on my Motion for Contempt and sanction LR for fraud on the court.

## CONCLUSION

Because LR is just a cell and a cell game is played by vexatious litigant Demas Yan to the detriment of his creditors, this Court should convert the LR Chapter 11 into Chapter 7 or at the very least, the Court should appoint a trustee to prevent fraud and abuse.

For any and all of the aforementioned reasons in this reply and in the moving motion, the Court should grant the Motion.

Dated: March 14, 2024

Respectfully Submitted,

Joanne Eng, Co-Owner

Joanne Eng
10120 W. Flamingo Rd. Suite 4
Las Vegas, NV 89148
Email: jwaneng9@gmail.com

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: LEGAL RECOVERY LLC<br><br>Debtor | ) Bankruptcy Court Case No: 24-30074 DM 11<br>)<br>)<br>)<br>) DECLARATION OF JOANNE ENG IN<br>) SUPPORT OF HER REPLY TO<br>) OPPOSITION TO MOTION TO<br>) CONVERT DEBTOR'S CHAPTER 11 INTO<br>) CHAPTER 7 PURSUANT TO 11 U.S. CODE<br>) § 303(a) AND/OR TO APPOINTMENT OF<br>) TRUSTEE OR EXAMINER PURSUANT TO<br>) 11 U.S. CODE § 1104<br>)<br>)<br>)<br>) Hearing Date: March 29, 2024<br>) Time:            10:00 am<br>) Judge:           Hon. Dennis Montali<br>) Via Tele/Videoconference<br>) www.canb.uscourts.gov/calendars<br>) |

I, Joanne Eng, declare:

1.     I am part owner to the Lombard Street Property. I submit this declaration in support of my Reply to Legal Recovery LLC's Opposition to my Motion to Convert Debtor's Chapter 11 to Chapter 7. I have personal knowledge of the facts attested herein, and if I were called to testify about these matters, I would be competent to and would do so.

2. Attached hereto as **Exhibit B** is a true and correct copy of the Motion for Contempt and the hearing date of it is March 27, 2024 .

I declare under penalty of perjury under the law of the United States that the above is true and correct, and that this declaration is executed at Las Vegas, this 14th day of March 2024.

Joanne Eng

# Exhibit B

WILLIAM C. DEVINE, II, ESQ.
Nevada Bar No. 10874
**DEVINE LAW FIRM, PLLC**
5940 South Rainbow Blvd.
Las Vegas, Nevada 89118
Tel: (702) 515-1500
Fax: (702) 577-1934
E-Mail: william@devinelawfirm.com
*Attorney for Debtor*
*JOANNE W. ENG*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re: | BK Case No. 19-12981-mkn |
|---|---|
| JOANNE W. ENG, | Chapter 13 |
| | Judge: Hon. Mike K. Nakagawa |
| Debtor. | Trustee: Kathleen A. Leavitt |
| | |
| | Hearing Date:  TBD |
| | Hearing Time:  TBD |

<u>**MOTION TO DETERMINE CONTEMPT OF COURT PURSUANT TO 11 U.S.C SECTIONS 105 AND**</u>

<u>**362 AND REQUEST FOR PUNITIVE DAMAGES, ATTORNEY'S FEES AND SANCTIONS**</u>

Comes now, JOANNE W. ENG ("Debtor"), by and through her counsel, William Devine II of DEVINE LAW FIRM, PLLC, hereby respectfully moves this Court for an Order awarding punitive damages, attorney's fees, and sanctions to Debtor for LEGAL RECOVERY LLC's ("Creditor") violations of the automatic stay and contempt of Court for violating the Confirmation Order, violating the limited Order granting relief from the automatic stay, and for misrepresentations to this Court in its Motion for relief from automatic stay. LEGAL RECOVERY LLC was disclosed as a Creditor in this case, but even though it did not file a proof of claim, Debtor will continue to refer to them as Creditor in this case until a discharge has been entered in this case.

**BACKGROUND/STATEMENT OF FACTS**

1.      On May 11, 2019, Debtor filed for protection under Chapter 13 of the

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

1    bankruptcy code, initiating case number 19-12981. ECF No. 1[1]

2        2.    Debtor listed Creditor on her skeleton Chapter 13 bankruptcy petition at two

3    addresses to ensure that Creditor received notice of her bankruptcy.

4        3.    The bankruptcy was filed as a skeleton petition due to a pending trial on a

5    California state court case which was her primary creditor.

6        4.    On May 15, 2019, the Bankruptcy Noticing Center served out, via US Mail, and

7    electronic transmission, the Debtor's Notice of Bankruptcy ("Notice") to the creditors whose

8    addresses were included in the skeleton petition. ECF No. 10

9        5.    Creditor was the Plaintiff in a lawsuit against multiple defendants, including

10    Debtor, in the Superior Court of the State of California, County of San Francisco, case number

11    CGC 15-548357, with an unknown claim amount due to the multiple defendants in the case,

12    listed as creditor 4.15 in the completion of schedules filed June 18, 2019. ECF No. 14.

13        6.    The deadline for creditors to file a Proof of Claim in this case was July 22, 2019,

14    and the deadline to object to the Dischargeability of certain debts was August 26, 2019 per the

15    Notice. ECF No. 10

16        7.    On June 18, 2019, Debtor filed her proposed Chapter 13 plan #1. ECF No. 18.

17        8.    On July 3, 2019, the appointed Trustee filed her opposition to confirmation of

18    Plan #1 listing, among other items, needing information relating to the operating agreements

19    for the entities disclosed on Debtor's schedules and details about the lease agreements that

20    Debtor is a party to, along with a copy of the California complaint for which she was named.

21    ECF No. 22

22        9.    On August 8, 2019, after Debtor appeared at a continued 341 meeting, the

23    Trustee issued an Amended Trustee's Opposition requiring some additional documents, and

24    requirements to amend the Plan, Schedule A/B, and the Statement of Financial Affairs.  ECF

25    No. 28

26        10.    On August 21, 2019, Creditor filed a Joinder to the Trustee's Opposition to

27    ——————————————

[1] Documents filed in this court's docket in this case are referenced as ECF such that, in this
28    example, ECF #1 means the document filed with this court as Document #1 in the docket for
the case referenced.

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

2

1   confirmation, evidencing actual knowledge of the bankruptcy case. ECF No. 29

2        11.    Creditor's counsel, Malik Ahmad, filed his Notice of Appearance on October 21,

3   2019. ECF No. 34

4        12.    On November 8, 2019, one day after Malik Ahmad was suspended from the

5   practice of law by the Supreme Court of the State of Nevada, but not yet suspended by the

6   U.S. District Court District of Nevada, he filed a "Motion to Lift Stay from Automatic Stay to

7   Complete Pending State Court Litigation" (the "Motion to Lift Stay") to terminate the 11 U.S.C.

8   §362 bankruptcy stay specifically to pursue an insurance policy that may have been available

9   to settle the claims against Debtor. ECF No. 36

10        13.    On November 15, 2019, this Court entered an Order confirming Debtor's

11   Chapter 13 Plan #1 confirming a 100% plan to pay all filed and approved claims. ECF No. 39

12        14.    On December 3, 2019, the Trustee filed its Notice to Creditors of filed claims,

13   classification, and proposed distribution, showing that exactly two creditors filed claims in the

14   case: (1) Synchrony Bank for $126.05, Claim #2; and Wells Fargo Bank N.A. for $4,190.78, Claim

15   #1. ECF No. 40

16        15.    Notably absent from the list of filed claims was Creditor Legal Recovery, LLC

17   because it did not file a Proof of Claim within the time period allowed, or even a late filed

18   claim for that matter.

19        16.    On December 11, 2019, this Court held the hearing on Creditor's Motion to Lift

20   Stay.  Creditor later filed the Transcript of that hearing on December 28, 2019. ECF No. 42

21        17.    Per the transcript, during the hearing, this Court questioned Creditor's

22   substitute counsel, Matt Pierce, regarding their motion and their requested relief. During the

23   discussion, Creditor's counsel stated specifically, multiple times, that they were requesting the

24   relief so that they could proceed against Debtor's insurance policy only because that was not

25   an estate asset.

26        18.    Creditor's counsel specifically represented that they would not be proceeding

27   against the Debtor, but only the insurance proceeds.

28        19.    This Court's decision was to grant relief solely with respect to pursuing

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

1    collections of any judgment against any insurance coverage that would cover the claim against

2    Debtor.

3        20.    The limits requested in the Motion & the specific representations made by

4    Creditor's counsel at the hearing, completely misrepresented what Creditor was intending to

5    do.  Specifically, after obtaining relief from stay SOLELY to pursue collections against insurance

6    proceeds, Creditor continue to pursue Debtor for a monetary judgment for alleged receipt of

7    fraudulent transfers that occurred pre-petition, for return of one or more transfers of interest

8    to Debtor that occurred pre-petition and that vested in the Debtor upon confirmation of the

9    plan, for cancelation of other real property rights (recorded leasehold rights) transferred to

10   Debtor that occurred pre-petition and rights that vested in the Debtor upon confirmation of

11   the plan, and for attorney's fees and costs.  See [proposed] STATEMENT OF DECISION

12   submitted to the California state court after trial that occurred on April 1, 6, 8, 13, 15 2021,

13   June 14, 2021, and concluded August 23, 2021, attached hereto as **Exhibit "1"**.

14       21.    The word "insurance" is not present in the proposed decision.  What is present

15   is proposed findings of fact and conclusions of law that would subject Debtor to a more than

16   $1.7M judgment for pre-petition actions, would take away Debtor's ownership interests in

17   multiple entities that vested in the Debtor upon confirmation of the plan, and would take

18   away Debtor's real property rights (leasehold rights) in one or more properties – property

19   rights that vested in the Debtor upon confirmation of the plan. See Exhibit "1".

20       22.    Creditor did not file an adversary proceeding objecting to the Dischargeability of

21   its claims against Debtor, thus upon conclusion of Debtor's Chapter 13 Plan payments, Debtor

22   is expected to receive a discharge of those claims against her and to retain the real property

23   and person property that vested in Debtor upon confirmation of her Chapter 13 plan.  Yet, if

24   the California state court judgment were to be issued and allowed to stand, during this

25   process, Creditor would have successfully taken away property that vested in the Debtor upon

26   confirmation of the plan in contradiction of Creditor's specific promises to this Court that they

27   were only going to pursue insurance proceeds, and in violation of 11 U.S.C. §362(a)(5) and 11

28   U.S.C. §362(a)(6).

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

4

23.     Creditor clearly had actual knowledge of Debtor's bankruptcy given that Creditor participated in obtaining relief from stay under false pretenses.

24.     By Creditor proceeding in litigation against Debtor for other than insurance proceeds, Creditor violated the Order granting relief from stay specifically limited to proceeding against insurance proceeds, and therefore violated 11 U.S.C. §105 as well as violated the automatic stay provision of 11 U.S.C. §362(a)(5) and 11 U.S.C. §362(a)(6).

25.     By Creditor proceeding in litigation against Debtor in an attempt to take property of the Debtor under guise of a judgment in California state court for pre-petition receipt of an alleged fraudulent transfer where no non-dischargeability action was filed, the Creditor violated the bankruptcy stay under Debtor's §362(a)(5) and (6).

## LEGAL ARGUMENT

### A.     Creditor Violated the Confirmation Order thus Sanctions are Appropriate

26.     Completely disregarding the Confirmation Order entered in this case by this Court, Creditor has continued to pursue return of real property rights and personal property that vested in the Debtor as provided under paragraph 8.3 of the Confirmation Order.

27.     This Court has inherent sanction authority, specifically, bankruptcy courts, like district courts, possess the "'inherent authority' to sanction 'bad faith' or 'willful misconduct' even in the absence of express statutory authority to do so." *In re Dyer*, 322 F.3d 1178, 1196.

28.     11 U.S.C. §1327(b), as basically mimicked in the confirmation order Paragraph 8.3, states that "except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate to the debtor." 11 U.S.C. §1327(b).

29.     11 U.S.C. §1327(c) provides that the property that vests in the Debtor is "free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C. §1327(c)

30.     The confirmed plan provides for payment of 100% of all filed and allowed claims, as such all creditors are provided for by the plan. Creditor did not file a proof of claim to receive funds paid through the plan, but that does not change the fact that the Creditor was provided for by the plan.

31.     Upon entry of the confirmation order confirming Debtor's Chapter 13 plan, all

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

1   of the property of the bankruptcy estate vested in the Debtor, including her ownership

2   interest in the multiple entities and the recorded property rights including the recorded

3   leasehold rights for which Creditor is attempting to take from Debtor.

4        32.    Such property that vested in Debtor pursuant to 11 U.S.C. §1327(b) was free

5   and clear of claims or interest of Creditor Legal Recovery LLC upon entry of the confirmation

6   order.

7        33.    Creditor's continued attempts to obtain an order or judgment from a California

8   state court judge to take away property vested in the Debtor is thus a violation of 11 U.S.C.

9   §1327 and the express vesting of the property as provided for in the confirmation order

10   confirming the Chapter 13 plan of the Debtor.

11       34.    This is not a situation where Creditor failed to comply with the terms of the

12   confirmation order; in this situation, Creditor actively filed a Motion for Relief from Stay,

13   obtained an order to pursue only insurance proceeds and not take actions inconsistent with

14   the confirmed plan.  After obtaining such limiting order, Creditor them continued to pursue

15   pre-petition claims against Debtor to take away the property vested in the Debtor, in direct

16   contradiction of the Confirmation Order and in fact, in direct contradiction to the Order

17   granting relief from stay.

18       35.    Because of the Creditor's actions, the Court should issue sanctions against the

19   Creditor to compensate Debtor for her damages and to compel Creditor to comply with the

20   confirmation order.

21       36.    The Court may award a damages to correct the violations of the Creditor,

22   including awarding actual damages, punitive damages, and attorneys' fees. The damages that

23   may be awarded include compensatory damages and non-compensatory fines if the fines are

24   mild and are not serious punitive penalties. See *In re Grihalva*, 2013 WL 5311227, at *6 (Bankr.

25   D. Nev., Sept 3, 2013).

26       37.    The Creditor received its notice of Debtor's bankruptcy, the Creditor even filed

27   a motion in the case for relief from stay with specific language about not violating the

28   confirmation order; however Creditor has willfully ignored the confirmation order, willfully

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

1   exceeded the limited restrictions of the relief from stay order, and even willfully violated the

2   remaining automatic stay, by pursuing enforcement of a pre-petition claim against property

3   that has vested, free and clear of the Creditor's claims, in the name of the Debtor.

4         38.    Creditor's intentional and willful disregard for this Court's orders should be

5   punished by a finding of contempt by the Creditor.

6         39.    Accordingly, Debtor requests that this Court sanction Creditor LEGAL RECOVERY

7   LLC for its willful violations or the Court's confirmation order, in an amount sufficient to get

8   Creditor to comply with the orders of this Court.

9      **B.**    **Creditor Violated 11 U.S.C. §362 thus Sanctions are Appropriate**

10       40.    Under §362, when an individual files for bankruptcy, a bankruptcy stay is

11  created that, among other things, prohibits the commencement or continuation of a judicial

12  proceeding against the debtor that was commenced before the bankruptcy case was filed to

13  recover a claim against the debtor that arose before the bankruptcy case was filed. 11 U.S.C.

14  §362(a).

15       41.    The bankruptcy stay under 11 U.S.C. §362(a) which relates to property of the

16  estate continues until the property is no longer estate property. 11 U.S.C. §362(c)(1).  The

17  "stay of any other act under subsection (a) of this section continues until the earliest of" case

18  closure, case dismissal, discharge being granted, or discharge being denied. 11 U.S.C.

19  §362(c)(2)

20       42.    In other words, the bankruptcy stay under 11 U.S.C. §362(a)(5) and

21  11 §362(a)(6), which are stays on acts against property of the debtor, remain until either the

22  Chapter 13 case is closed, dismissed, or a discharge is granted or denied. 11 U.S.C. §362(c)(2)

23       43.    As such, even after the plan is confirmed, the bankruptcy stay under 11 U.S.C.

24  §362(a)(5) & 11 §362(a)(6) still exist as to the property of the debtor, including all of the prior

25  estate property that vested in the Debtor upon confirmation.

26       44.    Because the bankruptcy stay remains on the property vested in the debtor until

27  the Chapter 13 case is closed, dismissed, or the discharge is granted or denied, Creditor Legal

28  Recovery LLC's acts "to collect, assess, or recover a claim against the debtor that arose before

**DEVINE LAW FIRM, PLLC**
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

7

1   the commencement of the case under this title" under 11 U.S.C. §362(a)(6) and "any act to

2   create, perfect, or enforce against property of the debtor any lien to the extent that such lien

3   secures a claim that arose before the commencement of the case under this title" under 11

4   U.S.C. §362(a)(5), is a violation of the bankruptcy stay and subjects Creditor to damages as

5   explained herein.

6         45.    An award of actual damages for an individual debtor injured by a willful

7   violation for the automatic stay is provided for under section 362(k). See 11 U.S.C. §362(k)(1).

8         46.    As part of actual damages, the Ninth Circuit allows for emotional distress

9   damages and also punitive damages. See In re Dawson, 390 F.3d 1129 (9th Cir. 2005).

10        47.    In determining whether the contemnor violated the stay, the focus 'is not on

11   the subjective beliefs or intent of the contemnors in complying with the order, but whether in

12   fact their conduct complied with the order at issue.' " In re Dyer, 322 F.3d at 1191 (quoting In

13   re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996)).

14        48.    In this case, because of Creditor Legal Recovery LLC's actions, Debtor has

15   incurred actual damages and had in filing fees of $350.00 to file a Notice of Removal creating

16   adversary case number 21-01136 filed 9/1/2021 to stop Creditor from obtaining a judgment to

17   take the property vested in Debtor, including fees for copying, printing, postage,

18   notwithstanding emotional distress and anxiety. See *In re Romans*, 238 B.R. 1, 10 (9th Cir.

19   B.A.P. 2002).

20        49.    Moreover, Debtor has incurred attorney's fees and costs in filing this Motion,

21   that are compensable due to them being incurred to ensure Creditor does not continue to

22   violate Debtor's rights.  Thus, Debtor is requesting a separate hearing to determine all

23   damages, along with attorney's fees and costs that should be awarded to Debtor.

24        50.    Attorneys' fees awarded under §362(k) may include fees awarded in seeking to

25   enforce the automatic stay, including attorney's fees during incurred during an appeal, and is

26   not limited just to the attorney's fees incurred up to the time the automatic stay violation

27   ceases. See *America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095,

28   1101 (9th Cir. 2015), overruling *Sternberg v. Johnson (In re Sternberg)*, 595 F.3d 937 (9th Cir.

**DEVINE LAW FIRM, PLLC**
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

8

1   2010).

2        51.     To prevail under §362(k), Debtor must first prove that the violation was willful.

3   Willful is defined as a deliberate act done with the knowledge that the act is in violation of the

4   automatic stay.  Specific intent to violate the automatic stay is not required to be proven. See

5   *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1192 (9th Cir. 2003). In this case, Debtor needs

6   to demonstrate that Creditor knew of the automatic stay, and that the creditor's actions that

7   violated the stay were intentional. See *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 191 (9th Cir.

8   1995). A creditor who has knowledge of the bankruptcy case is considered to have knowledge

9   of the automatic stay. See *Eden Place, LLC v. Perl (In re Perl)*, 513 B.R. 566, 576 (B.A.P. 9th Cir.

10  2014), reversed on other grounds, 811 F.3d 1120 (9th Cir. 2016). "A 'willful violation' does not

11  require a specific intent to violate the automatic stay. Rather, the statute provides for

12  damages upon a finding that the defendant's actions which violated the stay were intentional.

13  Whether the party believes in good faith that it had a right to property is not relevant

14  towhether the act was 'willful' or whether compensation must be awarded. *In re Pinkstaff*, 974

15  F.2d 113 (9th Cir. 1992). See also *In re Bloom*, 875 F.2d 224, 227 (95h Cir. 1989).  Defendant

16  Legal Recovery LLC has actual knowledge of Debtor's bankruptcy, but they are still seeking a

17  monetary judgment against her and requesting that the state court enter judgment that would

18  take assets, including recorded property rights, away from Debtor.

19       52.     Creditor Legal Recovery LLC continued to pursue litigation against Debtor to

20  recover against the assets that vested in the Debtor upon confirmation of Debtor's chapter 13

21  plan.  Such assets were vested free and clear of Creditor's claims under 11 U.S.C. §1327(c).

22  Creditor obtained relief from stay solely with respect to pursuit of a possible insurance policy

23  that could be used to pay the claims against Debtor, but instead attempted to get a California

24  state court judge to take vested assets from the Debtor instead.  Creditor cannot claim it is

25  ignorant of this bankruptcy case, and its actions are in violation of the bankruptcy stay

26  provided by this bankruptcy case.

27       53.     Creditor's intentional and willful violation of the bankruptcy stay should be

28  punished by a finding of contempt by the Creditor.

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

1    54.    Accordingly, Debtor requests that this Court sanction Creditor LEGAL RECOVERY

2  LLC for its willful violations of §362, in an amount sufficient to get Creditor to comply with the

3  bankruptcy stay under §362.

4    **C. The Court Can Sanction Creditor Under §105(a)**

5    55.    This Court can also sanction Creditor Legal Recovery LLC under §105(a) and

6  award damages and attorney's fees against Creditor Legal Recovery LLC as "is necessary or

7  appropriate to carry out the provisions of this title" including enforcing orders and enforcing

8  the bankruptcy stay. 11 U.S.C. §105(a)

9    <u>**CONCLUSION**</u>

10    For the above reasons, Debtor Joanne W. Eng respectfully requests that this Court issue

11  an order:

12  a.  That Creditor Legal Recovery LLC violated §362(a)(5) and/or §362(a)(6;

13  b.  That Creditor Legal Recovery LLC cease in their ongoing litigation case against Debtor

14    insofar as it pertains to any money or assets from Debtor;

15  c.  Sanctioning Creditor Legal Recovery LLC under §362(k) or §105(a); or in an amount to

16    be determined in a hearing;

17  d.  Awarding Debtor Joanne W. Eng actual damages, which may include emotional distress

18    damages, in an amount to be determined in a hearing;

19  e.  Awarding Debtor's attorney fees and costs under §362(k) or §105(a) or in an amount to

20    be determined in a hearing;

21  f.  Alternatively, holding a separate hearing on sanctions, actual damages, punitive

22    damages, and attorney's fees; and

23  g.  Any other relief deemed just and propery.

24    Dated this 10th day of December, 2021.

25    **DEVINE LAW FIRM, PLLC**

26    /s/ *William Devine, II*
    William C. Devine, II (NV Bar #10874)

27    5940 S. Rainbow Blvd.
    Las Vegas, Nevada 89118

28    *Attorney for Debtor, Joanne W. Eng*

DEVINE LAW FIRM, PLLC
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118
Ph: (702) 515-1500 / Fax: (702) 577-1934

# Exhibit "1"

1  Leeds Disston, Esq. SBN 045016
   CASALINA & DISSTON
2  409 13th Street, 9th Floor
   Oakland, CA 94612
3  (510) 835-8110 Telephone
   (510) 835-8113 Facsimile
4  casdiss@yahoo.com

5
   Attorney for Plaintiff
6  LEGAL RECOVERY, LLC

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                        COUNTY OF SAN FRANCISCO
9                       UNLIMITED CIVIL JURISDICTION

10 LEGAL RECOVERY, LLC,                    Case No: CGC 15-548357
11         Plaintiff,
12     Vs.                                  [proposed] STATEMENT OF DECISION
13 MARTIN LEE ENG et al.,
                                            Trial: April 1, 2021
14         Defendants.                       Dept: 220
                                            Judge: Honorable Kathleen Kelly
15

16
   This cause came on regularly for trial on April 1, 6, 8, 13, 15, June 14, and August 23 2021, in
17
   Department 220 of the above-entitled court, the Honorable Kathleen Kelly, Judge, presiding,
18
   sitting without a jury, a jury having been duly waived. Plaintiff LEGAL RECOVERY LLC
19
   represented by Leeds Disston, Esq.  Defendants LOMBARD FLATS LLC, KEARNY
20
   WASHINGTON LLC, CHIEF ASIAN LLC, and SAU P. ENG represented by Peter Kutrubes,
21
   Esq.  Defendant JOANNE ENG in Propria Persona.  Appearances as noted in the court minutes.
22

23

24
                            I. PROCEDURAL HISTORY
25

26
   Plaintiff is the judgment creditor of Defendant MARTIN LEE ENG ("ENG") in the underlying
27
   action, Case No. CGC14-542378, in which a judgment of $1,507,302.92 was entered against
28

                                        - 1

ENG on July 8, 2015. In the underlying action, a charging order was entered on September 10, 2015 charging ENG's transferable interest in LOMBARD FLATS, LLC. On December 16, 2015, the court granted Plaintiff's motion to foreclose charging order lien. On November 7, 2016, the court granted Plaintiff's motion to reaffirm the September 10, 2015 charging order. On August 14, 2017, the court granted Plaintiff's renewed motion to foreclose charging order lien. Pursuant to that order, any and all transferable economic interest in LOMBARD FLATS, LLC (Cal. Secretary of State Entity No.: 200835810308) held by ENG as of July 19, 2015 (effective date of the charging order lien pursuant to Code of Civil Procedure Section 708.320(a)), whatever amount that may be, was foreclosed and sold on June 28, 2018 to Plaintiff as the winning bidder.

This action was filed on October, 8, 2015. On February 5, 2016, the operative second amended complaint ("SAC") was filed with a cause of action for Conspiracy on Fraudulent Conveyances against Defendants MARTIN LEE ENG, YING CHUEN ENG, LOMBARD FLATS, LLC, EVER LASTING LIFE, HONG KONG CHINA GROUPS OF COMPANIES LLC, KEARNY WASHINGTON LLC, GREEN CONSTRUCTION, NING HO MONTGOMERY ART GALLERY, ONE STOP DELIVERY INC, UNIVERSAL PHOTOS, WHITE SNOW CORP, CHIEF ASIAN, LLC, PIONEER 74 LOTS, LLC, JEMS INVESTMENTS, LLC, SHANNA LIU, SAU P. ENG, JOANNE ENG, THOMAS F. ENG, WAYNE C. ENG, LOUIS HOP LEE and DOES 1 TO 100.

On March 22, 2016, Defendant MARTIN LEE ENG filed answer to the SAC. On August 31, 2017, the court granted Plaintiff's motion to strike Defendant MARTIN LEE ENG's answer to the SAC and enter default against him.

On September 13, 2017, the court granted Plaintiff's motion for leave to correct names of defendants. Pursuant to that order, on September 15, 2017, Plaintiff filed an amendment to SAC to substitute MARTIN LEE ENG a.k.a YING CHUEN ENG wherever the name of MARTIN LEE ENG appears and to substitute SHANNA LIU a.k.a. SHAWNA LIU a.k.a. SHAWNA ENG HARDESTY wherever the name of SHANNA LIU appears in the SAC.

- 2 -

Plaintiff and Defendant WAYNE ENG entered into a stipulation approved by the court on September 13, 2017 whereby WAYNE ENG consented to an order and decree to set aside and expunge and declare as null and void the Deed of Trust recorded in San Francisco Recorder Office on November 05, 2008 as Doc-2008-I675918.

Defendant LOUIS HOP LEE was dismissed without prejudice on March 7, 2018.

Defendant THOMAS F. ENG died in 2012. Surviving spouse is defendant Sau P. Eng. Dismissal as to THOMAS F. ENG was filed on March 8, 2018.

Defaults had been entered against the following defendants: MARTIN LEE ENG aka YING CHUEN ENG, JEMS INVESTMENTS LLC, HONG KONG CHINA GROUPS OF COMPANIES LLC, EVER LASTING LIFE, GREEN CONSTRUCTION, NING HO MONTGOMERY ART GALLERY, ONE STOP DELIVERY INC., UNIVERSAL PHOTOS, WHITE SNOW CORP, PIONEER 74 LOTS LLC, and SHANNA LIU a.k.a. SHAWNA LIU a.k.a. SHAWNA ENG HARDESTY.

On March 30, 2021, Defendant JOANNE ENG filed a motion for nonsuit pursuant to Code of Civil Procedure Section 581c. The Court had tentatively denied the motion on April 6, 2021. On August 23, 2021, after reviewing the briefs submitted and taking oral arguments, the Court adopted the tentative order and denied the motion for nonsuit. The gist of the argument for nonsuit is that Defendant Lombard Flats, LLC had filed Chapter 11 bankruptcy on August 3, 2009 and the bankruptcy court had confirmed the reorganization plan on July 19, 2010; that the discharge injunction pursuant to 11 U.S. Code § 524 prohibits the claim in this action against Defendant Lombard Flats, LLC. The Court finds that Plaintiff's claim in this action is not barred by Defendant Lombard Flats, LLC's prior Chapter 11 bankruptcy. Section 1141(d)(1) of the bankruptcy code provides that the order confirming the Chapter 11 plan discharges the debtor from any debt that arose before the date of such confirmation. A cause of action based on civil conspiracy accrues on the date of the commission of the last overt act in pursuance of the conspiracy (Schessler v. Keck (1954) 125 Cal. App. 2D 827, 832-833). The claim for conspiracy

- 3

in this action is not barred by Defendant Lombard Flats, LLC's prior Chapter 11 bankruptcy because the conspiracy claim in this action arose after the confirmation of Defendant Lombard Flats, LLC's Chapter 11 reorganization plan.

On April 5, 2021, Defendants LOMBARD FLATS LLC, KEARNY WASHINGTON LLC, CHIEF ASIAN LLC and SAU ENG filed a brief concerning statute of limitations. Defendants contend that the applicable statute of limitations have expired on claim to commit voidable transfers with respect to 1) the leases recorded by Defendant Martin Eng in March of 2009, 2) the deed of trust recorded by Martin Eng on behalf of Lombard Flats, LLC on January 31, 2012, and 3) the membership interests transferred from Martin Eng on July 20, 2010.

As to the leases recorded by Defendant Martin Eng in March of 2009, the Court finds that the applicable statute of limitation has not expired. Civil Code section 3439.09 is not the only statute of limitations applicable to actions to set aside a voidable transfer. Code Civ. Proc. § 338(d) provides a three-year statute of limitations and does not begin to run until a plaintiff obtains a judgment on the underlying debt. [See Macedo v. Bosio (2001) 86 Cal. App. 4Th 1044, 1051.] This action was filed on October 8, 2015 and the underlying judgment was entered on July 8, 2015, therefore the statute of limitation under section 338(d) has not run.

As to the deed of trust recorded by Martin Eng on behalf of Lombard Flats, LLC on January 31, 2012, it does not have any legal effect on properties belonging to Defendant Lombard Flats, LLC; and Plaintiff has not sought to set it aside as a voidable transfer.

As to the membership interests transferred from Martin Eng on July 20, 2010, the Court finds that the applicable statute of limitation has not expired. On October 22, 2015, Defendant Martin Eng disclosed to Plaintiff for the first time the purported transfers of membership interests. Civil Code §3439.09(a) provides that a fraudulent transfer action based on actual intent which is commenced more than four years from the date of the transfer must be brought within one year after the transfer or obligation was or could reasonably have been discovered. Civil Code §3439.09(c) provides that notwithstanding any other provision of law, a cause of action under

- 4

this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred. Plaintiff filed the first amended complaint in this action on December 9, 2015, which was within one year of discovery and within seven years from the purported membership transfers, to allege the voidable transfers of membership interests.

Trial commenced in this Court on April 1, 2021 and continued on April 6, 8, 13, 15, June 14, and August 23 2021. The parties presented evidence, both oral and documentary. Exhibits were admitted into evidence as noted in court minutes.

## II. FINDINGS OF FACT

a. Plaintiff has a right to payment from defendant MARTIN LEE ENG.

b. Defendant MARTIN LEE ENG, as an individual and as the manager acting on behalf of defendant LOMBARD FLATS LLC, caused the following encumbrances in the form of deeds of trust and memorandums of lease recorded against the Lombard Street Property:

| *RECORDED DOCUMENT* | *DATED* | *GRANTOR* | *GRANTEE* | *ENCUMBRANCE* |
|---|---|---|---|---|
| Deed of Trust (Doc-2008-I675918) | 11/05/2008 | Martin Eng | Wayne Eng | $985,000 |
| Memorandum of Lease (Doc-2009-I736335) | 03/20/2009 | Lombard Flats LLC | Thomas Eng, Sau Eng, White Snow Corporation, Joanne Eng, Lombard Flats LLC | Lease for 99 years |

| RECORDED DOCUMENT | DATED | GRANTOR | GRANTEE | ENCUMBRANCE |
|---|---|---|---|---|
| Memorandum of Lease (Doc-2009-I753923) | 04/20/2009 | Lombard Flats LLC | White Snow Corporation, Chief Asian LLC, Joanne Eng, Thomas Eng, Sau Eng | Lease for 24 years |
| Deed of Trust (Doc-2015-K098409) | 07/28/2015 | Lombard Flats LLC | Ever Lasting Life, Ying Chuen Eng (aka Martin Eng) | $3,300,000 |
| Deed of Trust (Doc-2015-K126506) | 08/31/2015 | Lombard Flats LLC | Hong Kong China Groups of Companies LLC | $1,413,000 |
| Deed of Trust (Doc-2015-K126507) | 08/31/2015 | Lombard Flats LLC | Kearny Washington LLC | $942,000 |
| Deed of Trust (Doc-2015-K130045) | 09/09/2015 | Lombard Flats LLC | NING HO MONTGOMERY ART GALLERY, ONE STOP DELIVERY INC, GREEN CONSTRUCTION, UNIVERSAL PHOTOS, WHITE SNOW CORP | $22,000 |
| Memorandum of Lease (Doc-2016-K199309) | 02/09/2016 | Lombard Flats LLC | Kearny Washington LLC, Joanne Eng | Lease for 25 years |

c.  Defendant MARTIN LEE ENG caused the above mentioned encumbrances against the Lombard Street Property with the intent to hinder, delay, or defraud his creditors.

d.  The defendants LOMBARD FLATS LLC, EVER LASTING LIFE, HONG KONG CHINA GROUPS OF COMPANIES LLC, KEARNY WASHINGTON LLC, GREEN CONSTRUCTION, NING HO MONTGOMERY ART GALLERY, ONE STOP DELIVERY INC, UNIVERSAL PHOTOS, WHITE SNOW CORP, CHIEF ASIAN

- 6

LLC, PIONEER 74 LOTS LLC, JEMS INVESTMENTS LLC, SHANNA LIU, SAU P. ENG, and JOANNE ENG, as the grantees, did not receive in good faith the above mentioned encumbrances and did not provide reasonably equivalent value.

e. Defendant MARTIN LEE ENG's transfers of membership interests in LOMBARD FLATS LLC to defendants KEARNY WASHINGTON LLC,  HONG KONG GROUPS OF COMPANIES LLC, and CHIEF ASIAN LLC were made with intent to hinder, delay, or defraud his creditors.

f. Defendants KEARNY WASHINGTON LLC,  HONG KONG GROUPS OF COMPANIES LLC, and CHIEF ASIAN LLC did not receive the membership interests in LOMBARD FLATS LLC in good faith and did not provide reasonably equivalent value.

g. Defendant MARTIN LEE ENG was the sole member of LOMBARD FLATS LLC when the charging order lien was created in the underlying action on July 19, 2015.

h. Defendant MARTIN LEE ENG's conduct was a substantial factor in causing Plaintiff's harm.

i. Defendants MARTIN LEE ENG, LOMBARD FLATS LLC, EVER LASTING LIFE, HONG KONG CHINA GROUPS OF COMPANIES LLC, KEARNY WASHINGTON LLC, GREEN CONSTRUCTION, NING HO MONTGOMERY ART GALLERY, ONE STOP DELIVERY INC, UNIVERSAL PHOTOS, WHITE SNOW CORP, CHIEF ASIAN LLC, PIONEER 74 LOTS LLC, JEMS INVESTMENTS LLC, SHANNA LIU, SAU P. ENG, and JOANNE ENG engaged in a conspiracy to defraud Plaintiff, causing Plaintiff damages in the amount of its attorney's fees and costs.

## III.  CONCLUSIONS OF LAW

Civil Code section 3439.04 provides that:

> (a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

- 7

(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

(b) In determining actual intent under paragraph (1) of subdivision (a), consideration may be given, among other factors, to any or all of the following:

(1) Whether the transfer or obligation was to an insider.

(2) Whether the debtor retained possession or control of the property transferred after the transfer.

(3) Whether the transfer or obligation was disclosed or concealed.

(4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(5) Whether the transfer was of substantially all the debtor's assets.

(6) Whether the debtor absconded.

(7) Whether the debtor removed or concealed assets.

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

(11) Whether the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

(c) A creditor making a claim for relief under subdivision (a) has the burden of proving the elements of the claim for relief by a preponderance of the evidence.

A transfer is deemed fraudulent if either subsection (1) or (2) are satisfied. [See Annod Corporation v. Hamilton & Samuels (2002) 100 Cal.App.4th 1286, 1294 (Section 3439.04 was amended in 2004 and the subsections were relabeled from letters to numbers. Stats. 2004, c. 50 (S.B. 1408)).]

There is no minimum number of factors that must be present before the scales tip in favor of finding of actual intent to defraud. [Filip v. Bucurenciu (2005) 129 Cal.App.4th 825, 834.]

Civil Code section 3439.07 provides that:

(a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in Section 3439.08, may obtain:

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

– 8 –

(2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedures described in Title 6.5 (commencing with Section 481.010) of Part 2 of the Code of Civil Procedure, or as may otherwise be available under applicable law.

(3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure, the following:

(A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property of the transferee.

(B) Appointment of a receiver to take charge of the asset transferred or other property of the transferee.

(C) Any other relief the circumstances may require.

(b) If a creditor has commenced an action on a claim against the debtor, the creditor may attach the asset transferred or other property of the transferee if the remedy of attachment is available in the action under applicable law and the property is subject to attachment in the hands of the transferee under applicable law.

(c) If a creditor has obtained a judgment on a claim against the debtor, the creditor may levy execution on the asset transferred or its proceeds.

(d) A creditor who is an assignee of a general assignment for the benefit of creditors, as defined in Section 493.010 of the Code of Civil Procedure, may exercise any and all of the rights and remedies specified in this section if they are available to any one or more creditors of the assignor who are beneficiaries of the assignment, and, in that event (1) only to the extent the rights or remedies are so available and (2) only for the benefit of those creditors whose rights are asserted by the assignee.

Civil Code section 3439.08 provides that:

(a) A transfer or obligation is not voidable under paragraph (1) of subdivision (a) of Section 3439.04, against a person that took in good faith and for a reasonably equivalent value given the debtor or against any subsequent transferee or obligee.

(b) To the extent a transfer is avoidable in an action by a creditor under paragraph (1) of subdivision (a) of Section 3439.07, the following rules apply:

(1) Except as otherwise provided in this section, the creditor may recover judgment for the value of the asset transferred, as adjusted under subdivision (c), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against the following:

(A) The first transferee of the asset or the person for whose benefit the transfer was made.

(B) An immediate or mediate transferee of the first transferee, other than either of the following:

(i) A good faith transferee that took for value.

(ii) An immediate or mediate good faith transferee of a person described in clause (i).

(2) Recovery pursuant to paragraph (1) of subdivision (a), or subdivision (b), or subdivision (c) of Section 3439.07 of or from the asset transferred or its proceeds, or other property of the transferee, as applicable, by levy or otherwise, is available only against a person described in subparagraph (A) or (B) of paragraph (1).

- 9

(c) If the judgment under subdivision (b) is based upon the value of the asset transferred, the judgment shall be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require.

(d) Notwithstanding voidability of a transfer or an obligation under this chapter, a good faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to the following:

(1) A lien on or a right to retain an interest in the asset transferred.

(2) Enforcement of an obligation incurred.

(3) A reduction in the amount of the liability on the judgment.

(e) A transfer is not voidable under paragraph (2) of subdivision (a) of Section 3439.04 or Section 3439.05 if the transfer results from either of the following:

(1) Termination of a lease upon default by the debtor when the termination is pursuant to the lease and applicable law.

(2) Enforcement of a lien in a noncollusive manner and in compliance with applicable law, including Division 9 (commencing with Section 9101) of the Commercial Code, other than a retention of collateral under Sections 9620 and 9621 of the Commercial Code and other than a voluntary transfer of the collateral by the debtor to the lienor in satisfaction of all or part of the secured obligation.

(f) The following rules determine the burden of proving matters referred to in this section:

(1) A party that seeks to invoke subdivision (a), (d), or (e) has the burden of proving the applicability of that subdivision.

(2) Except as otherwise provided in paragraph (3) or (4), the creditor has the burden of proving each applicable element of subdivision (b) or (c).

(3) The transferee has the burden of proving the applicability to the transferee of subparagraph (B) of paragraph (1) of subdivision (b).

(4) A party that seeks adjustment under subdivision (c) has the burden of proving the adjustment.

(g) The standard of proof required to establish matters referred to in this section is preponderance of the evidence.

Civil Code section 3439.12 provides that:

> Unless displaced by the provisions of this chapter, the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement its provisions.

The elements of civil conspiracy are: (1) formation and operation of a conspiracy; (2) a wrongful act done pursuant to the conspiracy; and, (3) resulting damage. [Mosier v. So. Cal. Phys. Ins Exch. (1998) 63 Cal.App.4th 1022, 1048; CACI No. 3600.]

California allows for a cause of action for conspiracy to commit fraudulent transfers, and allows a Plaintiff to recover legal damages on such a cause of action. [Taylor v. S & M Lamp Co., 190

– 10

Cal.App.2d 700, 706, 12 Cal.Rptr. 323 (1961) ("[A] debtor and those who conspire with him to conceal his assets for the purpose of defrauding creditors are guilty of committing a tort and each is liable in damages.")] A Court has broad discretion in fashioning relief to remedy defendants' fraudulent conduct. [Civil Code section 3439.07, subdivision (a)(3)(C); see Filip v. Bucurenciu (2005) 129 Cal.App.4th 825, 839 (Section 3439.07, subdivision (a)(3)(C), empowers the court to award "[a]ny other relief the circumstances may require.")]

## IV. CONCLUSION

Plaintiff has met the burden of proof with regard to each of the elements necessary to sustain a cause of action for conspiracy to commit fraudulent conveyances in this case.

The real property referred herein is commonly known as 949-953 LOMBARD STREET, SAN FRANCISCO, CA 94133 (referred to herein as the "Lombard Street Property"), and is legally described as: Lot 48, as shown on the map entitled, "Parcel Map, Being a Resubdivision of Lot 20, Assessor's Block No. 72, San Francisco, California", filed on April 12, 1991 in Book 40 of Parcel Maps, at Page 125, in the office of the Recorder of the City and County of San Francisco, State of California.   Assessor Parcel Number: Lot 048, Block 0072.

Accordingly, the Court hereby ORDERS, ADJUDGES, AND DECREES as follows:

a)    The following Deeds of Trust recorded against the Lombard Street Property in the records of the Office of the Assessor-Recorder, City and County of San Francisco, California, are fraudulent, void, and hereby set aside:  Doc-2008-I675918 dated November 5, 2008; Doc-2015-K098409 dated July 28, 2015; Doc-2015-K126506 dated August 31, 2015; Doc-2015-K126507 dated August 31, 2015; and Doc-2015-K130045 dated September 9, 2015.

b)    The following Memorandums of Lease recorded against the Lombard Street Property in the records of the Office of the Assessor-Recorder, City and County of San Francisco, California, are fraudulent, void, and hereby set aside:  Doc-2009-I736335 dated March 20, 2009; Doc-2009-I753923 dated April 20, 2009; and Doc-2016-K199309 dated February 9, 2016.

– 11

c)      The transfers of MARTIN LEE ENG's membership in LOMBARD FLATS LLC to defendants KEARNY WASHINGTON LLC,  HONG KONG GROUPS OF COMPANIES LLC, and CHIEF ASIAN LLC were fraudulent, void, not received in good faith and not in exchange for reasonably equivalent value; and are hereby set aside.

d)      Default judgment is hereby entered against defendants JEMS INVESTMENTS LLC, HONG KONG CHINA GROUPS OF COMPANIES LLC, EVER LASTING LIFE, GREEN CONSTRUCTION, NING HO MONTGOMERY ART GALLERY, ONE STOP DELIVERY INC., UNIVERSAL PHOTOS, WHITE SNOW CORP, PIONEER 74 LOTS LLC, and SHANNA LIU a.k.a. SHAWNA LIU a.k.a. SHAWNA ENG HARDESTY.

e)      The operative SAC sought judgment against defendants as co-conspirators, jointly and severally, in the sum of $1,507,302.92 as of July 8, 2015 with damages accruing at the legal rate of ten percent per annum.  Judgment is hereby entered, joint and severally, against the defendants LOMBARD FLATS LLC, KEARNY WASHINGTON LLC, CHIEF ASIAN LLC, SAU P. ENG,  JOANNE ENG and defaulted defendants JEMS INVESTMENTS LLC, HONG KONG CHINA GROUPS OF COMPANIES LLC, EVER LASTING LIFE, GREEN CONSTRUCTION, NING HO MONTGOMERY ART GALLERY, ONE STOP DELIVERY INC., UNIVERSAL PHOTOS, WHITE SNOW CORP, PIONEER 74 LOTS LLC, and SHANNA LIU a.k.a. SHAWNA LIU a.k.a. SHAWNA ENG HARDESTY in the amount of $1,507,302.92 as of July 8, 2015 with interest accruing at the legal rate of ten percent per annum for $946,090.68 accrured interest as of October 15, 2021 for a total judgment of $2,453,393.60.

f)      Plaintiff is the prevailing party.  Plaintiff is entitled to attorney fees and costs against MARTIN LEE ENG and the non-defaulted defendants LOMBARD FLATS LLC, KEARNY WASHINGTON LLC, CHIEF ASIAN LLC, SAU P. ENG and JOANNE ENG.

g)      Plaintiff may seize, execute on, or foreclose on any assets owned by any defendant provided that recovery against any defendant shall not exceed the money judgment amount entered against that specific defendant, and further provided that Plaintiff's aggregate recovery

shall not exceed the judgment in the Underlying Case No. CGC14-542378 exclusive of the attorney fees and costs awarded by this Court in this action.

h)     MARTIN LEE ENG is hereby DECLARED the sole member of LOMBARD FLATS LLC on July 19, 2015, the date of the charging order lien in the underlying action.

i)     Plaintiff is hereby DECLARED the owner of all transferable economic interest in LOMBARD FLATS LLC since the foreclosure on the charging order lien in the underlying action on June 28, 2018.

j)     The Court hereby orders that Plaintiff or person(s) designated by Plaintiff shall be the manager of LOMBARD FLATS LLC, replacing defendant MARTIN LEE ENG and/or any other person as the current manager. The Court finds that this is necessary to prevent fraud and mismanagment of the Lombard Street Property by Defendants. Plaintiff shall have the following powers as the manager of LOMBARD FLATS LLC (herein referred to as the "Company"):

> The manager shall have full and exclusive right, power, and authority to manage the affairs of the Company and to bind the Company to contracts and obligations, to make all decisions with respect thereto, and to do or cause to be done any and all acts or things deemed to be necessary, appropriate, or desirable to carry out or further the business of the Company. The Manager shall manage and administer the day-to-day operations and business of the Company and shall execute any and all reports, forms, instruments, documents, papers, writings, agreements, and contracts, including but not limited to deeds, bills of sale, assignments, leases, promissory notes, mortgages, and security agreements and any other type or form of document by which property or property rights of the Company are transferred or encumbered, or by which debts and obligations of the Company are created, incurred, or evidenced.

k)     The Court hereby orders that any Defendant occupying any unit in the Lombard Street Property after entry of judgment herein, shall pay $6,900 per month for each unit occupied, namely, Unit no. 949, 951, or 953 Lombard Street, San Francisco, California. The Court finds that this is necessary to prevent continuing fraud by any Defendant occupying the Lombard Street Property. The Court finds that $6,900 is the fair market rent based on evidence produced at trial.

– 13

l)      The Court hereby ENJOINS all Defendants from doing the following in relation to the Lombard Street Property: (1) committing or permitting any waste on the property; (2) committing or permitting any act in violation of law; (3) removing, encumbering, wasting, or otherwise disposing of any of the fixtures on the property; (2) selling, transferring, disposing, encumbering, concealing, or otherwise transferring the property without a prior court order; and (3) doing any act that will impair the preservation of the property or Plaintiff's interest in the property.