_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 20, 2024

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: 19-12981-MKN |
| | Chapter 13 |
| JOANNE W. ENG | |
| dba LOMBARD FLATS, LLC | |
| dba KEARNY WASHINGTON, LLC | Date: March 20, 2024 |
| dba HONG KONG, CHINA GROUP, LLC | Time: 2:30 p.m. |
| Debtor. | |

**ORDER ON MOTION FOR CLARIFICATION OF ORDER**[1]

On March 20, 2024, a "Motion for Clarification of Order" was heard by the court pursuant to an order shortening time entered on March 15, 2024. (ECF Nos. 124 and 128). The appearances of counsel were noted on the record.

The subject Motion was brought on behalf of an entity identified as Lombard Flats, LLC ("LF"). The Motion seeks "clarification" of an "Order Granting Motion for Relief from the Automatic Stay" entered on October 23, 2023 ("RAS Order"). (ECF No. 120). The RAS Order was entered on behalf of an entity identified as Legal Recovery, LLC ("LR"), and addresses certain real property located at 949-953 Lombard St., San Francisco, California ("SF Property"). That property is not property of the estate in this Chapter 13 proceeding, nor has the above-captioned Debtor ever scheduled the SF Property as property of the estate. The RAS Order is the only order entered by this bankruptcy court that is the subject of the instant Motion.

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned Chapter 13 proceeding as they appear on the docket maintained by the clerk of the court. All references to "Section" or "§§ 101-1532" are to the provisions of the Bankruptcy Code.

1

The instant Motion was brought on an emergency basis because LR recently commenced a separate Chapter 11 bankruptcy proceeding in the Northern District of California, denominated Case No. 24-30074-DM.  In related Adversary Proceeding No. 24-03009-DM, styled as <u>Martin Lee Eng, Plaintiff, v. Legal Recovery LLC, Defendant</u>, the assigned bankruptcy judge entered a temporary restraining order and order to show cause re preliminary injunction.  A continued hearing is scheduled before that bankruptcy court on March 22, 2024, at 10:00 a.m.  According to counsel for adversary Plaintiff Eng, <u>see</u> Declaration of Phyllis Voisenat (attached to the Motion), the bankruptcy court apparently suggested that clarification of the RAS Order would be useful to resolve matters at the continued hearing.

The Motion before this Nevada bankruptcy court is not brought by adversary Plaintiff Eng, nor by adversary Defendant LR, nor by the Debtor in this Chapter 13 proceeding.  Nor does it appear that the moving party, LF, is a party to the adversary proceeding in the Northern District of California.  A response to the instant Motion, however, was filed on behalf of LR by the same law firm that obtained the RAS Order ("Response").  (ECF No. 129).  In that response, this Nevada bankruptcy court is informed for the first time that LF also commenced a separate bankruptcy proceeding denominated Case No. 24-30047.  <u>See</u> Response at 2:12-20.  There is no supporting declaration or affidavit accompanying the Response, nor is there any representation where that separate case is pending,[2] whether it also is a Chapter 11 matter, or if the case is assigned to the same bankruptcy judge.  There is no indication whether counsel who filed the response is actually authorized to act on behalf of the LR bankruptcy estate.[3]  Moreover, there is no information provided as to whether either proceeding was commenced under Subchapter V of Chapter 11 or whether there are Subchapter V trustees who have notice of the actions being taken by counsel in Nevada.

---

[2] The court will assume that the LF bankruptcy proceeding also was commenced in the Northern District of California, where the SF Property is located.

[3] There also is no representation in the Motion itself that counsel who filed the motion is authorized to represent the LF bankruptcy estate.

2

The instant Motion also does not cite any legal authority for the request. The RAS Order was appealable, see <u>Ritzen Group, Inc. v. Jackson Masonry</u>, 140 S.Ct. 582, 592 (2020), but no appeal was ever taken. LF previously sought relief pursuant to FRBP 9024 and FRCP 60(b) from a similar order, <u>see</u> Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 60(B) (ECF No. 111), but never prosecuted the request. In other words, LF knows the procedure to pursue the suggestion apparently made by the California bankruptcy court, but for some reason, did not follow that procedure.

More important, the subject RAS Order was entered solely on the Motion for Relief from the Automatic Stay ("RAS Motion") filed by LR on September 13, 2023. (ECF No. 116). Even a cursory review of that document reveals that relief from the automatic stay was sought only under Section 362(d)(1) and Section 362(d)(2), <u>see</u> RAS Motion at 1:23-24 and 5:6-8, and not under Section 362(d)(4). The prayer of the document reflects that LR requested only "that the Order granting termination of the automatic stay be considered 'in rem' in nature, and that the Debtor is prohibited for a period of 180-days from refiling a bankruptcy case that would prevent the movant from exercising its rights against the Property." RAS Motion at 5:13-17. Consistent with the prayer of the motion that actually was before this Nevada bankruptcy court, the resulting RAS Order simply provides that "the termination of the automatic stay is to be considered 'in rem' in nature, and that the Debtor is prohibited for a period of 180-days from refiling a bankruptcy case that would prevent the movant from exercising its rights against the Property." Nothing in the language of the RAS Order provides that relief under Section 362(d)(4) was granted, nor could such relief have been granted on the record presented.

Because the instant Motion is unsupported by law, fact, or even the language of the subject RAS Order, cause for clarification does not exist.

**IT IS THEREFORE ORDERED** that the Motion for Clarification of Order brought by Lombard Flats, LLC, Docket No. 124, be, and the same hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that a copy of this Order be transmitted to the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California, for docketing in Case No. 24-30074 and Case No. 24-30047.

3

1
2  Copies sent via CM/ECF ELECTRONIC FILING
3  Copies sent via BNC to:
   JOANNE W. ENG
4  9727 RIDGEBLUFF AVE.
   LAS VEGAS, NV 89148
5
6                                          # # #
7
8
... (lines 9–28)