Bryant Fu and Crystal Lei
337 28th Avenue
San Francisco, CA 94121

Tony Fu
5813 Geary Blvd.
San Francisco, CA 94121

Creditors in Pro Se

FILED

MAY 03 2024

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No.: 24-30074 |
| Legal Recovery, LLC | Chapter 11 |
| Debtor. | Adversary No.: |
| | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** [11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(6); and 11 U.S.C. 1141(d)(3)(C)] |
| BRYANT FU, TONY FU, and CRYSTAL LEI, | |
| Plaintiffs, | |
| vs. | |
| LEGAL RECOVERY, LLC, | |
| Defendant. | |

Plaintiffs BRYANT FU ("Bryant Fu"), TONY FU ("Tony Fu") and CRYSTAL LEI ("Lei")(collectively referred to as the "Plaintiffs") respectfully represent and allege as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with the chapter 11 case of the debtor LEGAL RECOVERY, LLC (the "Debtor" or "Defendant") commenced under Title 11 of the United States Code (the "Bankruptcy Code") now pending before this Court, bearing Case No. 24-30074 (the "Bankruptcy Case"). The statutory predicate for the relief requested by Plaintiffs is 11 U.S.C. §§

1

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. 1141(d)(3)(C)]

Case: 24-30074   Doc# 49   Filed: 05/03/24   Entered: 05/03/24 16:28:48   Page 1 of 6

523(a)(2)(A) and (a)(6) and 1141(d)(3)(C). Plaintiffs consent to entry of a final order or judgment by the Bankruptcy Court on their 11 U.S.C. §§ 523(a)(2)(A) and 11 U.S.C. § 523(a)(6) and 1141(d)(3)(C) claims for relief.

## PARTIES

2.     Plaintiffs are, and at all relevant times were, individuals residing in the State of California, and over the age of 18 years old. Plaintiffs are creditors of Defendant. Plaintiffs assert general unsecured claims against the bankruptcy estate of Defendant.

3.     Plaintiffs are informed and believe, and on that basis allege, that Defendant commenced his Bankruptcy Case on February 6, 2024 (the "Petition Date") by filing a voluntary petition under chapter 11 of the Bankruptcy Code, and further are informed and believe, and on that basis allege, Defendant operates in the State of California and in this District.

## GENERAL ALLEGATIONS

4.     Plaintiffs are informed and believe, and on that basis allege, that Demas Yan a/k/a Dennis Yan ("Yan") is a vexatious litigant and disbarred attorney, and sought to make himself judgment proof while maliciously harassing Plaintiffs and pursing bad faith litigation against them with impunity.

5.     As a result of Yan's malicious and vexatious conduct over the years, Plaintiffs have obtained various awards, judgments, sanctions orders and attorneys' fees orders against Yan. However, Plaintiffs' efforts to collect the money owed to them by Yan has been thwarted by the shell game that Yan and his family and shell companies, including Defendant, have been playing with Yan's assets. Plaintiffs are owed amounts on debts exceeding $1,000,000 by numerous judgments and sanctions as of the Petition Date from Yan.

6.     Plaintiffs allege that:

(a)     Yan and his family members engaged in a long-lasting scheme to fraudulently transfer the real property commonly known as 547 23rd Avenue, San Francisco, California (the "San Francisco Property") between themselves in order to avoid Yan's existing and future creditors.

(b)     The first such transfer took place in April 2004, not long before Yan filed

2

for bankruptcy; and, in 2006, the bankruptcy trustee of Yan's bankruptcy case filed an adversary proceeding seeking to recover the San Francisco Property from Yan's parents, and in October 2006, Yan's parents quitclaimed the San Francisco Property back to Yan. This timing corresponded with the start of Yan's campaign of frivolous litigation to harass Plaintiffs.

(c)     In or around December 2007, Yan again transferred his ownership of the San Francisco Property to 547 23rd Avenue, LLC, a company which Yan solely owned and formed in October 2007 with the sole function of which was to own the San Francisco Property. The transfer took place shortly after a bankruptcy ruling in Yan's then bankruptcy case directed Yan to pay a creditor.

(d)     In or about July 2012, Yan transferred his membership interest in 547 23rd Avenue, LLC to his mother Tina Yan and Yan's brothers-in-law Kaman Liu and Thai Ming Chiu (Tina Yan, Kaman Liu and Thai Ming Chiu are collectively referred to as the "Transferees"). Tina Yan received a 68.43 percent ownership interest in the LLC, Thai Ming Chiu received 25.83 percent, and Kaman Liu received 5.74 percent.

(e)     In or about November 2013, the San Francisco Property was again transferred to another entity, 547 Investments, LLC, formed by Yan but which was also owned by Transferees with the same interests as the previous entity.

(f)     The San Francisco Property was fraudulently transferred to 547 23rd Avenue, LLC and then to 547 Investments, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, were received without good faith, and were not in exchange for reasonably equivalent value. The ownership interest in 547 23rd Avenue, LLC was similarly transferred to Transferees with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, was received without good faith, and was not in exchange for reasonably equivalent value. The ownership interest in 547 Investments, LLC was also held by Transferees with the intent to hinder, delay, and defraud Yan's existing and future creditors including among them Plaintiffs.

(g)     Transferees were aware of and agreed with Yan to engage in the transfers and acted in concert and conspired with Yan regarding the transfers of the San Francisco Property

Case: 24-30074   Doc# 49   Filed: 03/03/24   Entered: 03/03/24 16:18:46   Page 3 of 6

and ownership of 547 23rd Avenue, LLC and 547 Investments, LLC with the intent to hinder,
delay and defraud Yan's existing and future creditors including among them Plaintiffs. The
various transfers of the San Francisco Property away from Yan were adjudged fraudulent transfers
violating the California Uniform Voidable Transactions Act ("UVTA") and set aside. However,
before that judgment could become final Yan fraudulently transferred it again on January 11, 2019
to keep it out of reach.

(h) The San Francisco Property valued at over $3,200,000 has generated over
$1,000,000 in rental income that Yan since the start of his fraudulent transfer scheme. Of the
revenue generated, a substantial amount exceeding $100,000 was hidden and transferred through
the aid and assistance of Defendant as the alter ego of Yan and Tina Yan. Defendant enabled Yan
and Tina Yan to purchase other real estate, including the real property located at 1052 Noble Lane
in San Jose, California (the "San Jose Property") in around August 2020 and fraudulently
transferred away in around July 2022 to evade Plaintiffs' collection efforts. Defendant maintains
an interest for the Yans in the San Jose Property.

7. On September 26, 2014, Bryant Fu and Lei filed an action in the San Francisco
County Superior Court (Case No. CGC-14-565831) (the "2014 State Court Action") against Yan
for malicious prosecution of his actions initiated in 2010 and 2012 and related transferees for
fraudulent transfer with respect to the San Francisco Property. The state court awarded judgment
in Bryant Fu and Lei's favor on their malicious prosecution claim in August 2019, and (ultimately,
after a remand on appeal from the Court of Appeal) on their fraudulent transfer claims (including
against Tina Yan) in the 2014 State Court Action. Also, Bryant Fu and Lei have obtained multiple
sanctions awards against Yan.

8. On December 23, 2015, Tony Fu filed an action in the San Francisco Superior
Court (Case No. CGC-15-549575) (the "2015 State Court Action") against Yan for malicious
prosecution of his actions initiated in 2010 and 2012 . The state court awarded judgment in Tony
Fu's favor in April 2021. Also, Tony Fu has obtained sanctions awards against Yan.

///

///

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. 1141(d)(3)(C)]

# FIRST CLAIM FOR RELIEF

## [For Determination of Dischargeability of Debt Under

## 11 U.S.C. §§ 523(a)(2)(A) and 1141(d)(3)(C) – Actual Fraud]

9.    Plaintiffs repeat, replead and reallege paragraphs 1 through 9 and incorporate them by this reference as though set forth in full herein.

10.    Plaintiffs have a right to payment from Yan as alleged in paragraph 5 above.

11.    Plaintiffs were harmed as a result of the transfers enabled and conducted by Defendant.

12.    The conduct of the Yans including Defendant was a substantial factor in causing Plaintiffs harm as a result of the transfers.

13.    Plaintiffs were damaged and demand judgment against Defendant in the amounts alleged in Paragraph 5, above, or in an amount to be determined at trial, plus interest and attorneys' fees and costs, and that the debt owed by Defendant to Plaintiffs be deemed non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1141(d)(3)(C).

# SECOND CLAIM FOR RELIEF

## [For Determination of Dischargeability of Debt Under

## 11 U.S.C. § 523(a)(6) – Willful and Malicious Injury]

14.    Plaintiffs repeat, replead and reallege paragraphs 1 through 15 and incorporate them by this reference as though set forth in full herein.

15.    Plaintiffs have a right to payment from Yan as alleged in paragraph 5 above.

16.    The conduct of the Yans and Defendant was a substantial factor in causing Plaintiffs harm as a result of the transfers.

17.    Plaintiffs were damaged and demand judgment against Defendant in the amounts alleged in Paragraph 5, above, or in an amount to be determined at trial, plus interest and attorneys' fees and costs, and that the debt owed by Defendant to Plaintiffs be deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

///

///

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. 1141(d)(3)(C)]

# THIRD CLAIM FOR RELIEF

## [For Determination of Dischargeability of Debt Under

## 11 U.S.C. §§ 523(a)(2)(A) and 1141(d)(3)(C) and 11 U.S.C. § 523(a)(6) – Conspiracy to

## Defraud]

18.    Plaintiffs repeat, replead and reallege paragraphs 1 through 20 and incorporate them by this reference as though set forth in full herein.

19.    Plaintiffs have a right to payment from Yan as alleged in paragraph 5 above.

20.    The conduct of Yan and Defendant was a substantial factor in causing Plaintiffs harm as a result of the transfers.

21.    Because Defendant entered into a conspiracy with Yan to damage Plaintiffs and their rights and property interests, and Plaintiffs were so harmed and injured, Plaintiffs demand judgment against Defendant in the amounts alleged in Paragraph 5, above, or in an amount to be determined at trial, plus interest and attorneys' fees and costs, and that the debt owed by Defendant to Plaintiffs be deemed non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 11 U.S.C. §§ 523(a)(6) and 11 U.S.C. §§ 1141(d)(3)(C) .

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, as follows:

1.    That Plaintiffs have judgment against Defendant in the amounts alleged herein, or to be determined at trial, plus interest from the date of judgment at the legal rate until paid;

2.    Awarding Plaintiffs attorneys' fees and costs of suit incurred herein;

3.    That the debts owed by Defendant to Plaintiffs is excepted from discharge or deemed non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1141(d)(3)(C) and 11 U.S.C. § 523(a)(6);

4.    For damages and other relief according to proof; and,

5.    For such other and further relief as this Court deems just and proper.

Dated: May 3, 2024

Bryant Fu
Plaintiff in Pro Se

Tony Fu
Plaintiff in Pro Se

Crystal Lei
Plaintiff in Pro Se

6