Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| IN RE: | Case No.: 24-30074 DM |
| --- | --- |
| LEGAL RECOVERY, LLC | Chapter 11 |
| Debtor. | PLAN OF REORGANIZATION |

I. INTRODUCTION

This Plan of Reorganization provides for the restructuring of the debts of LEGAL RECOVERY LLC ("Debtor" or "LR")(the "Plan Document" and as may be amended from time to time, the "Plan")[1]. This Plan, for a small business debtor under Subchapter V, 11 U.S.C. § 1190, requires that it include (A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization. If confirmed by the court, this Plan will bind all creditors provided for in the Plan, whether or not they filed a proof of claim or accept the Plan, and whether or not their claims are allowed. All creditors should refer to the Plan for information regarding the precise treatment of their claims.

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS, AFFAIRS, THE VALUE OF ITS PROPERTY OR ITS LIABILITIES ON CREDITORS' CLAIMS, ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS PLAN DOCUMENT. THE INFORMATION CONTAINED IN THIS PLAN DOCUMENT HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT.

---

1  Debtor is in talks with secured creditors and will amend plan as necessary.

- 1

HOWEVER, EVERY REASONABLE EFFORT HAS BEEN MADE TO PRESENT ACCURATE FIGURES AND ESTIMATES. THE RECORDS KEPT BY THE DEBTOR ARE NOT WARRANTED OR REPRESENTED TO BE WITHOUT ANY INACCURACY. THE DEBTOR'S COUNSEL MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER IN CONNECTION HEREWITH.

A. Description and History of the Debtor's Business

The Debtor, Legal Recovery LLC (LR), is a California limited liability company established on December 19, 2013 to collect on promissory notes owed by Martin Lee Eng (Eng). LR obtained a judgment of $1,507,302.92 on 2015-07-08 in San Francisco Superior Court Case no. CGC-14-542378 (Legal Recovery, LLC vs. Martin Lee Eng, filed 2014-10-27). To enforce said judgment, LR filed a fraudulent conveyance action and obtained a judgment on October 7, 2021 against Lombard Flats LLC and other defendants in San Francisco Superior Court Case no. CGC 15-548357 (Legal Recovery, LLC vs. Martin Lee Eng et al., filed October 8, 2015). Lombard Flats LLC (LF) was the owner of 949-953 Lombard Street, San Francisco, California 94133 (the "Lombard Street Property"). A writ of execution and levy was recorded against the Lombard Street Property and a Sheriff's Sale was conducted on 2024-01-30 with LR as the winning bidder. The Sheriff's Deed, conveying the Lombard Street Property to LR, was recorded on 2024-02-05 as San Francisco Recorder Doc # 2024012830. [On 2024-01-29, LF filed petition under Chapter 11 in this court, Case No.: 24-30047. On 2024-04-18, LR filed a motion to annul automatic stay with hearing set for 2024-05-10. This plan is based on the assumption that said motion will be granted.] The Lombard Street property is a three unit residential property. Eng and his mother Sau Eng resides in one or more of the units. Debtor has filed a pending unlawful detainer action on 2024-02-09, SF Case no. CUD-24-674202, to evict the unauthorized persons residing at the Lombard Street Property.

- 2

B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. Under this Plan, all creditors, secured and unsecured, are expected to receive at least as much as such claim and equity interest holders would receive in a chapter 7 liquidation.

Assets of Debtor:

| Description | Liquidation Value | Notes: |
|---|---|---|
| 949-953 Lombard Street, San Francisco, California 94133 | $2,785,000 | Value based on Secured Creditor VRMTG Asset Trust's BPO valuing the Property at $2,785,000 as of 9/27/2023 [Case no. 24-30047, Doc# 75-1 at Ex. 19.] |
| Debtor-In-Possession account, East West Bank | $0 | Estimated balance on effective date of plan |
| Judgment, SF Supr. Crt. Case no. CGC 15-548357 (Legal Recovery, LLC vs. Martin Lee Eng et al.) | $0 | Unsatisfied judgment balance of $121,409. The defendants have no known assets other than the Lombard Street Property which had been acquired by Debtor. |
| Ownership of 100% economic interests in Lombard Flats LLC | $0 | Unknown if Lombard Flats LLC has any other asset after the Sheriff's Sale of the Lombard Street property. |
| Cause of Action, SF Supr. Crt. Case no. CGC-22-603067 (Legal Recovery LLC v. Joanne Eng, et al.) | $0 | Case of action based on conspiracy on fraudulent conveyance. Estimated damages $121,409. Trial set for July 22, 2024. The remaining defendants are Joanne Eng and New Owners Group LLC - both are considered judgment proof. Joanne Eng has a pending motion for violation of stay against debtor in IN RE. JOANNE W ENG, Bankr. Crt Nevada No. 19-12981. Prior to debtor's petition, on or about January 23, 2024, debtor and Joanne Eng have reached settlement to dismiss respective claims with prejudice but was not reduced to writing before debtor's petition. |

SECURED CREDITORS might expect to receive the following in chapter 7 liquidation on the Effective Date of the Plan:

| Creditor | Description of Collateral | Claim | Secured Claim §506(a) | Unsecured Claim | Amount expected to receive in chapter 7 liquidation | Minimum amount provided in the Plan to Creditor |
|---|---|---|---|---|---|---|
| VRMTG ASSET TRUST | 949-953 Lombard St, San Francisco, CA (1st position lien) | 3,512,644 | 2,785,000 | 727,644 | 2,785,000 | 2,785,000 |
| Shirley Chao | 949-953 Lombard St, San Francisco, CA (2nd position lien) | 70,000 (estimated) | 0 | 70,000 | 0 | 0 |

UNSECURED PRIORITY CREDITORS might expect to receive the following in chapter 7 liquidation on the Effective Date of the Plan:

| Creditor | Amount of Claim | Description of Claim | Disputed? | Amount expected to receive in chapter 7 liquidation | Minimum amount provided in the Plan |
|---|---|---|---|---|---|
| Franchise Tax Board | 1,612.82 | Claim 2-2 Filed 04/11/24 [Unsecured Priority Claim: $1,612.82; Unsecured General Claim: $52.00] | No | 0 | 1,612.82 |

//

UNSECURED NON-PRIORITY CREDITORS might expect to receive the following in chapter 7 liquidation on the Effective Date of the Plan:

| Name of Creditor | Amount of Claim | Description of Claim | Disputed? | Amount expected to receive in chapter 7 liquidation | Minimum amount provided in the Plan |
|---|---|---|---|---|---|
| Internal Revenue Service | 9,060.00 | Claim 1-4 Filed 03/27/24 | No | 0 | 0 |
| Franchise Tax Board | 52.00 | Claim 2-2 Filed 04/11/24 [Unsecured Priority Claim: $1,612.82; Unsecured General Claim: $52.00] | No | 0 | 0 |
| Joanne Eng | unknown | Bankr. Crt Nevada Case No. 19-12981. Claim for Damages re. alleged violation of automatic stay. | yes | 0 | 0 |
| All other unsecured creditors who has not file a proof of claim | unknown | | | 0 | 0 |
| All other unknown unsecured creditors | unknown | | | 0 | 0 |

c. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The Plan Proponent has provided projected financial information as Exhibit A. The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d)

of the Bankruptcy Code) for the period described in § 1191(c)(2) of $2,286. The final Plan payment is expected to be paid the end of third year of effective date of plan

## II. PLAN OF REORGANIZATION

This Plan of Reorganization proposes to pay creditors from projected future income of Debtor. Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $0.00 cents on the dollar. This Plan also provides for the payment of administrative and priority claims. All creditors should refer to this Plan for information regarding the precise treatment of their claim. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

## PART 1: SECURED CREDITORS

The Debtor's real property located at 949-953 Lombard Street, San Francisco, Califomia (the "Lombard Street Property") shall be valued under Bankruptcy Code §506(a). The Debtor asserts that the fair market value of the Property is $2,785,000 based on Secured Creditor VRMTG Asset Trust's BPO valuing the Property at $2,785,000 as of 9/27/2023 [Case no. 24-30047, Doc# 75-1 at Ex. 19].

As of the filing date of this Chapter 11 case on Feb. 6, 2024, the following liens senior in position to debtor's judgment lien are recorded against the Property. Creditors in this class may not possess or dispose of their collateral so long as Debtor is not in Material Default in performing its obligations under the Plan. This class is impaired.

//

Class 1.  VRMTG Asset Trust

Debtor will pay monthly payments of interest only upon the entire claim with the balance due in full three years from the Effective Date of the Plan. Payments will be due the 15th day of the month, starting the first full month after the Effective Date of the Plan.

| Name of Creditor | Value & Description of Collateral | Secured Claim §506(a) | Unsecured Claim | Interest Rate on Secured Claim | Term | Monthly Payment |
|---|---|---|---|---|---|---|
| VRMTG Asset Trust | 949-953 Lombard St, San Francisco, CA | $2,785,000 | $727,644 | 1% for 3 years; interest only | Balance due 3 years: $2,785,000 | Years 1-3: $2320.84 |

Class 1A.  Shirley Chao

| Name of Creditor | Value & Description of Collateral | Secured Claim §506(a) | Unsecured Claim | Interest Rate on Secured Claim | Term | Monthly Payment |
|---|---|---|---|---|---|---|
| Shirley Chao | 949-953 Lombard St, San Francisco, CA | $0.00 | $70,000 | n/a | n/a | $0 |

PART 2: GENERAL UNSECURED CREDITORS

Class 2.  Unsecured Creditors. Creditor claims in this class are unsecured (1) as a result of bifurcation under Bankruptcy Code §506(a); and (2) because the creditor did not have any collateral to secure its claim in the first instance. These creditors shall be paid, in quarterly payments, their pro-rata share of the Debtor's Monthly Net Cash Flow as defined on Exhibit A attached hereto for 3 years from the Effective Date of the Plan. Payments will be due the 15th day of the month following the end of the calendar quarter starting the first full month after the Effective Date of the Plan.  Creditors in this class may not take any collection action against

Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. This class is impaired.

REGARDING EXHIBIT A: CLASS 2 CREDITORS SHOULD NOTE THAT THIS EXHIBIT CONTAINS PROJECTIONS ONLY. THE DEBTOR DOES NOT AND CANNOT GUARANTEE THAT THE RESULTS SET FORTH ON THIS EXHIBIT WILL ACTUALLY BE ACHIEVED. THE PROJECTIONS ON EXHIBIT ARE THE DEBTOR'S BEST ESTIMATES AT THIS TIME GIVEN THE CURRENT RENTAL MARKET AND THE DEBTOR'S PROJECTED OPERATING EXPENSES. CLASS 2 CREDITORS WILL BE PAID ACCORDING TO THE PLAN REGARDLESS OF THE ACTUAL RESULTS THE DEBTOR EXPERIENCES OVER THE 3 YEARS FROM THE EFFECTIVE DATE WHETHER OR NOT SUCH RESULTS CONFORM TO EXHIBIT A.

| Name of Creditor | Amount of Claim per §506(a) | Disputed? | Pro-rata Share/ Share if objections to disputed claims sustained | Lien Status |
|---|---|---|---|---|
| VRMTG ASSET TRUST | 727,644 | no | 0 | Unsecured portion of secured claim |
| Shirley Chao | 70,000 | Yes [the actual amount of lien is uncertain] | 0 | Unsecured portion of secured claim |
| Internal Revenue Service | 9,060 | no | 0 | Wholly unsecured |
| Franchise Tax Board | 52 | no | 0 | Wholly unsecured |
| Joanne Eng | unknown | yes | 0 | Wholly unsecured |
| All other unsecured creditors who has not file a proof of claim | unknown | yes | 0 | Wholly unsecured |
| All other unknown unsecured creditors | unknown | yes | 0 | Wholly unsecured |

Class 2A. Interest of Debtor's Member. The Debtor's member shall retain its interest with legal and equitable rights unaltered by the Plan. This class is not impaired.

PART 3: ADMINISTRATIVE EXPENSE CLAIMS,

PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

(a) Administrative expense claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

| Name of Creditor (Other Than Ordinary Course) | Estimated Amount of Claim |
|---|---|
| Gina Klump - Subchapter V Trustee | TBD |

(b) Priority Tax Claims. Debtor will pay allowed claims entitled to priority under section 507(a)(8).

| Name of Creditor | Amount of Claim | Proof of Claim | Monthly Payment |
|---|---|---|---|
| Franchise Tax Board | 1,612.82 | Claim 2-2 Filed 04/11/24 [Unsecured Priority Claim: $1,612.82; Unsecured General Claim: $52.00] | Years 1-3: $45 |

(c) Statutory fees All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

(d) Prospective quarterly fees.  All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

//

## PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a) Executory Contracts/Leases Assumed. The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan and shall perform all obligations thereunder, both pre-confirmation and post-confirmation. Any pre-confirmation arrearage will be paid on the Effective Date, unless the parties agree otherwise, or the court finds that a proposed payment schedule provides adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

| Name of Lessor/Counterparty | Property Address or Description | Lease/Contract Arrears as of Effective Date |
|---|---|---|
| NONE | | |

(b) Executory Contracts/Leases Rejected. The Debtor rejects the following executory contracts and/or unexpired leases and surrenders an interest in property securing these executory contracts and/or unexpired leases. The Debtor waives the protection of the automatic stay and allows the affected creditor to obtain possession and dispose of its collateral, without further order of the court. Upon the date of the entry of the order confirming this Plan, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in paragraph (a) above. A proof of claim arising from the rejection of an executory contact or unexpired lease must be filed not later than sixty (60) days after the date of the order confirming this Plan. Claims arising from rejection of executory contracts shall be included in Class 2 (general unsecured claims).

| Name of Lessor/Counterparty | Property Address or Description | Lease/Contract Arrears as of Effective Date |
|---|---|---|
| NONE | | |

## PART 5: DISPUTED CLAIMS

(a) Disputed claim. A disputed claim is a claim that has not been allowed or disallowed by a final nonappealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

(b) Delay of distribution on a disputed claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

(c) Settlement of disputed claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## PART 6: LAWSUITS RESERVED

(a) Debtor retains, and may seek to enforce, the following claims against parties who are or were creditors of the bankruptcy estate, or officers, agents, and other parties related to creditors of the estate.

| Party | Nature of Action |
|---|---|
| Joanne Eng | Cause of Action, SF Supr. Crt. Case no. CGC-22-603067 (Legal Recovery LLC v. Joanne Eng, et al.) |

(b) Debtor retains, and may seek to enforce, all claims against parties other than creditors of the estate, or officers, agents, or other parties related to creditors of the estate.

## PART 7: MEANS OF EXECUTION

The payments under the Plan shall be made from the rents paid to the Debtor from tenants of the Lombard Street Property after payment of ordinary and necessary expenses related to its operation and a reserve for vacancy, repairs and capital improvements.

//

# PART 8: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a) Discharge.   If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

(b) Vesting of Property. On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan.

(c) Plan Creates New Obligations.

Except as provided in Part 9, paragraph (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for

breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

PART 9: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

(a) Automatic Stay Terminated: The automatic stay of section 362(a) of the Bankruptcy Code terminates as of the Effective Date of the Plan.

(b) Creditor Action Restrained. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, notwithstanding paragraph (a) above, a creditor may not take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in Material Default under the Plan.

(c) Material Default Defined. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 10 calendar days after the time specified in the Plan for such payment or other performance, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 20 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the court an extension of time to cure the default, or a determination that no default occurred, then Debtor is in Material Default under the Plan.

(d) Remedies Up on Material Default.
Upon Material Default, an affected creditor may:
(i) Take any actions permitted under applicable non-Bankruptcy law to enforce the obligation due the affected creditor under the Plan, and may accelerate the time for performance of all payments and other performance due to the creditor over the course of the Plan and not yet performed at the time of the Material Default; or
(ii) File and serve a motion to convert the case to one under Chapter 7.

(e) Claim not Affected by Plan.

Upon confirmation of the Plan, any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) Effect of Conversion to Chapter 7.

If the case is at any time converted to one under Chapter 7:

(i) All property of the Debtor as of the date of conversion, whether acquired pre-confirmation or post-confirmation, shall vest in the Chapter 7 bankruptcy estate; and

(ii) All creditors, whether their claims arose pre-confirmation or post-confirmation, are prohibited from taking action against the Chapter 7 bankruptcy estate or property of the estate by section 362 of the Bankruptcy Code.

(g) Retention of jurisdiction.

This court shall retain jurisdiction over proceedings:

(i) to determine whether Debtor has defaulted in performance of any Plan obligation;

(ii) to determine whether the time for performing any Plan obligation should be extended;

(iii) to determine whether the case should be converted to one under Chapter 7 (and proceedings following any such conversion);

(iv) to determine whether Debtor is in Material Default; and

(v) any enforcement action permitted under paragraph (d) above.

## PART l0: GENERAL PROVISIONS

(a) Effective Date of Plan. The Effective Date of the Plan is the 15th day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a

notice of appeal has been filed, the Plan proponent may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) Severability. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(c) Binding Effect. The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

(d) Captions. The headings contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

(e) Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

(f) Disbursing Agent.
The court shall appoint the Subchapter V trustee or a third person to act as the disbursing agent under the Plan, who shall collect all rents from the reorganized debtor and distribute all property or monies to be disbursed under the Plan and in accordance with Exhibit A.

(g) Unclaimed Distributions. If any amount distributed under the Plan on account of claims treated under the Plan is returned or remains unclaimed for 180 days after it is distributed

(including any checks that remain uncashed after 180 days from the date thereof), the corresponding claims will be deemed abandoned and the funds distributed as provided in Paragraph 5(a) above.

(h) Post-Confirmation Activities. Subsequent to the Effective Date of this Plan, the Debtor may operate its business (if any) free of any restrictions of the Bankruptcy Code or the Bankruptcy Court. Moreover, the Debtor shall have the authority to purchase, sell or lease property, to borrow money on a secured or unsecured basis, compromise controversies, and employ and pay accountants, attorneys and other professionals without order of the court.

(i) U.S. Trustee Fees and Reports. Commencing on the twentieth day of the month after the first calendar quarter following the Effective Date and each on succeeding January 20, April 20, July 20 and October 20 and continuing until the entry of a final decree, or an order converting or dismissing the case, the Debtor shall pay U. S. Trustee fees, if any, and file and serve a Quarterly Post Confirmation Report of Revested Debtor, if so required, in the form prescribed by the United States Trustee, who shall have the right to move to convert or dismiss the case if the fees are not paid and/or the reports are not filed and served timely.

(j) Notices. Any notice to the Debtor shall be in writing and mailed, and will be deemed to have been given three days after the date sent by first class mail, postage prepaid and addressed as follows:
LEGAL RECOVERY LLC
PO BOX 225254
SAN FRANCISCO, CA 94122


Dated: May 6, 2024

/s/ Leeds Disston
Attorney for Legal Recovery LLC

**Exhibit A**

3 Year Projected Annual Income and Expenses
949-953 Lombard Street, San Francisco, CA

| | PER/MONTH | YEAR 1 | Y2 | Y3 |
|---|---|---|---|---|
| RENT | | | | |
| # 949 | 3000 | 36000 | 36000 | 36000 |
| # 951 | 3000 | 36000 | 36000 | 36000 |
| # 953 | 3000 | 36000 | 36000 | 36000 |
| GROSS RENT | | 108000 | 108000 | 108000 |
| | | | | |
| Vacancy | 15% | 16200 | 16200 | 16200 |
| NET RENTS | | 91800 | 91800 | 91800 |
| | | | | |
| EXPENSES (annual) | | | | |
| Property Taxes (1.17%) | | 33930 | 33930 | 33930 |
| Insurance | | 6000 | 6000 | 6000 |
| Disbursing Agent Cost | | | | |
| Reserve for Repairs & Capital Improv. | 15% | 13770 | 13770 | 13770 |
| TOTAL EXPENSES | | 53700 | 53700 | 53700 |
| | | | | |
| NET BEFORE TAX (Monthly) | | 3175 | 3175 | 3175 |
| | | | | |
| Fed. & State Income Tax (monthly) | 28% | 889 | 889 | 889 |
| | | | | |
| NET RENTAL INCOME (MONTHLY) | | 2286 | 2286 | 2286 |
| | | | | |
| Payment to Class 1 | | 2320.84 | 2320.84 | 2320.84 |
| Payment to Priority | | 45 | 45 | 45 |
| | | | | |
| DEBTOR'S MONTHLY NET CASH | | -79.84 | -79.84 | -79.84 |

Case: 24-30074   Doc# 51   Filed: 05/06/24   Entered: 05/06/24 20:08:53   Page 17 of 17