Phyllis Voisenat (SBN 159095)
Law Office of Phyllis Voisenat
1101 Marina Village Parkway, Suite 201
Alameda, CA 94501
Telephone Number: (510) 883-3798
Email Address: PVoisenat@gmail.com

Attorney for Interested Party and Creditor
MARTIN LEE ENG

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>    Legal Recovery, LLC,<br><br>        Debtor-In-Possession. | Case No. 24-30074 DM11<br><br>Chapter 11<br><br>**OBJECTION TO DEBTOR'S FIRST AMENDED APPLICATION FOR EMPLOYMENT OF ATTORNEY FOR DEBTOR AND DEBTOR IN POSSESSION, WILLIAM LEEDS DISSTON, JR. aka LEEDS DISSTON** |

TO DEBTOR IN POSSESSION, LEGAL RECOVERY, LLC, ITS ATTORNEY OF RECORD AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE THAT CREDITOR, MARTIN LEE ENG, objects to the Debtor's First Amended Application For Employment Of Attorney For Debtor And Debtor In Possession, William Leeds Disston, Jr. for an actual conflict and failure to comply with 11 U.S.C. §327(a) and Federal Rules of Bankruptcy Procedure 2014.

//

- 1 -

Objection to Application to Employ Attorney
Case: 24-30074   Doc# 71   Filed: 06/03/24   Entered: 06/03/24 15:03:58   Page 1 of 5

## I. Facts:

On May 31, 2024, the California Court of Appeal, Division Five, issued a decision that impacts the pending Chapter 11 case. A167 818 *Legal Recovery, LLC vs. Crystal Lei, et al.* see attached. Mr. Disston recently filed a First Amended Application For Employment Of Attorney For Debtor And Debtor In Possession on May 28, 2024. ECF#66. It fails to disclose a significant conflict of interest and that he is now a joint debtor owing sanctions.

*"As sanctions for bringing this frivolous appeal, Legal Recovery, the Yans, and their counsel of record, William Leeds Disston, Jr. of Casalina & Disston, shall pay $9,750 to respondents no later than 30 days after the remittitur issues. Legal Recovery, the Yans, and Disston, Jr. are also ordered to pay $17,000 in sanctions for bringing this frivolous appeal, payable to the clerk of this court, no later than 30 days after the remittitur issues. These obligations are joint and several. " pg. 16*

Prior to filing the First Amended Application For Employment Of Attorney For Debtor And Debtor In Possession, Mr. Disston was aware the Court of Appeal was considering sanction him, the debtor and responsible person. See RJN#2, FN 9.

"On April 9, 2024, we issued an order informing Legal Recovery, its counsel William Disston, Jr., and the Yans (as the alter egos of Legal Recovery) that we were considering imposing sanctions against them. The order provided them with the opportunity to file an opposition and to request oral argument "on the issue of sanctions." Legal Recovery and its counsel filed a late opposition with supporting declarations from Demas and Winky" Wong, a former business partner of Demas and Tony. See RJN#2, FN 9

The Application for Employment was silent and failed to disclose these significant facts.

The Opinion, RJN#2, also sets forth facts which reveal undisclosed relationships and connections between Mr. Disston, Demas Yan, and his mother, in addition to the debtor – all of which were not disclosed. ECF #32 For example, the Court of Appeal stated:

"Apparently anticipating its likely loss in this appeal, Legal Recovery assigned the 2006 judgment to a third party in 2023 while this appeal was pending. That third party, in turn, filed a cross-complaint against Lei and Fu that contains the same claims of a fraudulent transfer and "sham divorce" alleged here. **It should come as no surprise that Disston, Jr. also represents this third party** in that cross-

complaint. Needless to say, a clearer example of how our litigation process may be grossly abused by unscrupulous litigants and lawyers can hardly be imagined." [emphasis added] See RJN#2, page 14

For these reasons, the proposed attorney has an actual conflict of interest and adverse interest to the debtor. The application should be denied for failure to comply with 11 U.S.C. §327(a) and Federal Rules of Bankruptcy Procedure 2014.

**II. Argument**

Bankruptcy Rule 2014(a) requires that a professional submit a verified statement setting forth the professional's "connections" to the debtor, creditors and any other party in interest. Under the Rule 2014 disclosure requirements, a professional has an independent duty to disclose all relevant information to the court. *In re Park-Helena Corp.* 63 F.3d at 882. The duty is one of complete disclosure of all known facts that are or may be pertinent, and a professional may not exercise any discretion to withhold information. *In re Woodcraft Studios, Inc.*, 464 B.R. 1, 8 (N.D. Cal. 2011) (citations omitted), aff'd *Kun v. Mansdorf*, 558 Fed. Appx. 755, 2014 U.S. App. LEXIS 3748, 2014 WL 768659 (9th Cir. Feb. 27, 2014). "It is the bankruptcy court that determines whether a professional's connections render him or her unemployable under § 327(a) - not the other way around." *In re Sundance Self Storage-El Dorado, LP*, 482 B.R. 613, 631 (Bankr. E.D. Cal. 2012). The duty to disclose "is a continuing obligation as to which the risk of defective disclosure always lies with the discloser." *In re Kobra Props.*, 406 B.R. 396, 402 (Bankr. E.D. Cal. 2009) (citing *In re Park-Helena Corp.*, 63 F.3d at 880-81; cf *Official Comm. Of Unsecured Creditors v. Michelson (In re Michelson)*, 141 B.R. 715, 719-20 (Bankr. E.D. Cal. 1992)) *In re Fresh Choice, LLC*, 2014 Bankr. LEXIS 916, *16-17

These disclosure requirements are "strictly construed. Creditor objects to the application for employment of William Leeds Disston, Jr. due to the existence of adverse interests, which are a result of

a joint sanctions order against the attorney and the debtor on May 31, 2024, by the Court of Appeal of the State of California. See concurrently filed Request for Judicial Notice #1 and 2.

In this case, the joint sanctions order against the attorney and the debtor creates a potential conflict of interest. This is because the attorney may have an economic interest that would tend to lessen the value of the bankruptcy estate, or an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. Moreover, the attorney may possess a predisposition under circumstances that create a bias against the estate.

**III. Conclusion**

Given the opinion's findings and additional information about the connections and relationships previously undisclosed, it is clear the attorney's proposed interest carries with it a sufficient threat of material adversity to warrant disqualification. Therefore, creditor respectfully requests that the court deny the application for employment of William Leeds Disston, Jr., aka Leeds Disston and as amended.

Respectfully submitted,

Date: June 3, 2024 _____/s/\_Phyllis Voisenat_____
Phyllis Voisenat, Esq.
Attorney for Interested Party and
Creditor Martin Lee Eng

**COURT SERVICE LIST**

None.

- 5 -

Objection to Application to Employ Attorney
Case: 24-30074   Doc# 71   Filed: 06/03/24   Entered: 06/03/24 15:03:58   Page 5 of 5