Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br>LEGAL RECOVERY, LLC<br><br>Debtor, | Case No.: 24-30074<br>Chapter 11<br><br>CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NO. 3; REQUEST FOR HEARING |

   Creditor Charles Li hereby requests a hearing of Debtor Legal Recovery, LLC's objection to Li's Proof of Claim (No. 3).

   Creditor Charles Li's Proof of Claim No. 3 constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). It is up to debtor to rebut the presumption of validity. Li's claim is based on multimillion-dollar judgments he holds against Debtor's manager, Demas Yan. The California state courts have already held that Debtor and Yan are alter egos of each other. Declaration of Duy Thai in Opposition to Debtor's Objection to Li's Proof of Claim (No. 3) ("Thai Decl."), Exh. 1. Thus, Creditor Li's claim is more than prima facie, and Debtor has done nothing to challenge it.

   As detailed in Li's pending adversary proceeding, No. 24-03022, on May 7, 2013, plaintiff obtained a judgment against Demas Yan for professional malpractice,

unauthorized practice of law, and fraud in *Charles Li v. Demas Yan*, CGC-10-497990 (San Francisco Superior Court). The fifth amended judgment was entered on November 30, 2018 for $1,498,422.01. It has not been satisfied, and additional judgment interest and attorneys' fees have accrued.

On June 24, 2016, plaintiff obtained a judgment against Demas Yan, his mother, and two brothers in law for fraudulent transfer in *Charles Li v. Thai Ming Chiu, et al.*, CGC-14-537574 (San Francisco Superior Court). The action was a proceeding to enforce and collect on plaintiff's judgment in *Li v. Yan*. The amount outstanding, including additional attorneys' fees, is approximately $3,000,000.

Debtor is an alter ego of Demas Yan, a natural person and former attorney disbarred by the State Bar of California. Debtor was formed by Demas Yan, who exercises sole and exclusive control over it. When Debtor opened a checking account at Wells Fargo Bank, Demas Yan was identified as the owner. Thai Decl., Exh. 2.

Demas Yan and debtor have commingled their assets, income, and resources. Although Yan claimed at the creditors' meeting at Debtor had no business activity other than its litigation against Martin Eng and his related entities, Debtor has transferred large sums back and forth with Demas Yan's own bank account. E.g., Thai Decl, Exhs. 3, 4. A third-party's check apparently for "legal fee" was deposited in Debtor's account. Thai Decl., Exh. 5. This is prima facie evidence that Demas Yan was commingling legal fees he earned from other clients with Debtor's funds and assets. Debtor wrote a check to a third party for "Roof Repair 1433 7th Avenue." Thai Decl., Exh. 6. Demas Yan's long-time residential address, and address at the time of the check, is 1433 7th Avenue, San Francisco, California. Thai Decl., Exh. 7. There are numerous other transactions in and out of Debtor's bank account that require further explanation and discovery.

Debtor also wrote a 2019 check to Demas Yan's father, Cheuk Tin Yan. Thai Decl., Exh. 8. The check was endorsed in handwriting and deposited to an unknown account. Cheuk Tin Yan died in 2016. Thai Decl., Exh. 9. The implication is clear that

Demas Yan, the only natural person who controls Debtor[1], forged his dead father's signature and probably put Debtor's money into a post-mortem account in the deceased's name that Yan controlled.

The existence of such a fraudulent account that transacted with Debtor's account suggests that Debtor itself may have other assets that it did not disclose. A 2020 check for $20,000.00 to a title company, Thai Decl., Exh. 10, and checks for "rent," Thai Decl., Exh. 11, suggest that Debtor may have interests in undisclosed other assets and real property. Creditor Li has begun preparation for a 2004 examination of Debtor. He and other creditors are entitled to get much more information and clarification from Debtor.

Finally, Bankruptcy Rule 3001(c) does not apply to this claim. Li's Proof of Claim is not based on an "open-end or revolving consumer credit agreement."

DATED: June 20, 2024

                                          /s/ Duy Thai
                                            Duy Thai
                                       Attorney for Charles Li

---

[1] Demas Yan formerly placed his mother Tina Yan as the figurehead manager of debtor. He revealed in 2022, however, that she had Alzheimer's disease. Thai Decl., Exh. 12. Demas Yan's control over and manipulation of Debtor, his mother, and his father are detailed in I*n re Lombard Flats, LLC*, No. 15-CV-00870-PJH, 2016 WL 1161593, at *7 (N.D. Cal. Mar. 23, 2016). His hiding of assets through relatives is detailed in *Li v. Yan*, 247 Cal.App.4th 56 (2016), and *In re Yan*, No. BAP NC-10-1476-JUHPA, 2011 WL 2923855 (B.A.P. 9th Cir. July 11, 2011).