Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br>LEGAL RECOVERY, LLC<br><br>Debtor, | Case No.: 24-30074<br>Chapter 11<br><br>DECLARATION OF DUY THAI IN SUPPORT OF CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 3 |

I, Duy Thai, declare as follows:

   1.  I am the attorney for Creditor Charles Li in this above-entitled matter. I make this declaration upon personal knowledge or, where so indicated, upon information and belief.

   2.  Attached as numbered exhibits to this declaration are true and correct copies of the following documents:

| Exhibit | Description |
|---|---|
| 1. | Legal Recovery, LLC v. Lei, et al., 2024 WL 2792919, May 31, 2024 (unpublished) |
| 2. | Business Account Application of Legal Recovery, LLC |

| 3.  | Legal Recovery, LLC Wells Fargo Business Choice Checking, Oct. 31, 2020 statement |
|-----|---|
| 4.  | Legal Recovery, LLC Wells Fargo Business Choice Checking, Nov. 30, 2019 statement |
| 5.  | Chong S Lo US Bank check no. 1581 to Legal Recovery, LLC for "legal fee" |
| 6.  | Legal Recovery, LLC Wells Fargo check no. 1134 for "roof repair" |
| 7.  | Demas Yan Chase credit card, Mar. 7, 2020 statement |
| 8.  | Legal Recovery, LLC Wells Fargo check no. 1122 to Cheuk Tin Yan |
| 9.  | Certificate of Death |
| 10. | Legal Recovery, LLC Wells Fargo check no. 1065 to USA National Title Company |
| 11. | Legal Recovery, LLC Wells Fargo check no. 1120 for "rent" |
| 12. | Motion to Appoint Next Friend, *In re Tina Foon Yan*, No. 23-30020 (N.D.Cal. Bkcy 2023) |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in San Francisco, California on June 20, 2024.

/s/ Duy Thai
Duy Thai

Declaration of Duy Thai in Support of Creditor Charles Li's Opposition to Debtor's Objection to Proof of Claim No. 3
*In re Legal Recovery LLC*, 24-30074

# EXHIBIT 1

Legal Recovery LLC v. Crystal Lei, Not Reported in Cal.Rptr. (2024)

2024 WL 2792919

KeyCite Red Flag - Severe Negative Treatment
Unpublished/noncitable

2024 WL 2792919
Not Officially Published
(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts
citation of unpublished opinions in California courts.

Court of Appeal, First District, Division 5, California.

LEGAL RECOVERY LLC,
Plaintiff and Appellant,
v.
CRYSTAL LEI, et al.,
Defendants and Respondents.

A167818

Filed May 31, 2024

(City & County of San Francisco Super. Ct. No.
CGC-19-579664)

**Attorneys and Law Firms**

William L. Disston, Jr., Leeds Disston, 300 Frank H Ogawa
Plaza, Suite 205, Oakland, CA 94612, for Plaintiff and
Appellant.

Pro Per, for Defendant and Respondent Crystal Lei.

Pro Per, for Defendant and Respondent Bryant Fu.

**Opinion**

CHOU, J.

 **\*1** Plaintiff Legal Recovery LLC (Legal Recovery) appeals
the trial court's dismissal of its action against defendants and
respondents Crystal Lei and her son Bryant Fu. The court
dismissed the action after Legal Recovery was determined
to be a vexatious litigant and ordered to post security in the
amount of $150,000, but failed to do so. Legal Recovery
contends the court erred in finding it the alter ego of vexatious
litigants Demas Yan and Tina Yan[1] and in finding that
there was no reasonable probability it would prevail in the
litigation. We find no error and affirm. We further impose

$9,750 in sanctions payable to respondents and $17,000
payable to the court against Legal Recovery, the Yans, and
their counsel for filing this frivolous appeal. (Cal. Rules of
Court, rule 8.276(a)(1).)

In imposing these sanctions, we note that our colleagues
have repeatedly sanctioned the Yans for bringing meritless
appeals.[2] Moreover, in *Yan v. Fu* (July 11, 2019, A155209)
(*Yan*), another division of this court prohibited Demas from
filing any new litigation, including any appeal, without leave
from the presiding judge or justice. The Yans's use of Legal
Recovery, a shell corporation, as a straw plaintiff in an attempt
to evade the vexatious litigant orders is improper. And we will
not hesitate to impose additional and more onerous sanctions
should they bring another frivolous appeal either individually
or through another straw entity.

I. BACKGROUND

As summarized by our colleagues in prior unpublished
opinions deciding appeals arising out of the Yans's conduct,
Demas is a vexatious litigant and disbarred attorney who has
engaged in frivolous and harassing litigation against Lei and
Fu for over a decade.[3] Demas's mother, Tina, has assisted him
in pursuing this frivolous litigation by serving as a plaintiff
in lawsuits against Lei and Fu and has also been declared a
vexatious litigant.

For example, in 2013, a bankruptcy court presiding
over Demas's bankruptcy proceedings found that he had
"improperly commenced" five state court actions since 2007
against Lei, Fu, Tony, as well as two other defendants. The
bankruptcy court noted that the "consistent and repeated
behavior of asserting claims upon which relief could not
be granted demonstrates that [Demas] filed these lawsuits
merely to harass Defendants" and declared Demas a vexatious
litigant. In April 2015, the trial court also declared Demas a
vexatious litigant subject to a prefiling order.

 **\*2** In November 2016, the Ninth Circuit Court of Appeals
revoked Demas's bar membership after finding that he
engaged in "persistent misconduct," including filing multiple
frivolous appeals that resulted in sanctions as well as
repeatedly violating court rules and orders. In February 2018,
our Supreme Court disbarred Demas after the State Bar Court
found that he had made "numerous false representations
to various courts, fil[ed] numerous frivolous unwarranted
actions in bankruptcy court and civil court, fail[ed] to pay

**Legal Recovery LLC v. Crystal Lei, Not Reported in Cal.Rptr. (2024)**

2024 WL 2792919

sanctions or obey other court orders ... and [made] false assertions to various courts including the [Ninth] Circuit Court of Appeals."

In July 2019, another division of this court expanded the trial court's vexatious litigant order in another case brought by Demas against Fu. In its order, the division prohibited Demas, "whether or not represented by counsel, from filing any new litigation without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (*Yan, supra,* A155209.) In August 2019, the trial court entered judgment in favor of Lei and Fu on their claim for malicious prosecution against Demas after he filed two lawsuits against them in 2010 and 2012 which were both dismissed on the merits. In May 2022, the trial court declared Tina a vexatious litigant subject to a prefiling order.[4]

Undeterred by his losing record in litigation against Lei and Fu, in May 2017, Demas offered $5,000 to third party Golden State Lumber, Inc. (Golden State) for the assignment of a 2006 judgment that Golden State (formerly known as Sierra Point Lumber, Inc.) had obtained against Tony for unpaid building materials. In doing so, Demas commented that he "may just be buying a lawsuit." Around the same time, Tony filed for bankruptcy. When Golden State had some misgivings about assigning its judgment to Demas, Legal Recovery filed suit in July 2018 to compel Golden State to assign it the 2006 judgment. In March 2019, Tony was granted discharge in bankruptcy. Golden State settled with Legal Recovery and assigned the 2006 judgment to Legal Recovery in August 2019.

It is undisputed that at all relevant times, the Yans owned and controlled Legal Recovery. In 2014, Demas submitted a business bank account application for Legal Recovery and listed himself as the "Owner with Control of the Entity." Statements of Information filed with the Secretary of State indicated that Tina was Legal Recovery's sole managing member between 2017 and 2021 and that Demas was the sole managing member beginning in 2022.

In October 2019, Legal Recovery used the 2006 judgment as the basis for this latest action against Lei and Fu for declaratory relief and fraudulent conveyance. The operative complaint alleged that after Tony was sued by a third party in 1999, he and Lei "devised a scheme to file a sham divorce and transfer all of their community properties including real estate[ ] in San Francisco to [Lei], thereby making [Tony] judgment-proof." The complaint further alleged that after the

divorce, Lei purchased a property in San Francisco in 2001 "using funds traceable from assets acquired before their sham divorce" and that, accordingly, that property is community property and "is liable to the Assigned Judgment." After several rounds of demurrers, the trial court sustained the demurrer to the Fourth Amended Complaint (FAC) without leave to amend as to the cause of action for fraudulent conveyance. The court noted that the FAC only alleged "specific facts as to time barred conveyances the last of which occurred in 2006." This left the declaratory relief claim as the only remaining cause of action.[5]

**\*3** In March 2023, Lei and Fu moved for orders: (1) declaring Legal Recovery a vexatious litigant because it was the alter ego of Demas and Tina; and (2) requiring Legal Recovery to post security before pursuing its claim for declaratory relief. Following briefing and oral argument, the trial court granted the motions, declared Legal Recovery a vexatious litigant and alter ego of the Yans, and ordered Legal Recovery to post security in the amount of $150,000 within 10 days of the order. Legal Recovery failed to do so, and the court dismissed the action. Legal Recovery timely appealed.

## II. DISCUSSION

An order declaring a party a vexatious litigant is reviewed for substantial evidence. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636 (*Golin*).) "Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Ibid.*) Likewise, an order determining that a corporation is the alter ego of an individual is reviewed for substantial evidence. (*Alexander v. Abbey of the Chimes* (1980) 104 Cal.App.3d 39, 47.)

If a plaintiff is declared a vexatious litigant, a defendant may move to require that plaintiff to post security. The trial court may grant the motion if it determines "that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." (Code Civ. Proc., § 391.3.) An order finding that a vexatious litigant lacks a reasonable probability of success should be "based on an evaluative judgment in which the court weighs the evidence" and is reviewed for substantial evidence. (*Golin, supra,* 190 Cal.App.4th at p. 636.)

WESTLAW © 2024 Thomson Reuters. No claim to original U.S. Government Works.   2

**Legal Recovery LLC v. Crystal Lei, Not Reported in Cal.Rptr. (2024)**

2024 WL 2792919

For the reasons discussed below, we find no error in the trial court's orders declaring Legal Recovery a vexatious litigant and alter ego of the Yans and requiring Legal Recovery to post security before it may pursue its claims in this litigation.[6]

A. Legal Recovery is the Alter Ego of the Yans

While a corporation is generally considered a separate entity from its shareholders or officers, "[i]n certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation." (*Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 300.) For the alter ego doctrine to apply, two prongs must be met: " '(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.' " (*Ibid.*) The corporate form cannot be " 'used by an individual or individuals ... to perpetrate a fraud, *circumvent a statute,* or accomplish some other wrongful or inequitable purpose.' " (*People v. Anderson* (1991) 1 Cal.App.4th 1084, 1092, italics in original.) In the context of the vexatious litigant statute, if a corporation is found to be the alter ego of its shareholders or members, the trial court may deem both the shareholders or members and the corporation vexatious litigants. (See *Say & Say, Inc. v. Ebershoff* (1993) 20 Cal.App.4th 1759, 1767–1768 (*Say & Say*).)

On appeal, Legal Recovery does not question the trial court's finding as to the first prong. Instead, it only contends that the second prong was not met. There is, however, more than enough evidence that the Yans are using Legal Recovery to circumvent the vexatious litigant statute.

**\*4** As vexatious litigants, the Yans are subject to a prefiling order which prohibits them "from filing any new litigation ... without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (Code Civ. Proc., § 391.7, subd. (a).) The Yans, however, improperly attempted to evade this order by using Legal Recovery to file this action against Lei and Fu, rendering Legal Recovery subject to the prefiling order as well under *Say & Say*.

In *Say & Say*, after the individual plaintiff was declared a vexatious litigant, he continued to file various lawsuits as a plaintiff but also joined a corporation that he controlled and dominated as an additional plaintiff. (*Say & Say, supra,* 20 Cal.App.4th at p. 1763.) The court of appeal held that the corporation was a vexatious litigant because it was the alter ego of the plaintiff. (*Id.* at pp. 1769–1770.) In reaching this conclusion, the court concluded that the only purpose behind the corporation's inclusion in the litigation was "to evade the effects of the vexatious litigant law" (*id.* at p. 1769) and that "[i]t would be inequitable to allow [the plaintiff] to utilize [the corporation] to continue with his misuse of the litigation process" (*id.* at pp. 1769–1770). We reach the same conclusion here based on the Yans's history of frivolous and harassing litigation against Lei and Fu described above and the circumstances surrounding Legal Recovery's purchase of the 2006 judgment.

Indeed, Demas personally reached out to Golden State in 2017 to purchase the 2006 judgment. Because Demas had already been declared a vexatious litigant by then, the only way he could sue to enforce that judgment without following the prefiling order was to use another individual or entity as the plaintiff. Thus, the Yans, like the individual plaintiff in *Say & Say*, utilized a shell corporation to pursue an action in circumvention of the vexatious litigant statute. This is a blatant misuse of the litigation process notwithstanding Legal Recovery's assertions to the contrary. Indeed, the fact that Legal Recovery obtained the 2006 judgment years after it was formed does not change the fact that the Yans are using the corporation to circumvent the prefiling order.

We also find no merit in Legal Recovery's argument that no injustice is being perpetrated because its claim in this action to enforce the 2006 judgment has not been previously litigated. As Lei and Fu point out, the allegations in Legal Recovery's declaratory relief claim are nearly identical to those in Demas's 2010 and 2012 lawsuits against Lei and Fu. For example, both lawsuits alleged that Lei and Tony engaged in a "sham divorce;" that Tony fraudulently transferred real estate to Lei, including the property at issue in this case; and that this real estate is community property that may be used to satisfy any judgments against Tony. Both lawsuits were also dismissed on the merits. Finally, Lei and Fu obtained a judgment against Demas for malicious prosecution based on those two lawsuits.

Thus, there is ample evidence that the Yans are using Legal Recovery and the 2006 judgment to relitigate allegations that were raised and rejected in prior lawsuits that they had filed. Indeed, Demas admitted as much when he acknowledged that he "may just be buying a lawsuit" when he purchased the 2006 judgment through Legal Recovery. This is the very

WESTLAW © 2024 Thomson Reuters. No claim to original U.S. Government Works.    3

**Legal Recovery LLC v. Crystal Lei, Not Reported in Cal.Rptr. (2024)**

2024 WL 2792919

abuse of the litigation process that the vexatious litigant statute is intended to stop. It is therefore irrelevant that the enforceability of the 2006 judgment had not been litigated yet; it would still be wrongful and inequitable to allow the Yans to continue their harassing litigation through this shell corporation.

### B. Legal Recovery Has No Reasonable Probability of Prevailing

**\*5** Substantial evidence also supports the trial court's finding that there was no reasonable probability of Legal Recovery prevailing in this litigation. "On a motion for an order requiring a vexatious litigant to post security, the moving party must make a showing that there is no reasonable likelihood of the plaintiff prevailing in the action against that defendant. This showing is ordinarily made by the weight of the evidence but a lack of merit may also be shown by demonstrating that the plaintiff cannot prevail in the action as a matter of law." (*Golin, supra,* 190 Cal.App.4th at p. 642.)

Here, Legal Recovery's claim for declaratory relief is time-barred. Under Family Code section 851, transmutations of marital property are subject to the laws governing fraudulent transfers, including the Uniform Voidable Transactions Act (UTVA). (*Mejia v. Reed* (2003) 31 Cal.4th 657, 668.) Under the UTVA, a cause of action for fraudulent transfer is subject to a four-year statute of limitations. (Civ. Code, § 3439.09, subd. (a).) More significantly, it is subject to a seven-year statute of repose. (*Id.*, subd. (c).)[7] "[T]he seven-year limitation under [Civil Code] section 3439.09[, subdivision] (c) was intended as an *absolute limit* on actions to challenge fraudulent transfers that cannot be tolled or otherwise extended." (*PGA West Residential Assn., Inc. v. Hulven Intl., Inc*. (2017) 14 Cal.App.5th 156, 183, italics added.) "Whereas statutes of limitations affect a remedy, statutes of repose *extinguish* a right of action after the period has elapsed" and are aimed " 'to give more explicit and certain protection to defendants.' " (*Id.* at p. 177, italics added.)

Legal Recovery's cause of action for declaratory relief alleges that Lei and Tony filed a sham divorce in 2000 and fraudulently transferred their jointly owned property to Lei so they could "conceal and shield their community properties from [Tony's] creditors." This included the property at issue in this litigation, which was allegedly purchased by Lei in 2001 after the divorce using community assets. Based on these allegations, Legal Recovery sought declaratory relief that the property "is community estate and is liable to

the Assigned Judgment." The allegedly fraudulent property transfers, however, occurred *more than 17 years before* Legal Recovery filed this action. The declaratory relief claim is therefore barred by both the four-year statute of limitations and the seven-year statute of repose. (Civ. Code, § 3439.09.) And it makes no difference that declaratory relief is an equitable remedy. (See *Snyder v. California Ins. Guarantee Assn.* (2014) 229 Cal.App.4th 1196, 1208 ["The duration of the limitations period applicable to a declaratory relief action is determined by the nature of the underlying obligation sought to be adjudicated"].)

Not surprisingly, Legal Recovery does not dispute that its declaratory relief claim is time-barred under the applicable statute of limitations and repose. Instead, it claims that Lei and Fu did not raise this "[t]ime-[b]arred" argument below. But this claim is simply false; Lei and Fu actually dedicated five pages in their moving papers below to the argument.

Legal Recovery also contends that the "[t]ime-[b]arred" argument should be rejected because the trial court overruled Lei's and Fu's demurrer to the declaratory relief cause of action. We disagree. Not only did Legal Recovery forfeit this argument by failing to raise it below (see *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 700), it also overlooks the different standards governing a motion for a vexatious litigant to post security and a demurrer. In deciding a demurrer, the court may only consider the pleadings and judicially noticeable matters. (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 279.) By contrast, in deciding a motion to post security, the court is not so limited. Instead, it "performs an evaluative function" that requires the weighing of evidence to determine "whether the plaintiff has a reasonable probability of prevailing." (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 786.) We find no error in the court's determination that Legal Recovery's claim is time-barred.[8]

**\*6** Lastly, as noted above, Legal Recovery's allegations in this action are nearly identical to the ones in Demas's 2010 and 2012 lawsuits. In issuing a judgment against Demas in Lei's and Fu's lawsuit for malicious prosecution based on these two lawsuits, the trial court concluded that the lawsuits "were brought without probable cause" and "[d]espite ample orders suggesting [Demas's] claims were meritless." Changing the purported plaintiff does not make these allegations any less meritless now. In any event, substantial evidence supports the alter ego finding, making these conclusions equally applicable to Legal Recovery. (*Teitelbaum Furs, Inc. v.*

Case: 24-30074   Doc# 77-1   Filed: 06/20/24   Entered: 06/20/24 20:03:06   Page 7 of 44

Legal Recovery LLC v. Crystal Lei, Not Reported in Cal.Rptr. (2024)

2024 WL 2792919

*Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [applying collateral estoppel against corporation that was the alter ego of an individual party in the first action].)

C. Sanctions Are Warranted for this Frivolous Appeal

Lei and Fu seek an award of $9,750 in attorney fees as sanctions against Legal Recovery and its counsel, Williams Leeds Disston, Jr., for bringing this frivolous appeal. They also seek monetary sanctions in the amount of $25,000 payable to this court. We agree that this appeal is frivolous and that sanctions are warranted.[9]

To determine whether an appeal is frivolous, courts apply an objective standard—which considers the merits of the appeal—and a subjective standard—which examines the appellant's and its counsel's motives. (*Malek Media Group LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek*).) "A finding of frivolousness may be based on either standard by itself, but the two tests are ordinarily used together, with one sometimes providing evidence relevant to the other." (*Ibid.*) "An appeal is objectively frivolous when a reasonable person would 'agree that the appeal is totally and completely devoid of merit.' " (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 80.) An appeal is subjectively "frivolous when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment." (*Ibid.*, internal quotation marks omitted.)

This appeal is both objectively and subjectively frivolous. It is objectively frivolous because, as we explained above, Legal Recovery's cause of action for declaratory relief is plainly time-barred, an argument raised by Lei and Fu both below and on appeal. Not only did Legal Recovery fail to respond substantively to this argument, it *falsely* represented that Lei and Fu did not raise the argument below.

Further, in previously finding Demas liable for malicious prosecution based on his 2010 and 2012 lawsuits—which both claimed that Lei engaged in fraudulent transfers after a sham divorce in order to shield Tony's assets from court judgments—the trial court already told the Yans that their fraudulent transfer claims "were meritless." Yet, the Yans sought to relitigate these very same claims here—this time, through a shell corporation. Under these circumstances, " 'the appeal is completely devoid of merit.' " (*Deal, supra,* 80 Cal.App.5th at p. 80.)

This appeal is also subjectively frivolous. The Yans's history of frivolous appellate litigation against Lei and Fu—which resulted in this court imposing sanctions against them twice in the past five years—coupled with this appeal's clear and obvious lack of merit establish that this appeal was filed solely for the purposes of delay and harassment. This is confirmed by Legal Recovery's more recent actions. Apparently anticipating its likely loss in this appeal, Legal Recovery assigned the 2006 judgment to a third party in 2023 while this appeal was pending. That third party, in turn, filed a cross-complaint against Lei and Fu that contains the same claims of a fraudulent transfer and "sham divorce" alleged here. It should come as no surprise that Disston, Jr. also represents this third party in that cross-complaint. Needless to say, a clearer example of how our litigation process may be grossly abused by unscrupulous litigants and lawyers can hardly be imagined.

*7 That Legal Recovery may have successfully obtained and enforced a judgment on a promissory note against a person other than Lei and Fu in an unrelated case in the past does not suggest otherwise. Nor does Demas's or his former business partner's continued belief that Lei and Tony entered into a "sham" divorce over 20 years ago to evade Tony's creditors.

Accordingly, we shall impose sanctions against both Legal Recovery and its counsel. (*Malek, supra,* 58 Cal.App.5th at p. 837 [sanctions against a "party are appropriate when the record indicates the party benefitted from the delay or was otherwise involved in the bad faith conduct;" sanctions against counsel "are appropriate when ... counsel had a professional obligation not to pursue the appeal or should have declined the case outright"].) We shall also impose sanctions against the Yans as the alter ego of Legal Recovery.

In determining the appropriate sanction, however, we are left with a dilemma. The time and resources wasted by our courts, including both this court and the trial court, in dealing with the Yans are significant. Moreover, the cost to our court system is undoubtedly dwarfed by the toll on respondents who have been forced to defend continuously against frivolous lawsuits and appeals filed by the Yans for over a decade. Previous monetary sanctions imposed by our colleagues have not deterred the Yans or their attorneys from abusing the appellate process in pursuing their apparent vendetta against respondents. Indeed, some of those sanctions remain unpaid, and the Yans continue to attempt to relitigate claims that have been rejected over and over. And the referral by this court of Disston, Jr. to the State Bar of California has not stopped

**Legal Recovery LLC v. Crystal Lei, Not Reported in Cal.Rptr. (2024)**

2024 WL 2792919

him from filing frivolous lawsuits and appeals. Nor has the vexatious litigant statute proven to be the solution, as the Yans are apparently using proxies (including shell corporations) in an attempt to evade that statute. At this point, it is not clear what other arrows this court has in its quiver to halt the Yans's abuse of the litigation process.

Nonetheless, we must try something no matter how Sysiphyean the task may be. In the past, our colleagues have imposed sanctions against the Yans and their counsel in the amount of $8,500 payable to the court based on the estimated "cost of processing an appeal that results in an opinion." (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 830.)[10] Because those sanctions have proven to be inadequate and ineffective, we now double that amount and impose sanctions of $17,000 payable to the court against Legal Recovery, the Yans (as the alter egos of Legal Recovery), and Disston, Jr. This doubled amount not only "compensate[s] the court for the costs associated with processing, reviewing, and considering the appeal" (*Malek, supra,* 58 Cal.App.5th at p. 837), it will hopefully "discourage further frivolous appeals" from Legal Recovery, the Yans, and Disston, Jr. (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 33). We also award sanctions in the amount of $9,750 to Lei and Fu as compensation for the fees they paid to attorneys to assist them in this appeal. (See *In re Marriage of Gong & Kwong, supra,* 163 Cal.App.4th at p. 519 [ordering that the appellant pay the attorney fees incurred by the respondent as sanctions for filing a frivolous appeal]; *Mix v. Tumanjan Development Corp.* (2002) 102 Cal.App.4th 1318, 1321 [successful pro per litigant can recover attorney fees for legal services of assisting counsel even though counsel did not appear as attorneys of record.) Finally, we urge the State Bar to look into the conduct of Disston, Jr. Although the State Bar cannot stop the

Yans, it may be able to take away at least one tool currently at their disposal.[11]

### III. DISPOSITION

**\*8** The judgment is affirmed. Lei and Fu are entitled to their costs on appeal.

As sanctions for bringing this frivolous appeal, Legal Recovery, the Yans, and their counsel of record, William Leeds Disston, Jr. of Casalina & Disston, shall pay $9,750 to respondents no later than 30 days after the remittitur issues. Legal Recovery, the Yans, and Disston, Jr. are also ordered to pay $17,000 in sanctions for bringing this frivolous appeal, payable to the clerk of this court, no later than 30 days after the remittitur issues. These obligations are joint and several.

The clerk of this court and Disston, Jr. are each directed to forward a copy of this opinion to the State Bar of California upon the remittitur's issuance. (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3) & 6068, subd. (o)(3).) This opinion serves as notice to counsel that the matter of imposition of sanctions has been referred to the State Bar. (*Id.*, § 6086.7, subd. (b).)

We concur.

SIMONS, Acting P.J.

BURNS, J.

**All Citations**

Not Reported in Cal.Rptr., 2024 WL 2792919

---

### Footnotes

1   We refer to Demas Yan and Tina Yan by their first names to avoid confusion and mean no disrespect by it. We also collectively refer to Demas and Tina as the Yans.

2   We incorporate the unpublished opinion in *Lei v. Yan* (June 2, 2023, A164796) (*Lei I*), in which Division Three of this court imposed $8,500 in sanctions on its own motion against Tina and her counsel William Leeds Disston, Jr. (who is also the counsel of record in this case) for bringing a frivolous appeal against Lei and Fu. We also incorporate the unpublished opinion in *Lei v. Yan* (July 31, 2019, A155163) (*Lei II*), in which Division Four of this court imposed $8,500 in sanctions against Demas for bringing another frivolous appeal against Lei and Fu. The 2023 sanctions have been paid but the 2019 sanctions remain unpaid.

**WESTLAW** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**Legal Recovery LLC v. Crystal Lei, Not Reported in Cal.Rptr. (2024)**

2024 WL 2792919

3    The parties' longstanding dispute originates from a soured business partnership between Demas and Tony Fu (Lei's exhusband and Fu's father) which first resulted in litigation in 2004. To avoid confusion with Bryant Fu, we refer to Tony Fu by his first name.

4    Although the trial court's order did not specify its reasons for declaring Tina a vexatious litigant, in *Lei I, supra*, A164796, this court noted that Tina has assisted Demas in filing meritless litigation against Lei and Fu and sanctioned Tina and her counsel for filing a frivolous appeal.

5    Following the trial court's order, Legal Recovery filed a duplicative lawsuit against Lei and Fu in November 2022 (case No. CGC-22-602997) that contains the same allegations and causes of action as the original complaint here.

6    We grant Lei and Fu's unopposed motion to augment the record. We deny Legal Recovery's request for judicial notice.

7    Civil Code section 3439.09, subdivision (c) states, "Notwithstanding any other provision of law, a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred."

8    Because we find that Legal Recovery has no probability of prevailing because its claims are time-barred, we do not reach any of the other arguments raised by Lei and Fu.

9    On April 9, 2024, we issued an order informing Legal Recovery, its counsel William Disston, Jr., and the Yans (as the alter egos of Legal Recovery) that we were considering imposing sanctions against them. The order provided them with the opportunity to file an opposition and to request oral argument "on the issue of sanctions." Legal Recovery and its counsel filed a late opposition with supporting declarations from Demas and Winky Wong, a former business partner of Demas and Tony.

10    Because this estimate was based on a cost analysis conducted in 2008, the cost is likely to be much higher today. (See *In the Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 519 ["A current cost analysis undertaken by the clerk's office for the Second Appellate District, using the same general methodology, indicates the cost of processing an appeal that results in an opinion by the court to be approximately $8,500"].)

11    The opinion constitutes a written statement of our reasons for imposing sanctions. (See *In re Marriage of Flaherty,* (1982) 31 Cal.3d 637, 654.)

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Case: 24-30074    Doc# 77-1    Filed: 06/20/24    Entered: 06/20/24 20:03:06    Page 10 of 44

# EXHIBIT 2

# Business Account Application



| Bank Name: | | Store Name: | |
|---|---|---|---|
| WELLS FARGO BANK, N.A. | | 725 IRVING STREET | |
| Banker Name: | | Officer/Portfolio Number: | Date: |
| ITALO SESSAREGO | | CP084 | 06/18/2014 |
| Banker Phone: | Store Number: | Banker AU: | Banker MAC: |
| 415/396-4394 | 04018 | 0000045 | A0145-011 |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

[X] New Deposit Account(s) Only          [ ] New Deposit Account(s) and Business Credit Card

| Account 1 Product Name: | | | Purpose of Account 1: | |
|---|---|---|---|---|
| Gold Business Services Package | | | General Operating Account | |
| COID: | Product: | Account Number: | Opening Deposit: | Type of Funds: |
| 114 | DDA | 8558608660 | $100.00 | CACK |

| Account 2 Product Name: | | | Purpose of Account 2: | |
|---|---|---|---|---|
| Business Market Rate Savings | | | General Operating Account | |
| COID: | Product: | Account Number: | Opening Deposit: | Type of Funds: |
| 114 | DDA | 6978480421 | $50.00 | CACK |

| New Account Kit: | Checking/Savings Bonus Offer Available: |
|---|---|
| b20140407-0005372570 | NO |

## Related Customer Information

| Customer 1 Name: | Account Relationship: |
|---|---|
| LEGAL RECOVERY, LLC | Sole Owner |
| Enterprise Customer Number (ECN): | |
| 357037192323618 | |
| Customer 2 Name: | Account Relationship: |
| DEMAS W YAN | Signer |
| Enterprise Customer Number (ECN): | |
| 548518441930515 | |

## Checking/Savings Statement Mailing Information



2W02-000658846916-01

BBG2307 (5-14 SVP)

Case: 24-30074    Doc# 77-1    Filed: 06/20/24    Entered: 06/20/24 20:03:06    Page 12 of 44

| Name(s) and Information Listed on Statement: | Statement Mailing Address: | | |
|---|---|---|---|
| LEGAL RECOVERY, LLC | 300 F H OGAWA PLZ STE 210 | | |
| | Address Line 2: | | |
| | City: OAKLAND | | State: CA |
| | ZIP/Postal Code: 94612-2060 | | Country: US |

## Customer 1 Information

| Customer Name: | Street Address: | | |
|---|---|---|---|
| LEGAL RECOVERY, LLC | 300 F H OGAWA PLZ STE 210 | | |
| Enterprise Customer Number (ECN): 357037192323618 | Address Line 2: | | |
| Account Relationship: Sole Owner | Address Line 3: | | |

| Taxpayer Identification Number (TIN): ●●●●●698 | TIN Type: EIN | City: OAKLAND | | State: CA |
|---|---|---|---|---|
| Business Type: Limited Liability Company | | ZIP/Postal Code: 94612-2060 | | Country: US |

| Business Sub-Type/Tax Classification: | Non-Profit: No | Business Phone: 415/867-5797 | Fax: |
|---|---|---|---|
| Date Originally Established: 12/19/2013 | Current Ownership Since: | Number of Employees: 1 | Cellular Phone: | Pager: |
| Annual Gross Sales: $0.00 | Year Sales Reported: 06/18/2013 | Fiscal Year End: | e-Mail Address: dennisy@yahoo.com |
| Primary Financial Institution: | Number of Locations: 1 | | Website: |
| Primary State 1: | Primary State 2: | Primary State 3: | Sales Market: LOCAL |
| Primary Country 1: | Primary Country 2: | Primary Country 3: | |

Industry:
Professional, Scientific, and Technical Services

Description of Business:
Lagal Services

Major Suppliers/Customers:

## Bank Use Only

| Name/Entity Verification: | Address Verification: | | BACC Reference Number: |
|---|---|---|---|
| Secretary of State | | | 6141690003688 |

| Document Filing Number/Description: 201336010206 | Filing Country: US | Filing State: CA | Filing Date: 12/19/2013 | Expiration Date: |
|---|---|---|---|---|
| Country of Registration: US | State of Registration: CA | International Transactions: | | Check Reporting: NO RECORD |

| Customer 1 Name: | Internet Gambling Business?: |
|---|---|
| LEGAL RECOVERY, LLC | No |



2W02-000658846916-02

## Owner/Key Individual 1 Information

| | | |
|---|---|---|
| **Customer Name:** | | **Residence Address:** |
| DEMAS W YAN | | 1433 7TH AVE |
| **Business Relationship:** | | **Address Line 2:** |
| Owner with Control of the Entity | | |

| Position/Title: | Date of Birth: | Enterprise Customer Number (ECN): | Address Line 3: | | |
|---|---|---|---|---|---|
| ATTORNEY | | 548518441930515 | | | |

| Taxpayer Identification Number (TIN): | TIN Type: | City: | State: |
|---|---|---|---|
| 68 | SSN | SAN FRANCISCO | CA |

| Primary ID Type: | Primary ID Description: | ZIP/Postal Code: | Country: |
|---|---|---|---|
| DLIC | 6 | 94122-3702 | US |

| Primary ID St/Ctry/Prov: | Primary ID Issue Date: | Primary ID Expiration Date: | Check Reporting: |
|---|---|---|---|
| CA | 01/05/2010 | 01/05/2015 | NO RECORD |

| Secondary ID Type: | Secondary ID Description: |
|---|---|
| OTHR DC | WF VISA DC |

| Secondary ID State/Country: | Secondary ID Issue Date: | Secondary ID Expiration Date: |
|---|---|---|
| | 01/01/2008 | 10/01/2016 |

| Country of Citizenship: | Permanently Resides in US: |
|---|---|
| US | |



Case: 24-30074   Doc# 77-1   Filed: 06/20/24   Entered: 06/20/24 20:03:06   Page 14 of 44

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

A. **The Customer's use of any Bank deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application or whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

(1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

(2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

(3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

(4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

(1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

(2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

(3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

| Owner/Key Individual 1 Name | Position/Title: |
|---|---|
| DEMAS W YAN | ATTORNEY |

Owner/Key Individual 1 Signature



☐ Submit manually
☐ Signature not required

Date:
06/18/2014

Case: 24-30074 Doc# 77-1 Filed: 06/20/24 Entered: 06/20/24 20:03:06 Page 15 of 44

## Request for Taxpayer Identification Number and Certification

(Substitute Form W-9)

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. UNLESS I HAVE CHECKED ONE OF THE BOXES BELOW, I am not subject to backup withholding either because I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the IRS has notified me that I am no longer subject to backup withholding (does not apply to real estate transactions, mortgage interest paid, the acquisition or abandonment of secured property, contributions to an individual Retirement Arrangement (IRA), and payment other than interest and dividends).

☐ I am subject to backup withholding    ☐ I am exempt from backup withholding

3. I am a U.S. citizen or other U.S. person.

4. I am exempt from Foreign Account Tax Compliance Act (FATCA) reporting.

**Note: The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

Tax Responsible Customer Name:
LEGAL RECOVERY, LLC

Taxpayer Identification Number (TIN):
⬛⬛⬛98

TIN Certification Signature:

☐ Submit manually
☐ Signature not required

Date:
06/18/2014

## Authorized Signers - Signature Capture

Authorized Signer 1 Name
DEMAS W YAN

Position/Title:
ATTORNEY

Authorized Signer 1 Signature

☐ Submit manually
☐ Signature not required

Date:
06/18/2014



# EXHIBIT 3

# Wells Fargo Business Choice Checking

October 31, 2020 ■ Page 1 of 5



LEGAL RECOVERY, LLC
300 F H OGAWA PLZ STE 210
OAKLAND CA 94612-2060

### Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted
**1-800-CALL-WELLS** (1-800-225-5935)

TTY: 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

### Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |



# ✔ IMPORTANT ACCOUNT INFORMATION

We're making important changes to the terms and conditions of several of our accounts. If these changes affect you, a detailed message is included below your transaction detail for each impacted account.

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 10/1 | $2,185.17 |
| Deposits/Credits | 46,150.00 |
| Withdrawals/Debits | - 48,044.36 |
| **Ending balance on 10/31** | **$290.81** |
| Average ledger balance this period | $6,202.05 |

Account number: ▓▓▓▓▓▓60
**LEGAL RECOVERY, LLC**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

October 31, 2020 ▪ Page 2 of 5



**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|------|------|------|------|------|
| 10/1 | | Online Transfer From Demas W Yan Business Checking xxxxxx0211 Ref #Ib08Xz654H on 10/01/20 | 20,000.00 | | 22,185.17 |
| 10/5 | | Online Transfer From Demas W Yan Business Checking xxxxxx0211 Ref #Ib08Yttqtq on 10/05/20 | 6,000.00 | | |
| 10/5 | < | Business to Business ACH Debit - Jpmorgan Chase Ext Trnsfr 201005 10386458795 Tina F Yan | | 20,000.00 | 8,185.17 |
| 10/13 | < | Business to Business ACH Debit - Jpmorgan Chase Ext Trnsfr 201013 10429091767 Tina F Yan | | 6,000.00 | 2,185.17 |
| 10/16 | | Online Transfer From Demas W Yan Business Checking xxxxxx0211 Ref #Ib092Vfy82 on 10/16/20 | 8,000.00 | | |
| 10/16 | 1063 | Check | | 1,000.00 | 9,185.17 |
| 10/19 | | Online Transfer From Demas W Yan Business Checking xxxxxx0211 Ref #Ib093245P2 on 10/17/20 | 12,000.00 | | |
| 10/19 | 1065 | Check | | 10,000.00 | |
| 10/19 | 1064 | Check | | 10,894.36 | 290.81 |
| 10/26 | | Recurring Transfer From Legal Recovery, LLC Business Market Rate Savings Ref #Op09442Y9Y xxxxxx0421 | 150.00 | | 440.81 |
| 10/27 | | Recurring Transfer to Legal Recovery, LLC Business Market Rate Savings Ref #Op094J9N8x xxxxxx0421 | | 150.00 | 290.81 |
| **Ending balance on 10/31** | | | | | **290.81** |
| **Totals** | | | **$46,150.00** | **$48,044.36** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

< *Business to Business ACH:If this is a business account, this transaction has a return time frame of one business day from post date. This time frame does not apply to consumer accounts.*

**Summary of checks written**  *(checks listed are also displayed in the preceding Transaction history)*

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|------|------|------|------|------|------|------|------|------|
| 1063 | 10/16 | 1,000.00 | 1064 | 10/19 | 10,894.36 | 1065 | 10/19 | 10,000.00 |

**Monthly service fee summary**

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 10/01/2020 - 10/31/2020 | Standard monthly service fee $0.00 | You paid $0.00 |
|------|------|------|

WXAN5

Case: 24-30074    Doc# 77-1    Filed: 06/20/24    Entered: 06/20/24 20:03:06    Page 19 of 44

October 31, 2020 ▪ Page 3 of 5



## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 7,500 | 0 | 0.0030 | 0.00 |
| Transactions | 5 | 200 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

**IMPORTANT ACCOUNT INFORMATION:**

**Your Wells Fargo Business Choice Checking account is changing.**

**Effective with the fee period beginning after October 8, 2020,** the current options to avoid the $14 monthly service fee, as displayed in the monthly service fee summary section of this statement above, will no longer be available. Once these changes are effective, the monthly service fee can be avoided with ONE of the following new options each fee period:

- Maintain a $500 minimum daily balance
- Maintain a $1,000 average ledger balance

If you do not meet one of the options above, the monthly service fee will be charged for fee periods ending on or after November 9, 2020.

Your monthly service fee is currently waived and will continue to be waived unless we inform you of a change in the future.

**In addition, effective with the fee period beginning after October 8, 2020,** other features of your account will change:

- Your account will continue to include 200 Transactions at no charge each fee period. The fee for Transactions over 200 each fee period remains at $0.50 each.
- The definition of Transactions is changing to include all checks deposited and all withdrawals or debits posted to your account, including paper and electronic, except debit card purchases and debit card payments.

**Fee Period:** The fee period is the period used to calculate monthly fees. Your statement includes a monthly service fee summary with the dates of the fee period. The monthly service fee summary is also available through Wells Fargo Business Online® or Wells Fargo Mobile®.

**What remains the same:**
- You can continue to use your debit card.
- The Business Fee and Information Schedule and Deposit Account Agreement, as amended, continue to apply.

If you have questions about these changes, please contact your local banker or call the number listed on this statement.

Thank you for banking with Wells Fargo. We appreciate your business.

 # IMPORTANT ACCOUNT INFORMATION

Effective on or after November 30, 2020, (1) Wells Fargo branches will no longer be able to issue Wells Fargo Instant Issue Debit Cards and/or Business Instant Issue Debit Cards in certain circumstances, and (2) Wells Fargo branches in the states of South Carolina and



Washington will no longer be able to issue Wells Fargo Instant Issue Debit Cards, Wells Fargo Business Instant Issue Debit Cards, and/or EasyPay Instant Cards. If you need a replacement card, you may request one by signing on to Wells Fargo Online® or calling the number on your statement. Once requested, replacement cards typically arrive in 5 to 7 calendar days. If you previously added your current Wells Fargo Debit Card or EasyPay Card to your Wells Fargo-supported digital wallet, you may continue to make purchases and access Wells Fargo ATMs using your digital wallet while you wait for your replacement card to arrive. For more details on digital wallets, please visit wellsfargo.com/mobile/payments.

---

IMPORTANT ACCOUNT INFORMATION

**Regulation D and Wells Fargo withdrawal and transfer restrictions on all savings accounts have been discontinued.**

The Federal Reserve Board recently removed Regulation D's six transaction limit on certain withdrawals and transfers from savings accounts, and allowed banks to suspend enforcement of that limit at each bank's discretion. Your Deposit Account Agreement states that both Regulation D and Wells Fargo limit certain types of withdrawals and transfers from a savings account to a combined total of six per monthly fee period. This message is to advise you that these limits were removed in May 2020. We have also discontinued charging the related excess activity fees, and have ceased account conversions and account closures related to the six withdrawal or transfer limit.

While it will take a period of time to update our disclosures and other materials, the changes described above apply to your account immediately and allow you to make withdrawals and transfers, including online and mobile, from your savings account without regard to the previous limit of six transactions. If you have any questions about your account, please call the phone number at the top of your statement or visit your Wells Fargo branch.

October 31, 2020  •  Page 5 of 5



## General statement policies for Wells Fargo Bank

■ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**

**B.** Any deposits listed in your          $ _____
register or transfers into          $ _____
your account which are not          $ _____
shown on your statement.          + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . . . $ . _____

| Number | Items Outstanding | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  | **Total amount** $ |

©2010 Wells Fargo Bank, N.A. All rights reserved.  Member FDIC.  NMLSR ID 399801

# EXHIBIT 4

# Wells Fargo Business Choice Checking

November 30, 2019 ■ Page 1 of 4



LEGAL RECOVERY, LLC
300 F H OGAWA PLZ STE 210
OAKLAND CA 94612-2060

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted
**1-800-CALL-WELLS** (1-800-225-5935)

TTY: 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 11/1 | $816.17 |
| Deposits/Credits | 10,150.00 |
| Withdrawals/Debits | - 8,214.00 |
| **Ending balance on 11/30** | **$2,752.17** |
| Average ledger balance this period | $2,504.03 |

Account number: ●●●●●●●60

**LEGAL RECOVERY, LLC**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.



## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|------|------|------|------|------|
| 11/5 | | Online Transfer From Demas W Yan Business Checking xxxxxx0211 Ref #Ib074Jxbct on 11/05/19 | 10,000.00 | | 2,752.17 |
| 11/5 | 1128 | Deposited OR Cashed Check | | 8,064.00 | 2,752.17 |
| 11/25 | | Recurring Transfer From Legal Recovery, LLC Business Market Rate Savings Ref #Op0778Q4Ws xxxxxx0421 | 150.00 | | 2,902.17 |
| 11/27 | | Recurring Transfer to Legal Recovery, LLC Business Market Rate Savings Ref #Op077Mjltd xxxxxx0421 | | 150.00 | 2,752.17 |
| **Ending balance on 11/30** | | | | | 2,752.17 |
| **Totals** | | | **$10,150.00** | **$8,214.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

**Summary of checks written**   *(checks listed are also displayed in the preceding Transaction history)*

| Number | Date | Amount |
|------|------|------|
| 1128 | 11/5 | 8,064.00 |

**Monthly service fee summary**

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 11/01/2019 - 11/30/2019 | Standard monthly service fee $0.00 | You paid $0.00 |
|------|------|------|
| WXJW5 | | |

**Account transaction fees summary**

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|------|------|------|------|------|------|
| Cash Deposited ($) | 0 | 7,500 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 200 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

 # IMPORTANT ACCOUNT INFORMATION

We are updating the Wells Fargo Deposit Account Agreement as follows:

Effective December 31, 2019, in the section of the Agreement titled, "Rights and Responsibilities", the response to "Is your wireless operator authorized to provide information to assist in verifying your identity?" is deleted and replaced with the following:

November 30, 2019 ▪ Page 3 of 4



Yes, and as part of your account relationship, we may rely on this information to assist in verifying your identity. You understand and agree that Wells Fargo may collect, use and retain personal or other information about you or your device pursuant to Wells Fargo's policies or as required by applicable law.

You authorize your wireless operator to disclose your mobile number, name, address, email, network status, customer type, customer role, billing type, mobile device identifiers (IMSI and IMEI) and other subscriber and device details, if available, to Wells Fargo and service providers for the duration of the business relationship, solely for identity verification and fraud avoidance. Review our Privacy Policy for how we treat your data. You represent that you are the owner of the mobile phone number or have the delegated legal authority to act on behalf of the mobile subscriber to provide this consent.

November 30, 2019 ▪ Page 4 of 4



## General statement policies for Wells Fargo Bank

▪ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**

**B.** Any deposits listed in your     $ _____
register or transfers into        $ _____
your account which are not        $ _____
shown on your statement.        + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . . $ _____

| Number | Items Outstanding | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  | **Total amount $** _____ |

©2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

# EXHIBIT 5

CHONG S LO

SAN FRANCISCO, CA 94127-2722

90-2267/1211

1581

Date 11/2/2012

PAY TO THE ORDER OF _Legal Recovery_

$ 2,500

Two thousand fin Hundred Hg Dollars

**US bank.**

Memo

⑆1211267⑆ 1931 ⑈1581⑈

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

CHECK HERE AFTER MOBILE OR REMOTE DEPOSIT

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

Security Screen
Chemical Sensitive Paper
Security Features:
MicroPrint Line

The security features listed below, as well as those not listed, exceed industry guidelines.

Results of document alteration:
MP small type in line appears as posted line when photocopied
Staining or spots may appear with chemical alteration
Absence of "Original Document" verbiage on back of check

REQUEST 00000000008409656    2500.00
20201109 000000472847419+
ACCT 000153457410824+
REQUESTOR VICKI.M.VILLA
25483290  08/09/2021 Research 25483852

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 6

LEGAL RECOVERY, LLC
300 Frank H. Ogawa Plaza
Suite 249
Oakland, CA 94612

1134

11-4288/1210

3/11 20 2

Pay to the Order of _Tung Lun_     $ 7,3 00 ⁰⁰

_Seven Thousand Three Hundred_ — Dollars

Wells Fargo Bank, N.A.
California

For _Roof Repair 1433 7h Ave_

⑆121042882⑆ ▊▊▊▊▊⑈ 1134

REQUEST 00000000008409660   7300.00
20200316 000008418792494+
ACCT 000008558608660+
REQUESTOR VICKI.M.VILLA
25483290 08/09/2021 Research 25483851

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 7

   
| Aprir 2020 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 29 | 30 | 31 | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |

New Balance
**$3,350.21**
Minimum Payment Due
**$92.00**
Payment Due Date
**04/04/20**

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $39.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 13 years | $8,507 |
| $131 | 3 years | $4,730 (Savings=$3,777) |

If you would like information about credit counseling services, call 1-866-797-2885.

## ACCOUNT SUMMARY

| Account Number | 3225 |
|---|---|
| Previous Balance | $2,627.03 |
| Payment, Credits | -$67.00 |
| Purchases | +$731.46 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | $0.00 |
| Interest Charged | +$58.66 |
| **New Balance** | **$3,350.21** |
| Opening/Closing Date | 02/08/20 - 03/07/20 |
| Credit Access Line | $4,400 |
| Available Credit | $1,049 |
| Cash Access Line | $880 |
| Available for Cash | $880 |
| Past Due Amount | $0.00 |
| Balance over the Credit Access Line | $0.00 |

## POINTS SUMMARY

| Previous points balance | 14,452 |
|---|---|
| +5% Back on Amazon.com purchases | 0 |
| +3% Back on Whole Foods Market purchases | 0 |
| +2% Back at gas stations | 0 |
| +2% Back at restaurants | 120 |
| +2% Back at drugstores | 165 |
| +1% Back on all other purchases | 590 |
| **Total points available for redemption** | **15,327** |

"% Back rewards" are the rewards you earn under the program. % Back rewards are tracked as points and each $1 in % Back rewards earned is equal to 100 pts. You can redeem your points toward millions of items when you shop at Amazon.com or for cash back, gift cards and travel at chase.com/amazonrewards.

To see if your card earns 5% Back or 3% Back on Amazon.com and Whole Foods Market purchases, sign into an Amazon.com account where your card is loaded, visit "Your Account" page, click the "Manage Payment Options" page under the "Payment Methods" section, and expand the details of your credit card. If that Amazon.com account has an eligible Prime membership, and your card could be earning 5% Back on Amazon.com and Whole Foods Market purchases, you'll see how to start earning 5% Back on Amazon.com and Whole Foods Market purchases. You can go to Chase.com to see whether you earned 5% Back or 3% Back on previous Amazon.com and Whole Foods Market purchases.

Have a question about what you ordered at Amazon.com? Sign in to your Amazon.com account and go to "Your Account," then "Your Orders" to view your recent orders. For questions about purchases or returns, call Amazon Customer Service at 1-866-216-1072.

## YOUR ACCOUNT MESSAGES

Congratulations! Your credit line has been increased. Take advantage of your enhanced spending power to make purchases and transfer balances today.

0000001 FIS03059 C 3
8441
Y 9 07 03/03/07
Page 1 of 2
00236 MA MA 81688
09719000000002169501

 **amazon** | Credit Cards
CHASE

46401820993332250000920000335021000000004

P.O. BOX 15123
WILMINGTON, DE 19850-5123
For Undeliverable Mail Only

Make your payment at
chase.com/paycard

| Payment Due Date: | 04/04/20 |
|---|---|
| New Balance: | $3,350.21 |
| Minimum Payment: | $92.00 |

Account number: 4640 1820 9933 3225

$ _____ Amount Enclosed
Make/Mail to Chase Card Services at the address below:

81688 BEX 9 0C700 C
**DEMAS YAN**
1433 7TH AVE
SAN FRANCISCO CA 94122-3702

CARDMEMBER SERVICE
PO BOX 6294
CAROL STREAM IL 60197-6294

5000 1L0 28   18 2 2099 3 3 3 259

# EXHIBIT 8

LEGAL RECOVERY, LLC
300 Frank H. Ogawa Plaza
Suite 249
Oakland, CA 94612

1122

11-4288/1210

Pay to the Order of _Cheuk Tin Yan_

$ 9,000.00

_Nine Thousand_ Dollars

Wells Fargo Bank, N.A.
California

For

⑆12104288 2⑈ ⑈608⑈ 1122

REQUEST 00000000008409660    9000.00
20190802 000008110210077+
ACCT 000008558608660+
REQUESTOR VICKI.M.VILLA
25483290  08/09/2021 Research 25483851

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 9

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# CITY AND COUNTY OF SAN FRANCISCO

**3052016185128**
STATE FILE NUMBER

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11(REV 3/00)

**3201638004390**
LOCAL REGISTRATION NUMBER

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT– FIRST (Given) | CHEUK |
| 2. MIDDLE | TIN |
| 3. LAST (Family) | YAN |
| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | |
| 4. DATE OF BIRTH mm/dd/ccyy | 07/12/1929 |
| 5. AGE Yrs. | 87 |
| 6. SEX | M |
| 9. BIRTH STATE/FOREIGN COUNTRY | CHINA |
| 10. SOCIAL SECURITY NUMBER | 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 |
| 11. EVER IN U.S. ARMED FORCES? | YES [X] NO UNK |
| 12. MARITAL STATUS/SRDP (at Time of Death) | MARRIED |
| 7. DATE OF DEATH mm/dd/ccyy | 09/16/2016 |
| 8. HOUR (24 Hours) | 2327 |
| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | HS GRADUATE |
| 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? | YES [X] NO |
| 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) | CHINESE |
| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | TAILOR |
| 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | GARMENT |
| 19. YEARS IN OCCUPATION | 40 |

**USUAL RESIDENCE**

| Field | Value |
|---|---|
| 20. DECEDENT'S RESIDENCE (Street and number, or location) | 1433 - 7TH AVENUE |
| 21. CITY | SAN FRANCISCO |
| 22. COUNTY/PROVINCE | SAN FRANCISCO |
| 23. ZIP CODE | 94122 |
| 24. YEARS IN COUNTY | 43 |
| 25. STATE/FOREIGN COUNTRY | CALIFORNIA |

**INFORMANT**

| Field | Value |
|---|---|
| 26. INFORMANT'S NAME, RELATIONSHIP | WHITNEY WAI CHAM YAN, SON |
| 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) | 1433 - 7TH AVENUE, SAN FRANCISCO, CA 94122 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| Field | Value |
|---|---|
| 28. NAME OF SURVIVING SPOUSE/SRDP–FIRST | TINA |
| 29. MIDDLE | F. |
| 30. LAST (BIRTH NAME) | YU |
| 31. NAME OF FATHER/PARENT–FIRST | LAP-FU |
| 32. MIDDLE | |
| 33. LAST | YAN |
| 34. BIRTH STATE | CHINA |
| 35. NAME OF MOTHER/PARENT–FIRST | KUM-KEE |
| 36. MIDDLE | |
| 37. LAST (BIRTH NAME) | YU |
| 38. BIRTH STATE | CHINA |

**FUNERAL DIRECTOR / LOCAL REGISTRAR**

| Field | Value |
|---|---|
| 39. DISPOSITION DATE mm/dd/ccyy | 09/25/2016 |
| 40. PLACE OF FINAL DISPOSITION | CYPRESS LAWN MEMORIAL PARK, 1370 EL CAMINO REAL, COLMA, CA 94014 |
| 41. TYPE OF DISPOSITION(S) | BU |
| 42. SIGNATURE OF EMBALMER | JACQUELINE YOUNG WOODWARD |
| 43. LICENSE NUMBER | EMB9428 |
| 44. NAME OF FUNERAL ESTABLISHMENT | CYPRESS LAWN FUNERAL HOME |
| 45. LICENSE NUMBER | FD 1797 |
| 46. SIGNATURE OF LOCAL REGISTRAR | TOMAS ARAGON, MD, DR.P.H. |
| 47. DATE mm/dd/ccyy | 09/22/2016 |

**PLACE OF DEATH**

| Field | Value |
|---|---|
| 101. PLACE OF DEATH | RESIDENCE |
| 102. IF HOSPITAL, SPECIFY ONE | IP ER/OP DOA |
| 103. IF OTHER THAN HOSPITAL, SPECIFY ONE | Hospice / Nursing Home/LTC / [X] Decedent's Home / Other |
| 104. COUNTY | SAN FRANCISCO |
| 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 1433 7TH AVENUE |
| 106. CITY | SAN FRANCISCO |

**CAUSE OF DEATH**

| Field | Value |
|---|---|
| 107. CAUSE OF DEATH | IMMEDIATE CAUSE (Final disease or condition resulting in death) (a) RESPIRATORY FAILURE — 1YEAR; (b) AMYOTROPHIC LATERAL SCLEROSIS — 2 YRS |
| 108. DEATH REPORTED TO CORONER? | [X] YES NO — NC 2016-2303 |
| 109. BIOPSY PERFORMED? | YES [X] NO |
| 110. AUTOPSY PERFORMED? | YES [X] NO |
| 111. USED IN DETERMINING CAUSE? | YES NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | |
| 113A. IF FEMALE, PREGNANT IN LAST YEAR? | YES NO UNK |

**PHYSICIAN'S CERTIFICATION**

| Field | Value |
|---|---|
| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | Decedent Attended Since 05/14/1996 — Decedent Last Seen Alive 08/24/2016 |
| 115. SIGNATURE AND TITLE OF CERTIFIER | CHUK W. KWAN M.D. |
| 116. LICENSE NUMBER | G32238 |
| 117. DATE mm/dd/ccyy | 09/21/2016 |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | CHUK WING KWAN M.D. — 929 CLAY STREET #600, SAN FRANCISCO, CA 94108 |

**CORONER'S USE ONLY**

| Field | Value |
|---|---|
| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH | Natural / Accident / Homicide / Suicide / Pending Investigation / Could not be determined |
| 120. INJURED AT WORK? | YES NO UNK |
| 121. INJURY DATE mm/dd/ccyy | |
| 122. HOUR (24 Hours) | |
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | |
| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | |
| 127. DATE mm/dd/ccyy | |
| 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | |

**STATE REGISTRAR** A B C D E

*01000100334B690*

FAX AUTH.#          CENSUS TRACT

CASANFRA01

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

This is to certify that the image reproduced hereupon is a true copy of the record on file in the San Francisco Department of Public Health as of the date issued.

003565609

**DATE ISSUED**    JUL 2 6 2017

Tomás Aragón
TOMAS ARAGON, MD, DrPH

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the City and County Health Officer.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# EXHIBIT 10

LEGAL RECOVERY, LLC
300 Frank H. Ogawa Plaza
Suite 249
Oakland, CA 94612

**1065**
11-4288/1210

_10_/_15_ 20_2 6_

Pay to the Order of _USA National Title Company_ $ _10,000.00_

_Ten Thousand_ Dollars

Wells Fargo Bank, N.A.
California

Escrow # _182001923-JG_
For: Add: _689 13th Street SF_

⑆121041288 2⑆ ⬛⬛⬛⬛⬛⬛60⑈ 1065

BOTW >121100782< 10/17/2020 0010203308462
USA NATIONAL TITLE COMPANY INC
ESCROW ACCOUNT
037521062
PAY TO THE ORDER OF
BANK OF THE WEST
FOR DEPOSIT ONLY

REQUEST 00000000008409660    10000.00
20201019 000008819621005+
ACCT 000008558608660+
REQUESTOR VICKI.M.VILLA
25483290  08/09/2021 Research 25483851

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 11

LEGAL RECOVERY, LLC
300 Frank H. Ogawa Plaza
Suite 240
Oakland, CA 94612

1120
11-4288/1210

3/1 20 /9

Pay to the
Order of _Nga Nguyen_ $ 3,097.00

_Three Thousand Thirty Seven_ Dollars

Wells Fargo Bank, N.A.
California

For _rent 9 & 87_

⑆121042882⑆ 8560⑈ 1120

6648100770

CREDITED TO THE ACCOUNT OF THE
WITHIN NAMED PAYEE
LACK OF ENDORSEMENT GUARANTEED
WELLS FARGO BANK, N.A.
AU 00045
AU 00045

Deposit Act #
5402 0 3 02 0 7

REQUEST 00000000008409660   3097.00
20190304 000006648100770+
ACCT 000008558608660+
REQUESTOR VICKI.M.VILLA
25483290  08/09/2021 Research 25483851

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 12

GEOFFREY E. WIGGS (SBN 276041)
NADYA MACHRUS (SBN 334413)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtor
Tina Foon Yan

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | **Case No.: 23-30020** |
| **TINA FOON YAN** | Chapter 13 |
| Debtor. | **MOTION TO APPOINT NEXT FRIEND** |

Debtor through counsel represents as follows:

1. On January 10, 2023, a Petition under Chapter 13 was filed with this Court to prevent an imminent foreclosure of Debtor's home.

2. The debtor's adult son, Dennis Yan, has caused this petition to be filed on Debtor's behalf. He is one of the five adult children of Debtor, Tina Foon Yan.

3. Dennis Yan is acting as Debtor's Attorney-In-Fact under a validly executed Durable Power of Attorney.

4. Debtor is 92 years of age, has advanced Alzheimers disease, and is not competent to file a Petition on her own.

5. Debtor lives at 1433 7th Ave, San Francisco, California, 94122, with around-the-clock care.

6. No guardian or conservator has been appointed for Debtor.

- 1 -

7. The Chapter 13 Petition was necessary to stop an imminent foreclosure of Debtor's home located at 1433 7th Ave, San Francisco, California 94122.

8. Debtor's son is in the process of applying for a loan modification on behalf of the debtor to preserve her home as an asset.

oo0oo

Respectfully submitted,

Dated <u>January 10, 2023</u>

LAW OFFICES OF GEOFF WIGGS

<u>/s/ *Geoffrey E. Wiggs, Esq.*</u>
Geoffrey E. Wiggs, Esq