Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>LEGAL RECOVERY, LLC<br><br>Debtor, | Case No.: 24-30074<br>Chapter 11<br><br>**CREDITOR CHARLES LI'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTS BY DEMAS YAN, THE MANAGER OF DEBTOR LEGAL RECOVERY, LLC** |

**TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT:**

Creditor Charles Li submits this ex parte application ("***Application***") in the above-captioned Chapter 11 case of Legal Recovery, LLC (the "***Debtor***"), for an order authorizing an oral examination of, and the production of documents by Demas Yan, the manager of Debtor, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 2004-1 (the "***2004 Examination***"). A 2004 Examination of Mr. Yan is necessary to fully investigate potential assets of the estate.

# I.    BACKGROUND

On February 6, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On February 20, 2024, the Debtor filed an amended voluntary petition, electing to proceed under Subchapter V of Chapter 11.

The petition and amended petition were both signed by Demas Yan, as Debtor's "manager."

The first meeting of creditors required under section 341(a) of the Bankruptcy Code (the "341 Meeting") was set for March 4, 2024. Debtor's counsel did not appear, and the meeting was continued to March 19, 2024. On March 19, 2024, Debtor appeared with counsel, and the meeting was continued to April 9, 2024. On April 9, 2024, Debtor appeared with counsel, and the meeting was continued to April 30, 2024. On April 30, 2024, Debtor's counsel did not appear, and the meeting was continued to May 14, 2024. On May 14, 2024, the meeting was held and concluded.

During the 341 Meeting, Mr. Yan testified on behalf of Debtor. Of particular interest, Mr. Yan testified that Debtor has no business activity other than its lawsuits against Martin Eng and related parties, that it has no assets other than the Eng property it successfully executed upon, and that it filed no tax returns because of such lack of activity. However, Creditor Li has separate evidence and indications that Debtor has engaged in other economic activities, conducted potentially taxable income and expense transactions, is related to other similarly-named entities, and acquired other assets. In particular, Creditor has found evidence of escrows opened for other real property.

Mr. Yan lives and works in the Bay Area, within 100 miles of the office where Creditor Charles Li proposes to conduct the examination.

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004

1       Creditor Charles Li requests a 2004 Examination of Mr. Yan, including

2 the production of relevant documents in his possession, custody or control, so that he can

3 investigate potential assets of the Debtor.

4       A proposed order authorizing a 2004 Examination of Mr. Yan is attached

5 hereto as Exhibit A.

6 **II.    LEGAL DISCUSSION**

7       **A.  Creditor Charles Li Is Entitled to a 2004 Examination Pursuant to**

8          **Bankruptcy Rule 2004 and Applicable Local Rules.**

9       Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest,

10 the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The term

11 entity includes persons. Bankr. Code § 101(15). Examinations under Bankruptcy Rule

12 2004 include within their scope any matter related to assets, liabilities, or the financial

13 condition of the debtor; or any matter which may affect the administration of a debtor's

14 estate. See Fed. R. Bankr. P. 2004(b). A person may be compelled to attend an

15 examination, including outside the district where the case is pending, by issuance of a

16 subpoena and as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c).

17       Local Bankruptcy Rule 2004-1(a) provides: "The Clerk may issue on

18 behalf of the Court, ex parte and without notice, orders granting applications for

19 examination of an entity pursuant to Bankruptcy Rule 2004(a)."

20       **B.  The Court Should Broadly Authorize a 2004 Examination of Demas**

21          **Yan, Debtor's Manager, to Investigate the Debtor's Potential Assets.**

22       The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry

23 into the debtor's acts, conduct or financial affairs so as to discover the existence and

24 location of assets of the estate." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993). *See*

25 *also In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy

26 Rule 2004 examination is "discovering assets and unearthing frauds") (internal citations

27 omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose

28

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY
RULE 2004

1    is to ascertain "the extent and location of the estate's assets [and] examination is not

2    limited to the debtor or his agents, but may properly extend to creditors and third parties

3    who have had dealings with the debtor.") (internal citations omitted). The scope of an

4    examination permitted under Bankruptcy Rule 2004 is "unfettered and broad." *In re*

5    *Dinubilo,* 177 B.R. at 939. *See also In re W&S Investments, Inc.* 985 F.2d 577 (9th Cir.

6    1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very

7    broad and can legitimately be in the nature of a 'fishing expedition.'" (internal citations

8    omitted).

9           This broad inquiry extends to third parties as well: "Because the purpose

10   of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can

11   be shown to have a relationship with the debtor can be made subject to a Rule 2004

12   investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); see also

13   *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. D. Wis. 1984) ("When there is a showing that

14   the purpose of the examination is to enable a party to probe into matters which may lead

15   to the discovery of assets by examining not only the debtor, but also other witnesses, such

16   inquiry is allowed."). This is because "[t]he clear intent of Rule 2004 . . . is to give parties

17   in interest an opportunity to examine individuals having knowledge of the financial

18   affairs of the debtor in order to preserve the rights of creditors." *In re GHR Companies,*

19   *Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

20          In this case, Creditor Charles Li believes that when Debtor's manager,

21   Demas Yan, is questioned about specific documents and transactions, he would not be

22   able to claim lack of memory of knowledge, as he did prolifically during the meeting of

23   creditors. Yan asserted at the meeting that Debtor has not filed any tax returns because it

24   had no economic activities or assets. Creditor Li is entitled to ask him about specific

25   transactions and assets that have come up.

26          These issues are separate and apart from those raised in Charles Li's

27   adversary proceeding against Debtor seeking judgment that Debtor's debt to Charles Li is

28

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY
RULE 2004

1  non-dischargeable – a proceeding that this Court has ordered dismissed, with 60-days

2  leave to amend.

3         Accordingly, creditor Charles Li seeks a 2004 Examination of Debtor,

4  consisting of the production of the documents described in the attachments to the

5  proposed orders and oral examination in San Francisco, California, on July 19, 2024, at

6  10:00 a.m., or on such other dates and times as may be agreed.

7         **WHEREFORE**, Creditor Charles Li respectfully requests that the Court:

8      1.    Grant this Application;

9      2.    Enter the attached order (Exhibit A) authorizing an oral

10  examination of Demas Yan Debtor on July 19, 2024 at 10:00 a.m. and requiring Mr. Yan

11  to produce the documents sought before close of business on July 15, 2024, with both the

12  oral examination and the production to take place at Jan Brown & Associates, Court

13  Reporters, 701 Battery Street, San Francisco, California; and

14      3.    Order such other and further relief as may be appropriate.

15

16  DATED: June 21, 2024

17              /s/ Duy Thai
                    Duy Thai

18                 Attorney for Charles Li

19

20

21

22

23

24

25

26

27

28

5

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004