# Exhibit A

Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

In Re:

LEGAL RECOVERY, LLC

Debtor,

Case No.: 24-30074
Chapter 11

**ORDER AUTHORIZING EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY DEMAS YAN PURSUANT TO BANKRUPTCY RULE 2004**

This matter came before the Court without a hearing upon consideration of *Creditor Charles Li's Ex Parte Application for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination and Production of Documents by Demas Yan, the Manager of Debtor Legal Recovery, LLC* (the "*Application*"). Based upon the Court's review of the Application, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that

1. The Application is granted, and Creditor Charles Li may issue a subpoena pursuant to this order; and

2. Demas Yan shall appear for an oral examination on July 19, 2024 at 10:00 a.m. and shall produce documents described below before close of business on July 15, 2024, or on such other dates as may be agreed to in writing between Charles Li and Demas Yan, with both the oral examination and the production to take place at the

1    law offices of Duy Thai at Jan Brown & Associates, Court Reporters, 701 Battery Street,

2    San Francisco, California.

3              **DOCUMENTS TO BE PRODUCED BY DEMAS YAN**

4

5                 **DEFINITIONS AND INSTRUCTIONS**

6        A.  "DEBTOR" means Legal Recovery, LLC.

7        B.  "YOU" and "YOUR" mean Demas Yan.

8        C.  "DOCUMENT" or "DOCUMENTS" is used in the broadest sense possible

9    and includes, without limitation, any writings as defined by Rule 1001 of the Federal

10   Rules of Evidence and electronically stored information as described by Rule

11   34(b)(2)(E). In particular, "DOCUMENT" includes both originals and copies, as well as

12   electronically stored information that is stored in any medium from which information

13   can be obtained.

14        D. "TRANSFER" means a transfer of cash or other property, including by means

15   of check, wire transfer, debit or credit to an account, or the exchange of inventory or

16   other property.

17        E. Each request contained herein extends to any DOCUMENTS in YOUR

18   possession, custody or control. A DOCUMENT is deemed to be in YOUR possession,

19   custody or control, (1) if it is in YOUR physical custody, or (2) if it is in the physical

20   custody of any other person and YOU (a) own such DOCUMENT in whole or in part; (b)

21   YOU have a right by contract, statute or otherwise to sue, inspect, examine or copy such

22   DOCUMENT on any terms; (c) YOU have an understanding, express or implied, that

23   YOU may use, inspect, examine or copy such DOCUMENT on any terms; or (d) YOU

24   have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT

25   when YOU have sought to do so. Such DOCUMENTS shall include, without limitation,

26   DOCUMENTS that are in the custody of YOUR attorneys or other agents.

27        F. If a DOCUMENT exists only within the memory of a computer or computer

28   disc, a copy of that data should be produced in machine-readable form (i.e., native

ORDER PURSUANT TO BANKRUPTCY RULE 2004

format), and a "hard" copy of the DOCUMENT should be printed and produced, unless otherwise agreed to in writing between YOU and counsel for Creditor Charles Li.

G. Unless otherwise stated, all document requests are for the period of January 1, 2019 through present.

**DOCUMENTS TO BE PRODUCED**

1.     All DOCUMENTS relating to or constituting any operating agreements of DEBTOR.

2.     All DOCUMENTS relating to the formation of DEBTOR.

3.     All tax returns on which any income or expense for DEBTOR has ever been reflected.

4.     All DOCUMENTS related to USA National Title Company Escrow No. 182001923-JG.

5.     All DOCUMENTS relating to communications or financial transactions with Meiling Fang.

6.     All DOCUMENTS relating to any assignment of any asset by Meiling Fang to DEBTOR.

7.     All DOCUMENTS relating to any interest Meiling Fang holds in DEBTOR.

8.     All DOCUMENTS relating to communications or financial transactions with Tina Yan.

9.     All DOCUMENTS relating to communications or financial transactions with Shuzhen Tu.

10.     All DOCUMENTS relating to 689 13th Street, San Jose, California.

11.     All DOCUMENTS relating to 1052 Noble Lane, San Jose, California.

12.     All DOCUMENTS relating to 547 23rd Avenue, San Francisco, California.

13.     All DOCUMENTS relating to Noble Lane LLC.

14.     All DOCUMENTS relating to Legal Associates, Inc.

ORDER PURSUANT TO BANKRUPTCY RULE 2004

15. All DOCUMENTS relating to Legal Affiliates Inc.

16. All DOCUMENTS relating to Apartments.com.

17. All DOCUMENTS relating to CoStar.

18. All DOCUMENTS relating to Cozy.

19. All DOCUMENTS relating to a December 5, 2019 Zelle transaction from DEBTOR's Wells Fargo account no. ending in 8660 to Shuzhen Tu.

20. All DOCUMENTS relating to a December 20, 2019 Zelle transaction from DEBTOR's Wells Fargo account no. ending in 8660 to Shuzhen Tu.

21. All DOCUMENTS relating to a March 17, 2020 Zelle transaction from DEBTOR's Wells Fargo account no. ending in 8660 to Shuzhen Tu.

22. All DOCUMENTS that relate to or reflect books and records of the DEBTOR in any format from January 1, 2019 through present, including, but not limited to all financial and accounting records, bank statements, cancelled checks, deposit tickets, and investment statements of the DEBTOR.

23. All data in native format pertaining to the DEBTOR from any accounting system currently or previously maintained by the DEBTOR or anyone on behalf of the DEBTOR.

**\*\* END OF ORDER \*\***

ORDER PURSUANT TO BANKRUPTCY RULE 2004