Bryant Fu and Crystal Lei
337 28th Avenue
San Francisco, CA 94121

Tony Fu
5813 Geary Blvd. PMB 188
San Francisco, CA 94121

Plaintiffs and Creditors in Pro Se

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Legal Recovery, LLC<br><br>        Debtor. | Case No.: 24-30074<br><br>Chapter 11<br><br>**DECLARATION OF BRYANT FU IN SUPPORT OF CREDITORS' MOTION FOR RECONSIDERATION OF ORDERS DISALLOWING CLAIMS NO. 4 AND 7**<br><br>Date: August 16, 2024<br>Time: 10:00 AM<br>Crtrm: Zoom or AT&T Conference<br>     Appearances by Tele/Videoconference (AT&T/Zoom)<br>Judge: Hon. Dennis Montali<br>Place: United States Bankruptcy Court<br>     450 Golden Gate Ave., 16th Floor<br>     San Francisco, CA<br><br>Dkt. Nos. 94, 96 |

I, Bryant Fu, hereby declare:

1. I am the Plaintiff in this action. I submit this declaration in support of Creditors' Motion for Reconsideration of Orders Disallowing Claims No. 4 and 7. Except as otherwise indicated, I am familiar with the matters stated in this declaration from my own personal knowledge of the facts and evidence attested herein, and if called and sworn as a witness, I could and would testify thereto.

2. I was under a mistaken belief that any responsive deadline would only count from the date a separately filed notice is lodged with the Court because the text entry on the docket required a separate notice to be filed. I did not see any separate notice filed in this case and thus did not compute the time for a response to the objection and to amend the proof of claim. I realize the error and will take steps to ensure that it does not happen again. I was unfamiliar with bankruptcy rules and procedures and did not have bankruptcy counsel to assist, although I am actively trying to retain counsel specializing in bankruptcy law. The errors that I have made were not intentional.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Second Amended Complaint filed on June 8, 2023, in the San Francisco Superior Court, case of *Bryant Fu v. Shuzhen Tu, et al.*, case no. CGC-22-599369. This case claims damages suffered by me and my mother Crystal Lei for fraudulent transfers engaged in by Legal Recovery LLC.

4. Attached hereto as **Exhibit B** is a true and correct copy of the First Amended Complaint filed February 16, 2023, in the San Francisco Superior Court, case of *Tony Fu v. Legal Recovery, LLC, et al.*, case no. CGC-22-599746. This case claims damages suffered by Tony Fu for fraudulent transfers engaged in by Legal Recovery LLC.

I declare under penalty of perjury under the law of the State of California that the above is true and correct, and that this declaration is executed at San Francisco, California, this 18th day of July, 2024.

_____
Bryant Fu

DECLARATION

# Exhibit A

Bryant Fu
337 28th Avenue
San Francisco, CA 94121
(415) 221-0969

Plaintiff in Pro Per

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**06/08/2023**
**Clerk of the Court**
BY: MADELLE MACADANGDANG
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Bryant Fu, an individual, | ) Case No.: CGC-22-599369 |
| | ) |
| Plaintiff, | ) **SECOND AMENDED COMPLAINT FOR** |
| | ) |
| vs. | ) **(1) CREDITOR'S SUIT;** |
| | ) **(2) FRAUDULENT TRANSFERS;** |
| Shuzhen Tu, an individual; | ) **(3) CONSPIRACY TO DEFRAUD AND** |
| | ) **AIDING AND ABETTING** |
| Mei Ling Fang a/k/a Lily Yan, an individual; | ) **FRAUDULENT TRANSFERS.** |
| | ) |
| Tina Yan a/k/a Tina Foon Yu Yan, an individual; | ) |
| | ) |
| Vi Dan Tran a/k/a Dan V. Tran, an individual; | ) |
| | ) |
| Harry Nguyen, an individual; | ) |
| | ) |
| John Nguyen a/k/a John Wynn, an individual; | ) |
| | ) |
| 818 Green Street LLC, a California Limited Liability Company; | ) |
| | ) |
| Oakland Development LLC, a California Limited Liability Company; | ) |
| | ) |
| T24, LLC, a Limited Liability Company; | ) |
| | ) |
| Legal Recovery, LLC, a California Limited Liability Company; | ) |
| | ) |
| Legal Recover, LLC, a California Limited Liability Company; | ) |
| | ) |
| Legal Associates, Inc. | ) |
| | ) |
| Noble Lane, LLC and | ) |
| | ) |
| And Does 1-50. | ) |
| Defendant(s). | ) |

- 1 -

## I. PARTIES

1. Plaintiff Bryant Fu is, and at all relevant times was, an individual residing in California, and over the age of 18 years old.

2. Defendant Shuzhen Tu ("Tu") is, and at all relevant times was, an individual over the age of 18 years old.

3. Defendant Mei Ling Fang a/k/a Lily Yan, is, and at all relevant times was, and individual residing in California, and over the age of 18 years old.

4. Defendant Tina Yan a/k/a Tina Foon-Yu Yan, is, and at all relevant times was, and individual residing in California, and over the age of 18 years old.

5. Defendant Vi Dan Tran a/k/a Dan V. Tran ("Tran") is, and at all relevant times was, an individual residing and doing business in California, and over the age of 18 years old.

6. Defendant Harry Nguyen ("Nguyen") is, and at all relevant times was, an individual residing and doing business in California, and over the age of 18 years old.

7. Defendant John Nguyen a/k/a John Wynn ("Wynn") is, and at all relevant times was, an individual residing and doing business in California, and over the age of 18 years old.

8. Defendant T24, LLC, is a Limited Liability Company registered in Nevada.

9. Defendants Legal Recovery, LLC, Legal Recover, LLC, 818 Green Street LLC, Noble Lane, LLC, and Oakland Development LLC, are/were registered California Limited Liability Companies.

10. Defendant Legal Associates, Inc, is a registered California corporation.

11. The aforementioned defendants are called "Defendants" collectively in this Complaint.

12. Plaintiff is ignorant of the true name and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the court to insert the correct names of said Defendants when the names have been ascertained.

13. Plaintiff is informed and believes and alleges thereon that each of the Defendants named herein as Doe participated and/or are responsible in some manner for the occurrences herein alleged,

1  and that Plaintiff's losses as herein alleged were proximately caused by such acts of the

2  fictitiously named Defendants.

3  14. Plaintiff is informed and believes and on that basis alleges that at all times relevant to the acts

4  complained of herein, Defendants, were or are the agents, servants, employees, alter egos and/or

5  representatives of the other Defendants, and each of them, acted in concert and conspired with

6  Demas Yan a/k/a Dennis Yan and Defendant Tina Yan (collectively, the "Yans" or "Judgment

7  Debtors"), and/or aided and abetted each other and/or with the Yans to do the acts complained

8  of herein and that Plaintiff's damages are proximately caused thereby and that each Defendant is

9  responsible in some manner for the occurrences alleged herein in this Complaint.

10  15. Plaintiff is further informed and believes and on that basis alleges that each of the acts of the

11  aforementioned Defendants complained of herein was within the course and scope of the

12  aforementioned agency and/or employment, and was made at the advice, order, instruction,

13  direction and control of each of the other Defendants, and with the knowledge, consent and/or

14  ratification of Defendants, and each of them. Defendants' acts harmed and/or caused harm

15  directly and/or indirectly to Plaintiff.

16

17  **II.    JURISDICTION AND VENUE**

18  16. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to

19  Article 6, sec. 10 of the California Constitution. Each cause of action asserted arises exclusively

20  under the laws of the State of California.

21  17. Defendants are subject to the jurisdiction of this Court by virtue of their residence, and their

22  business dealings and transactions in California, by having caused injuries through their acts and

23  omissions throughout the State of California, and by their violations of California statutory and

24  common law. Each Defendant has sufficient minimum contacts within California to make the

25  exercise of jurisdiction over each Defendant by California courts consistent with traditional

26  notions of fair play and substantial justice. Defendants do substantial business in the State of

27  California and thus subject to personal jurisdiction in California state courts.

28

- 3 -
SECOND AMENDED COMPLAINT

18. Venue is proper in this Court pursuant to California Code of Civil Procedure Section 395 as this is an action to enforce obligations and liabilities which, in substantial part, arose in this county and which were, in substantial part, performed in this county.

### III.    GENERAL ALLEGATIONS

19. Plaintiff incorporates the allegations of each and every paragraph above as though fully set forth here.  Upon information and belief, Plaintiff alleges the following:

20. For over 16 years, Demas Yan, a vexatious litigant and disbarred attorney has been pathologically directing a deluge of frivolous litigation against Plaintiff and his family for the clear purpose of causing them physical, emotional, and financial harm.  In doing so, Demas Yan with the aid of Tina Yan and others acted on his declared intent to get "revenge" against Plaintiff for thwarting his illegal schemes, by subjecting plaintiff to abusive litigation and engaging in sanctionable conduct that drained plaintiff's time and money and has caused substantial physical harm.  Plaintiff's suffering has resulted in judgments and sanctions, but that has not stopped Demas Yan and those that conspire with him to continue harming Plaintiff. Indeed, the Yans have effectively become "judgment-proof" by concealing their assets through the aid and acts of Defendants, thereby immunizing themselves from liability for the harms and damages they have caused.  The Yans conspired to fabricate and maliciously prosecute bad faith litigation personally and through other individuals or LLCs to harm, harass and drain Plaintiff's resources because the Yans have become judgment-proof from hiding their assets.  The Yans caused significant harm to Plaintiff and owes over $1 million in tort claims, judgments and sanctions to Plaintiff.

21. Defendants Mei Ling Fang and Shuzhen Tu have possession or control of assets or property interest in which the Yans have interests.  One such asset is a residential real property located at 547 23rd Avenue, San Francisco, CA 94121 ("San Francisco Property").  Plaintiff has rights to recover the Yans' interest in that property and any other property for the purpose of satisfying Plaintiff's claims and judgments against the Yans and their co-conspirators.

22. In *Li v. Chiu, et al.*, case no. CGC-14-537574, the Yans and transferee defendants named in the suit were all enjoined by an injunction from wasting the San Francisco Property or making

- 4 -

SECOND AMENDED COMPLAINT

further transfers of it. However, on January 4, 2019, after a series of actions by Defendants which included staging phony auction purportedly taking place at San Francisco City Hall as pretext or subterfuge to fraudulently strip and nullify creditor liens against the San Francisco Property, they caused to be recorded a Trustee's Deed Upon Sale conveying the San Francisco Property to Defendant Shuzhen Tu based on a fraudulent Deed of Trust. The actions by Defendants were made to further transfer the San Francisco Property as part of the Yans' scheme to defraud and evade seizure by Plaintiff and creditors of the Yans and to allow the Yans to engage in frivolous and bad faith actions with immunity to sanctions and adverse judgments. On or about September 19, 2021, while investigating the title of the San Francisco Property pursuant to the First District Court of Appeal's direction as part of the remanded trial proceedings in the case of *Lei, et al. v. Yan, et al.*, case no. CGC-14-565831, Plaintiff discovered the subsequent transfer was fraudulent and effectuated to make the San Francisco Property unavailable for collections to Yans' creditors. The Defendants involved in effectuating the aforementioned actions to fraudulently transfer the San Francisco Property while actively keeping it out of reach from Yans' creditors include, but not be limited to, Defendants Tina Yan, Tu, Fang, Tran, Nguyen, Wynn, 818 Green Street LLC, and Legal Associates Inc.

23. The Yans fraudulently transferred their assets to numerous LLCs and other legal entities to defraud judgment creditors. The Yans have continued to defraud Plaintiff of recovery on pending tort claims and other judgment debts. The Yans profited from keeping their assets outside the reach of judgment creditors by hiding it behind Defendants and concentrating large sums held and moved through shell companies such as Defendants Oakland Development LLC and Legal Associates Inc. Defendants facilitated the concealment and movement of those assets and used them to purchase real estate and goods for the Yans to evade Plaintiff's judgment liens. Those assets include real properties located at 4848 MacArthur Blvd, Oakland, California ("Oakland Property") and 1052 Noble Lane, San Jose, California ("San Jose Property") where the Yans purchased such properties and fraudulently transferred interests and title of those properties among Defendants in an ongoing scheme to allow the Yans to remain the true title

1 holders in interest or owners of those properties while Defendants serve as shells and puppets to
2 hide the Yans' ownership interests.

24. The transfer of the Oakland Property to Defendant T24, LLC was effectuated on or about
January 13, 2021, after funds belonging to the Yans were transferred through Defendants
including Oakland Development LLC and Legal Associates Inc to purchase the Oakland
Property. Title of the Oakland Property was conveyed to Defendant T24, LLC through insider
transactions made without adequate or reasonable consideration, and made in fraud of creditors
to mask the Yans' ownership of the Oakland Property. Defendants both individually and
collectively aided and enabled the fraudulent transfers of this property by directly and indirectly
concealing the Yans' ownership interest in the property. Plaintiff discovered this fraudulent
transfer of the Oakland Property on or about July 12, 2022, in the proceedings connected with
and relating to the judgment debtor's examination of Demas Yan. The defendants involved in
effectuating the aforementioned actions to fraudulently transfer the Oakland Property and
actively keep it out of the reach of the Yans' creditors by means including manipulating the title
or otherwise hiding the property include, but may not be limited to, Defendants Tina Yan, Tran,
T24 LLC, Oakland Development LLC, Legal Associates Inc., Legal Recovery, LLC, Legal
Recover, LLC, Wynn, and Nguyen.

25. The transfer of San Jose Property to Defendant Legal Recover, LLC was effectuated on or about
August 31, 2020, after funds belonging to the Yans were transferred through Defendants
including but not limit to Oakland Development LLC, Legal Recovery LLC, and Legal Recover
LLC. Plaintiff discovered this fraudulent transfer of the San Jose Property on or about July 12,
2022, in the proceedings connected with and relating to the judgment debtor's examination of
Demas Yan. The San Jose Property was fraudulently transferred again on or about July 20,
2022, to Defendant Noble Lane, LLC. Defendants both individually and collectively aided and
abetted the fraudulent transfers of this property by directly and indirectly concealing the Yans'
ownership interest in the property. The various transfers of the San Jose Property were made
without adequate or reasonable consideration, and made in fraud of creditors to mask the Yans'
ownership of the San Jose Property. The defendants involved in effectuating the aforementioned

1 actions to fraudulently transfer the San Jose Property and actively keep it out of the reach of the
2 Yans' creditors by means including manipulating the title or otherwise hiding the property
3 include, but may not be limited to, Defendants Tina Yan, Wynn, Legal Recovery LLC, Legal
4 Recover LLC, and Noble Lane LLC.

5 26. These fraudulent transfers were enabled and engaged by Defendants conspiring, aiding, and
6 abetting the Yans and acting as their alter egos in a scheme to hinder, delay, and defraud
7 Plaintiff. Plaintiff notified Defendants such assets belonging to the Yans are subject to
8 collection for satisfaction of Plaintiff's judgments and sanctions against the Yans, and requested
9 they be turned over. Defendants have refused.

10 ## IV.   CLAIMS AND/OR CAUSES OF ACTION

11 ### First Cause of Action – Creditor's Suit

12 27. Plaintiff incorporates the allegations of each and every paragraph above as though fully set forth
13 here. Upon information and belief, Plaintiff alleges the following:

14 28. Plaintiff has money judgments, sanctions, and tort claims against the Yans exceeding $1
15 million. Defendants have engaged in actions to hide assets belonging to the Yans in fraud of
16 Plaintiff judgments, sanctions, and claims. The various assets belonging to the Yans that were
17 transferred or placed in the possession or control of Defendants are further described but are not
18 limited to the description in the following paragraphs:

19 29. Defendants Tina Yan, Fang, Tu have possession or control of the San Francisco Property and
20 cash assets including rent generated from the property. Defendant Fang took possession or
21 control of the San Francisco Property around May 2018 and thereafter gave possession or
22 control of the property to Defendants Tran, Nguyen, and Legal Associates, Inc., before
23 providing possession and control of the property to Tu on or about January 4, 2019. The San
24 Francisco Property and income generated from it belongs to the Yans and the property is being
25 held in the possession of Defendants Fang, Tu, Tran and Nguyen and may be held by the other
26 defendants to the extent not possessed by the aforementioned defendants engaged in preventing
27 Plaintiff from executing and collecting against it.

28

30. The Yans acquired ownership of the Oakland Property on or before January 13, 2021, and at or around that time transferring possession or control of the Yans' property and related assets to Defendants including Oakland Development LLC, Tran, and T24, LLC while remaining the true owners of the Oakland Property. The Oakland Property generates rental and business income for the Yans and those assets are being concealed behind Defendants.

31. The Yans acquired ownership of the San Jose Property on or August 31, 2020, whereon possession or control of the property was transferred to defendants Legal Recovery LLC, Legal Recover LLC. Possession and control was given to Noble Lane LLC on or about July 20, 2022 while the Yans remained the true owners of the property.

32. Defendants have control of various cash assets and property interest belong to the Yans or owed to the Yans.

33. Plaintiff face real and immediate threat of repeat and irreparable injury as a result of the unlawful misconduct of the Defendants. Plaintiff has no adequate and complete remedy at law otherwise.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has been forced to expend significant amounts of time and money in defending against the frivolous claims filed by or at the direction of the Yans whom have become "judgment proof" or immune from the judgments and sanctions that have been entered and future sanctions that would be entered against due to the fraudulent transfers of their assets engaged and facilitated by Defendants to safeguard the Yans' assets and properties. Due to Defendants' actions, Plaintiff has been unable to collect against the Yans' assets while the Yans continue to vexatiously multiply frivolous litigation, continue their campaign of harassing Plaintiff, and driving up Plaintiff's costs and suffering. Each defendant acted in concert with each other defendant and with the Yans in a continuing scheme and conspiracy to defraud and harm Plaintiff and to violate Plaintiff's rights. The conduct of Defendants, individually and collectively was a substantial factor and proximate cause in bringing about Plaintiff's harm.

///

///

**Second Cause of Action – Fraudulent Transfers**

35. Plaintiff incorporates the allegations of each and every paragraph above as though fully set forth here. Upon information and belief, Plaintiff alleges the following:

36. Plaintiff is a creditor who has rights to payment from the Yans pursuant to the tort claims, judgments and sanctions against the Yans.

37. The Yans transferred the Properties to Defendants pursuant to the various transactions as described above for less than reasonably equivalent value with the intent to hinder, delay, and defraud creditors including Plaintiff. Plaintiff has been harmed by these fraudulent transfers.

38. Defendants fraudulently transferred the Properties to Defendants in commission of common law fraudulent transfer and in violation of the Uniform Voidable Transactions Act. Each Defendant acted in concert with each other Defendant and with the Yans in a continuing scheme and conspiracy to defraud and harm Plaintiff and to violate Plaintiff's rights. The conduct of Defendants, individually and collectively, was a substantial factor and proximate cause in bringing about Plaintiff's harm. The actions of Defendants as aforesaid were willful, wanton, and fraudulent and thus warrant an award of punitive damages.

**Third Cause of Action – Conspiracy to Defraud and Aiding and Abetting Fraudulent Transfers**

39. Plaintiff incorporates the allegations of each and every paragraph above as though fully set forth here. Upon information and belief, Plaintiff alleges the following:

40. Defendants knowingly and willfully conspired with the Yans and between themselves to engage in the above-described fraudulent transfers conducted to prevent Plaintiff from collecting against assets belonging to the Yans. Defendants also aided and abetted the Yans in effectuating the fraudulent transfers and concealment of their various assets and properties to hinder, delay, and defraud Plaintiff.

41. Defendants including Tina Yan, Fang, Nguyen, Wynn, Tran, Tu, Legal Associates Inc, and 818 Green Street LLC manipulated the title to the San Francisco Property or otherwise engaged in hiding or encumbering the property in connection with the January 4, 2019 transfer of it to Defendant Tu. They knew about the injunction that prohibited transfers of the San Francisco

1  Property and effectuated the fraudulent transfer of the property by using a fraudulent and void

2  Deed of Trust to sidestep that injunction and commit fraudulent transfers of the that property in

3  a continuous scheme to defraud Yan's creditors. These defendants aided and abetted the Yans

4  in concealing the San Francisco Property and transferring away income generated from the

5  property to hinder, delay and defraud Plaintiff's collection on the Yans' assets.

6  42. Defendants including Tina Yan, Tran, T24 LLC, Oakland Development LLC manipulated the

7  title to the Oakland Property, concealed assets belonging to the Yans including rental and

8  business income, and engaged in other activities to hide or encumber the property in connection

9  with the January 13, 2021 transfer of it to Defendant T24, LLC in fraud of Plaintiff's judgments,

10  sanctions and tort claims against the Yans.

11  43. Defendants including Tina Yan, Wynn, Legal Recovery LLC, Legal Recover LLC, and Noble

12  Lane LLC manipulated the title to the San Jose Property and engaged in other activities to hide

13  or encumber the property in connection with the August 31, 2020 and July 20, 2022 transfers of

14  the San Jose Property in fraud of Plaintiff's judgments, sanctions and tort claims against the

15  Yans.

16  44. Plaintiff have been damaged by being unable to collect judgments, sanctions and claims against

17  the Yans as a result of Defendants' participation in the conspiracy to defraud Plaintiff and their

18  participation in the Yans' scheme by aiding and assisting them to defraud Plaintiff.

19  45. Defendants engaged in the conduct to willfully, maliciously, in bad faith, and in reckless

20  disregard of Plaintiff's rights. They did so with shocking and willful indifference to Plaintiff's

21  rights and their conscious awareness that they would cause Plaintiff severe harm and damages.

22  46. Plaintiff face real and immediate threat of repeat and irreparable injury as a result of the

23  unlawful misconduct of the Defendants. Plaintiff has no adequate and complete remedy at law

24  otherwise. As a direct and proximate result of the wrongful acts alleged above, Plaintiff has

25  been damaged. The actions of Defendants as aforesaid were willful, wanton, and fraudulent and

26  thus warrant an award of punitive damages.

27

28

SECOND AMENDED COMPLAINT

47. Plaintiff is informed and believes and thereon alleges that, unless enjoined, Defendants will continue to engage in the unlawful acts described above, in violation of the legal rights of Plaintiff and others who are similarly situate.

## V. PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. That the transfers from judgment debtors and vexatious litigants Demas Yan and Tina Yan to Defendants be set aside and declared void as to the extent necessary to satisfy Plaintiff's claims, sanction awards and judgments and that the Yans be declare the sole owners of the assets and Properties transferred;

2. That Defendants be enjoined and restrained from wasting, disposing, selling, transferring, conveying, assigning, or otherwise disposing of the Properties transferred;

3. That Defendants be held jointly, severally, and personally liable to Plaintiff in the amount of his claims, sanction awards and judgments against the Yans;

4. That Property held by Defendants which belong to the Yans be applied to satisfy Plaintiff's claims, sanction awards and judgments against the Yans;

5. For compensatory and special damages including attorneys' fees and other costs in litigating the actions, damage to reputation, and emotional distress damages, in an amount to be proven at trial;

6. For general damages according to proof at trial;

7. For attorneys' fees and costs of suit herein;

8. For punitive damages in such amount as the Court may deem appropriate to penalize Defendants for their intentional and malicious misconducts;

9. For prejudgment interest;

10. For injunctive relief; and

11. For such other relief as the Court may deem Plaintiff entitled to receive.

Dated: June 8, 2023

Respectfully submitted,

Bryant Fu, Plaintiff in Pro Per

- 11 -

# Exhibit B

Tony Fu
5813 Geary Blvd., PMB 188
San Francisco, CA 94121
(415) 830 - 9929

Plaintiff in Pro Per

F I L E D
Superior Court of California
County of San Francisco

FEB 16 2023

CLERK OF THE COURT
BY: _____
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Tony Fu, an individual, | Case No.: CGC-22-599746 |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT FOR DAMAGES |
| Legal Recovery, LLC, a California Limited Liability Company, | FRAUDULENT TRANSFERS; |
| Legal Recover LLC, a California Limited Liability Company, | CONSPIRACY TO DEFRAUD; |
| And Does 1-20. | VIOLATION OF PENAL CODE § 496 |
| Defendants. | |

Case: 24-30074   Doc# 125   Filed: 07/19/24   Entered: 07/19/24 11:21:11   Page 16 of 22

## PARTIES

1. Plaintiff Tony Fu ("Fu" or "Plaintiff") is, and at all relevant times was, an individual residing in California, and over the age of 18 years old.

2. Defendant Legal Recovery, LLC, ("Legal Recovery") is a California Limited Liability Company conducting business in California.

3. Defendant Legal Recover, LLC ("Legal Recover") is a California Limited Liability Company conducting business in California.

4. The aforementioned defendant business entities and individual are collectively called "Defendants" in this Complaint.

5. Fu is ignorant of the true name and capacities of the defendants sued herein as Does 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Fu will seek leave of the court to insert the correct names of said defendants when the names have been ascertained.

6. Fu is informed and believes and alleges thereon that each of the defendants named herein as Doe participated and/or are responsible in some manner for the occurrences herein alleged, and that Fu's losses as herein alleged were proximately caused by such acts of the fictitiously named defendants.

7. Fu is informed and believes and on that basis alleges that at all times relevant to the acts complained of herein, Defendants, including the Doe defendants, were or are the agents, servants, employees, alter egos and/or representatives of the other defendants, and each of them, acted in concert and conspired with and/or aided and abetted each other to do the acts complained of herein and that Fu's damages are proximately caused thereby and that each defendant is responsible in some manner for the occurrences alleged herein in this complaint.

8. Fu is further informed and believes that the aforementioned Defendants complained of herein were within the course and scope of the aforementioned agency and/or employment, and was made at the advice, order, instruction, direction and control of each of the other Defendants, and with the knowledge, consent and/or ratification of Defendants, and each of them. Defendants' acts harmed and/or caused harm directly and/or indirectly to Fu.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to the California Constitution. Defendants are subject to the jurisdiction of this Court by virtue of their residences, by their business dealings and transactions in California, by having caused injuries through their acts and omissions throughout the State of California, and by their violations of California statutory and common law.

10. Venue is proper in this Court pursuant to California Code of Civil Procedure Section 395 as this is an action to enforce obligations and liabilities which, in substantial part, arose in this county and which were, in substantial part, performed in this county.

## GENERAL ALLEGATIONS

11. Fu incorporates the allegations of each and every paragraph above as though fully set forth here.

12. Demas Yan a/k/a Dennis Yan ("Yan") was a former business partner of Fu. Yan engaged in theft and other deceitful acts to defraud Fu and other creditors. Yan failed to get away with his misconduct and in retaliation he caused and directed over 40 meritless and frivolous litigations against Fu and related persons since 2004. Yan was determined a vexatious litigant and held liable to Fu for malicious prosecution and sanctions.

COMPLAINT   3

13. Fu obtained judgment of $206,170.67 against Yan for malicious prosecution in San Francisco Superior Court on May 26, 2021. Also, Fu is the assignee of a sanctions award against Yan in the amount of $12,908.76 from the United States Bankruptcy Court for the Northern District of California on June 20, 2019. (Collectively called the "Judgment Debts")

14. Yan conspired with Defendants to hide/conceal money and property for Yan to defraud Fu and other creditors. Yan has fraudulently transferred hundreds of thousands of dollars in asset to Defendants in fraud of Fu's judgment and sanctions against Yan. Yan had engaged in multiple fraudulent transfers of properties such as the one located at 547 23rd Avenue, San Francisco, California. In doing so, Yan was enriched by continuing to generate and receive money from that property while simultaneous defrauding existing and future creditors including Fu. Yan also hid and concealed that money through fraudulent transfers.

15. Fu has demanded Defendants to disgorge to Fu the money they received and are concealing for Yan, but they have refused.

### FIRST CAUSE OF ACTION

#### (Damages for Fraudulent Transfers)

16. Fu incorporates the allegations of each and every paragraph above as though fully set forth here.

17. Yan has engaged in a long running scheme to hide and transfer is assets and real property to become judgment-proof to prevent Fu from being able to recover the damages inflicted by Yan. Yan has engaged in multiple fraudulent transfers to hide his assets and real property. One such fraudulent transfer occurred on or about August 31, 2020 where Yan fraudulently transferred his assets and ownership interests in properties including one located at 1052 Noble Lane, San Jose, California to Legal Recovery LLC and Legal Recover LLC. Those transfers were made for less than reasonably equivalent value and with the intent to hinder,

Case: 24-30074    Doc# 125    Filed: 07/19/24    Entered: 07/19/24 11:21:11    Page 19 of 22

delay, and defraud Yan's creditors including Fu. Further, at the time of the aforesaid transfers, Yan was either insolvent or the transfers rendered him insolvent to prevent Fu from collecting on the Judgment Debts.

18. As a direct and proximate result of the bad faith and wrongful acts alleged above, Fu has been damaged in the amount of the Judgment Debts. Each Defendant is jointly liable for the harm and damages Fu has suffered.

19. Defendants, acted in concert and conspired with and/or aided and abetted each other and acted willfully, maliciously, oppressively, and with a conscious disregard for Fu's rights and the damages he would suffer thereby warrant an award of punitive damages in an amount to be determined, but in no event less than $200,000.00.

## SECOND CAUSE OF ACTION

### (Conspiracy to Defraud)

20. Fu incorporates the allegations of each and every paragraph above as though fully set forth here.

21. On or about August 31, 2020, Defendants engaged and participated in a conspiracy pursuant to which Yan made the aforementioned transfers to Defendants in order to hinder, delay, and defraud creditors then existing and future creditors including Fu. Defendants continue to engage in a conspiracy with Yan to present day.

22. In furtherance of such conspiracy, Yan made the transfers to Defendants as aforesaid and Defendants accepted those transfers as part and parcel of the conspiracy.

23. By reason of the conspiracy and Defendants' knowing and voluntary participation therein in doing the acts described above, Fu has been damaged in the amount of the Judgment Debts which would have been collectable from Yan but for the aforementioned transfers.

Case: 24-30074    Doc# 125    Filed: 07/19/24    Entered: 07/19/24 11:21:11    Page 20 of 22

As such, Defendants are jointly and severally liable for conspiracy to defraud Fu in the amount of the Judgment Debts.

24. The actions of Defendants as aforesaid were willful, wanton, and fraudulent and thus warrant an award of punitive damages in an amount to be determined, but in not event less than $200,000.00.

## THIRD CAUSE OF ACTION

### (Violation of Penal Code § 496)

25. Fu realleges and incorporates the allegations set forth in preceding paragraphs as though fully set forth herein.

26. Defendants engaged in theft in violation of California Penal Code section 496 to prevent Fu from collecting against Yan's assets.

27. Defendants engaged in the conduct to willfully, maliciously, in bad faith, and in reckless disregard of Fu's rights. They did so with shocking and willful indifference to Fu's rights and with conscious awareness that they would cause Plaintiff severe harm and damages.

28. Fu faces real and immediate threat of repeat and irreparable injury as a result of the unlawful misconduct of the Defendants. Fu has no adequate and complete remedy at law otherwise. As a direct and proximate result of the wrongful acts alleged above, Fu has been damaged. The actions of Defendants as aforesaid were willful, wanton, and fraudulent and thus warrant an award of punitive damages.

29. Fu is informed and believes and thereon alleges that, unless enjoined, Defendants will continue to engage in the unlawful acts described above, in violation of the legal rights of Plaintiff and others who are similarly situate.

30. Plaintiff requests for an award of treble damages and attorney's fees pursuant to Penal Code section 496(c).

**PRAYER**

WHEREFORE, Fu respectfully request a judgment in his favor and against Defendants jointly and severally on each and every claim in this Complaint and for relief as follows:

1. For a money judgment against Defendants in the amount to satisfy the Judgment Debts;

2. For general damages according to proof at trial;

3. Treble damages pursuant to Penal Code section 496(c);

4. For attorneys' fees and costs of suit herein;

5. For punitive damages in such amount as the Court may deem appropriate to penalize Defendants for their intentional and malicious misconducts;

6. For prejudgment interest;

7. For injunctive relief; and

8. For such other relief as the Court may deem Plaintiffs entitled to receive.

Dated: February 15, 2023

Respectfully submitted,

Tony Pu
Plaintiff in Pro Per

COMPLAINT     7
