```
Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: | Case No.: 24-30074 DM |
| LEGAL RECOVERY, LLC | Chapter 11 |
| Debtor | ATTORNEY DISCLOSURE STATEMENT IN SUPPORT OF SECOND AMENDED APPLICATION FOR EMPLOYMENT OF ATTORNEY FOR DEBTOR AND DEBTOR IN POSSESSION |

I, Leeds Disston, declare:

1. I am an attorney at law licensed to practice before all the courts of this State and this Court.  Neither I nor the firm represent any interest adverse to the debtor, or the estate, and we are disinterested persons that do not hold or represent an interest adverse to the estate.

2. I have practiced law in the San Francisco Bay Area since 1971 and during the 1980s and 1990s handled bankruptcy matters on behalf of both individual and corporate debtors as well as individual creditors. For the last 15 years my firm's practice has been primarily in the area of civil litigation although I have appeared infrequently in Bankruptcy Court in various matters.

3. Neither myself nor any member of my office is an insider, has or holds any interests of debtor's, is related to debtor in any way except as debtor's attorney, and otherwise has no stake in debtor's assets or liabilities.  Further, neither I nor any member of my staff is related to debtor, its accountants or attorneys, except as debtors attorney, or to debtor's creditors, their respective attorneys or accountants, or to the U.S. trustee, the trustee's staff or members of its office, or any other party in interest.bankruptcy

4. Attached as Exhibit A is the fee agreement entered into with the Debtor on the condition that it does not take effect until this Court approves of its terms. I have not received compensation for this case and have not entered into another or prior written fee agreement with Debtor or any other person for fees related to this case. There are no prepetition fees owed by the Debtor. The services covered under the fee agreement are all services reasonable and necessary to complete this case with a confirmed plan, such as (a) To give advice to the debtor with respect to its powers and duties as a debtor in possession and the continued management of its business operations; (b) To advise the debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the court; (c) To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case; (d) To protect the interest of the debtor in all matters pending before the court; (e) To represent the debtor in negotiation with its creditors in the preparation of a plan.

5. Except for the continuing representation of the debtor, neither I nor the firm has or will represent any other entity in connection with this case and neither I nor the firm will accept any fee from any other party or parties in this case, except the debtor in possession.

6. I have not shared nor agreed to share my compensation with anyone, but I will, if necessary and appropriate, obtain legal advice from bankruptcy specialist at my own expenses for issues related to this case.

7. Section 330(a)(1) allows "reasonable compensation for actual, necessary services" to professional persons employed by the bankruptcy estate under Section 327. My usual billing rate is $650/hr. For the fee agreement, I have discounted my rate to $300/hour with total fees capped to a maximum of $15,000. All fees will have to be approved by the Court pursuant to Section 330(a)(1) and Rule 2016(a)/B.L.R. 9029-1 which requires compliance with the Northern District's Guidelines for Compensation and Expense.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 19, 2024

 /s/ Leeds Disston, Esq.

# EXHIBIT A

<u>ATTORNEY CLIENT AGREEMENT</u>

THIS IS AN AGREEMENT between **Legal Recovery, LLC**, hereinafter referred to as "Client", and the LAW OFFICES OF CASALINA & DISSTON, hereinafter referred to as "Attorney". Unless a different agreement is made in writing, this agreement alone shall govern Attorney's and Client's respective rights.

1) SERVICES TO BE PERFORMED BY ATTORNEY: Client retains Attorney to represent Client in Bankruptcy Case No. 24-30074 DM including plan preparation, compliance with reporting requirements, adversary proceeding litigation, and other maters incidental to the administration of Client's bankruptcy.

2) Attorney is authorized to associate or employ, at Client's expense, other counsel to assist in performing the services required by this Agreement, and to appear on Client's behalf in any proceeding or lawsuit concerning the matter(s) covered by this Agreement.

3) NO GUARANTEE AS TO RESULT: Client acknowledges that Attorney has made no guarantee as to the outcome of Client's matters.

4) FEES: Client agrees to pay legal services as follows: $300.00 per hour. Attorney and Client agree that the total fees charged by Attorney will not exceed $15,000. Client agrees to pay bills promptly upon approval thereof by the Bankruptcy Court.

5) LITIGATION COSTS AND EXPENSES: Attorney is authorized to incur reasonable costs and expenses in performing legal services under this Agreement. Client agrees to pay for such costs and expenses.

(a) Particular Costs and Expenses: The costs and expenses necessary in this case may include any or all of the following items. (This list is not exclusive; other items may also be necessary.)

* Filing fees
* Private investigator fees
* Expert fees for consultation and/or appearance at deposition or trial
* Mail, messenger and other delivery charges
* Transportation, meals, lodging and all other costs of necessary out-of-town travel.

6) EFFECT OF DISCHARGE BY CLIENT: Client shall have the right to discharge Attorney at any time upon written notice to Attorney. Such discharge shall not effect Client's obligation to reimburse Attorney for any and all costs incurred prior to such discharge. In addition, Attorney shall be entitled to collect fees for services performed and approved by the Bankruptcy Court prior to such discharge.

7) CLIENTS' RECEIPT OF AGREEMENT AND ACKNOWLEDGEMENT OF TERMS: Client acknowledges that he/she has read and fully understand all of the terms and conditions of this Agreement before signing it, and that he/she has received a copy of this Agreement upon execution thereof.

Executed at Oakland, California on July 15, 2024.

ATTORNEY                                                                CLIENT


_____                           _____
CASALINA & DISSTON                                                Signature