Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: | Case No.: 24-30074 DM |
| LEGAL RECOVERY, LLC | Chapter 11 |
| Debtor | DECLARATION OF DEMAS YAN IN SUPPORT OF SECOND AMENDED APPLICATION FOR EMPLOYMENT OF ATTORNEY FOR DEBTOR AND DEBTOR IN POSSESSION |

I, Demas Yan, declare:

1. I am the manager for debtor Legal Recovery, LLC (LR). Other than as indicated, the statements of facts contained in this declaration are based on my personal knowledge. I am competent to testify and can do so if called to testify.

2. I have read the declaration of Leeds Disston in Support of Second Amended Application for Employment of Attorney, and to my knowledge, all of the statements contained therein are true and correct. I write this declaration to provide information as to my relationship with debtor and Mr. Disston. In the interest of brevity, I will state facts as succinctly as possible with citations to public records for verification by reader if so choose.

3. The Debtor is a California limited liability company that was formed on December 19, 2013 for the purpose of collections on promissory notes against the borrower Martin Lee Eng (ENG). I had arranged those loans as a licensed broker from the lender, Cheuk Yan, who was my father. He died in 2016. LR filed an action for damages for breach of promissory notes (San Francisco Superior Court Case no. CGC-14-542378 (Legal Recovery, LLC vs. Martin Lee Eng, filed 2014-10-27) and obtained a judgment of $1,507,302.92 on 2015-07-08. Mr. Disston was not an attorney in that case. To enforce

- 1 -

the judgment, LR filed an action with a cause of action for conspiracy on fraudulent conveyance (Case no. CGC 15-548357, Legal Recovery LLC vs. Martin Lee Eng et al., October 8, 2015). Trial was initially set for 02/11/2019 but was delayed. Mr. Disston came in as an attorney on 2020-12-07 in association with Peter Chao, Esq., who was the attorney of record. I have no previous relationship with Mr. Disston at the time. Mr. Chao subsequently withdrew as attorney, and after much delay, trial start Apr-01-2021 before Judge Kathleen Kelley with Mr. Disston representing LR as plaintiff. On October 7, 2021, Judge Kelly entered the Statement of Decision and Judgment setting aside fraudulent residential leases and transfers related to the property known as 949-953 Lombard Street, San Francisco, Ca. (Lombard property) and entered money judgments against defendants including Lombard Flats LLC which was the owner of the Lombard property. LR obtained a writ of execution, levied and foreclosed on the Lombard property by Sheriff's Sale on January 30, 2024.

4. After the conclusion of trial in Case no. CGC 15-548357, LR discovered that Eng had once again transferred the Lombard property during the pendancy of the trial in that case. LR again filed a fraudulent conveyance action on 2022-11-22 (Case no. CGC 22-603067, LEGAL RECOVERY, LLC VS. ENG ET AL.) with Jordan Pugeda, Esq. as attorney for LR. Mr. Disston substituted in as attorney on 2023-07-21. On May 5, 2023, LR obtained an order from Judge Kelly in Case no. CGC 15-548357 setting aside the fraudulent transfers alleged in Case no. CGC 22-603067. The claim for damages remains in Case no. CGC 22-603067 against defendant Joanne Eng. Trial was set for July 22, 2024, but on April 14, 2024, Joanne Eng removed the case to this Court (Adversary Proceeding no. 24-03013). LR has filed a motion to remand on July 12, 2024 with hearing on August 9, 2024.

5. On May 31, 2019, LR obtained an assignment of a money judgment from Golden State Lumber Inc., the judgment creditor in San Francisco Superior Court Case No. CGC 04-428983 (Sierra Point Lumber and Plywood Company, Inc. v. Tony Fu et al.) ("Sierra Point judgment"). I had negotiated the purchase of the judgment on behalf of LR for $5,000. On 2019-10-01, LR filed an action for Declaratory Relief, Conspiracy To Defraud, and Aiding and Abetting Fraud against Bryant Fu, Crystal Lei, and other defendants (San Francisco Superior Court Case No. CGC 19-579664). LR was

represented by Mark Lapham, Esq. who was replaced by Peter Chao, Esq. on 2020-10-15. On 2021-07-07, LR filed the 4th amended complaint with two causes of action: (1) Declaratory Relief and (2) Conspiracy On Fraudulent Conveyances. Defendants demurred and the court sustained the demurer on 2021-08-17 without leave to amend as to the cause of action for Fraudulent Conveyances. The remaining declaratory relief seeks a judicial determination that a property known as 337-341 28th Avenue, San Francisco, CA 94121, bought and owned by Crystal Lei since 2002, is actually community property subject to the debts of Tony Fu, who had obtained a bankruptcy discharge on 2019-03-28 (Bankr. N.D. Cal., Case No. 17-41205) and a divorce from Ms. Lei on 2000-05-8 (San Francisco Superior Court Case No. FDI-00-037282). On 2021-11-22, Mr. Disston substitution in as attorney for Peter Chao. On 2022-10-18, LR filed motion for leave to amend complaint to add a cause of action for Conspiracy on Fraudulent Conveyances. Mr. Disston filed a declaration, stating in part: "Plaintiff has obtained evidence since this Court sustained the demurrer to the fourth amended complaint in August 2021. The new evidence relates to the tenants and rental activities at the 28th Avenue property which is the subject of the complaint. Evidence indicates that Crystal Lei, Tony Fu, and their son Bryant Fu reside in one of the units at the subject property, and four rooms in another unit are rented out individually to tenants with rental income to Crystal Lei within the fours years prior to the commencement of this action up to the present." On 2022-11-15, the court denied the motion but stated in the minute order that "Plaintiff may file a new action if necessary and proper." On 2023-03-27, the court granted defendants' motions for finding that LR is the alter-ego of vexatious litigants Demas Yan and Tina Yan, and for an order requiring LR to post security. On 2023-04-24, the court dismissed the case for failure of LR to post security. On 2023-05-12, LR appealed and raised two issues on appeal: 1. Did the court erred in finding plaintiff Legal Recovery LLC the alter-ego of Demas Yan and Tina Yan? 2. Did the court erred in finding that there is not a reasonable probability that plaintiff will prevail in the litigation against the moving defendant? (Cal. Ct. App., A167818, Appellant's Opening Brief at p. 8). On May 31, 2024, the Court of Appeal affirmed the order of dismissal and found the appeal was frivolous, stating in relevant part: "There is, however, more than enough evidence that the Yans are using Legal Recovery to circumvent the vexatious

litigant statute." (Opn. at p. 7) and "Substantial evidence also supports the trial court's finding that there was no reasonable probability of Legal Recovery prevailing in this litigation. … Here, Legal Recovery's claim for declaratory relief is time-barred. Under Family Code section 851, transmutations of marital property are subject to the laws governing fraudulent transfers, including the Uniform Voidable Transactions Act (UTVA)." (Opn. at p. 9.) The court of appeal also ordered money sanctions against LR, the Yans, and Mr. Disston, jointly and severally, in the amount of $9,750 to respondents and $17,000 to the court no later than 30 days after the remittitur issues. Even though Mr. Disston and Debtor are jointly liable for the sanctions to be paid 30 days after the remittitur issues - which should be on or after August 31, 2024, I don't believe there is conflict of interest because Mr. Disston could not manipulate the estate to have the Debtor pay the sanctions on his behalf. The sanctions are unsecured debts subject to the same treatment as other unsecured debts in Debtor's estate.

6. On 2022-11-16, LR filed case no. CGC-22-602997 (Legal Recovery LLC vs. Crystal Lei et al.) to enforce the Sierra Point Judgment based on newly discovered evidence of conspiracy. Mr. Disston is the attorney for plaintiff. On 2023-03-14, LR obtained an entry of default against defendant Ting Cham Poon. On or around October 2, 2023, LR assigned the Sierra Point Judgment to Vi Tran for $5,000 which was paid on January 26, 2024.

7. To the best of my recollection, Mr. Disston has not represented me in any legal action. But Mr. Disston has represented my relatives in actions related to me. In San Francisco Case No.: CGC-17-556769 (Bryant Fu, Crsytal Lei v. Tina Yan et al.), the plaintiffs sued my relatives Tina Yan, Simon Chiu, and Kaman Chiu, alleging that they conspired with me to conceal assets from my creditors. Mr. Disston represented Simon Chiu and Kaman Chiu in the trial beginning on 2023-11-06, and in the decision entered on 2024-06-26, Judge Mary Wiss entered judgment for the defendants on the conspiracy claim, stating: "There simply is insufficient evidence, indeed no evidence, to show that Chiu and Lui conspired with Yan …." (Decision at p. 21). Bryant Fu and Crystal Lei also sued Tina Yan on the same allegations of conspiracy in Lei v. Yan, et al. (San Francisco Superior Court No. CGC-14-565831.) That case went to trial on July l, 2019 before the Judge Andrew Cheng. Tina Yan was represented by Mark Lapham, Esq. Judge Cheng ruled in

- 4 -
Case: 24-30074    Doc# 127-2    Filed: 07/19/24    Entered: 07/19/24 16:24:21    Page 4 of 8

favor of Tina Yan, but the Court of Appeal reversed on the issue of either collateral estoppel applied from a UVTA judgment in Charles Li v Yan et al. (Case no. CGC-14-537574) and remanded back to trial court for determination of remedies. (Cal. Ct. App., A158641, 2021-06-08.) On remand, Tina Yan did not have an attorney and did not appear at the hearing on the morning of 2021-10-04 by Judge Garrett Wong, who was not the original trial judge. The court entered default and a subsequent default judgment against her of $640,913.10. Mr. Disston substituted in as her attorney later in the day on 2021-10-04 and represented her in efforts to set aside the default judgment. The court of appeal affirmed the default judgment on 2023-08-07 (Cal. Ct. App., A164796 & A165373).

8. Florence Fung, the judgment creditor in case no. CGC-00-311712 (Tony Fu v. Fung et al.), had assigned the judgment against Tony Fu to me and my relatives Simon Chiu and Kaman Liu. Attached as Exhibit A is the assignment and declaration by Ms. Fung describing the reasons for the assignment, which are true based on my own knowledge of the facts. I have not taken any action to enforce that judgment. Mr. Disston is currently representing Mr. Chiu in the enforcement of that judgment in Case no. CGC 23-609542 (Chiu v Lei et al.).

9. I have no interest in the Debtor or its estate other than as its manager. After Debtor acquired the Lombard property on January 30, 2024, I tried to contact the lien holder, VRMTG ASSET TRUST (US Bank) to stop the trustee sale on 2/7/2024. But having received no response, I asked Mr. Disston to file the emergency filing in this case on 2/6/2024. I believe that I can be of benefit to the Debtor as the manager, but if the Court decides otherwise, I will withdraw as its manager.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 19, 2024

/s/ Demas Yan

Manager

```
1   JORDAN PUGEDA #290626
    PO BOX 225254
2   San Francisco, CA 94122                                ELECTRONICALLY
    (415) 527-0273                                          F I L E D
3   jpugeda@baylaw.net                                   Superior Court of California,
                                                          County of San Francisco
4                                                            06/20/2023
        SUPERIOR COURT OF THE STATE OF CALIFORNIA          Clerk of the Court
5              COUNTY OF SAN FRANCISCO                    BY: WILLIAM TRUPEK
              UNLIMITED CIVIL JURISDICTION                     Deputy Clerk
6
7   TONY D.X. FU,
              Plaintiff,                    Case No: CGC-00-311712
8        Vs.
9                                           ACKNOWLEDGMENT OF ASSIGNMENT
                                            OF JUDGMENT
10   FLORENCE FUNG et al.,
              Defendants.
11
```

12  TO THE COURT AND ALL INTERESTED PARTIES:

14  PLEASE TAKE NOTICE that THAI MING CHIU does hereby acknowledge assignment, of all interest, right and title to the JUDGMENT in the total sum of $155,202.67 as renewed under Sec. 683.110 of Code of Civil Procedure, entered and filed in this matter on September 20, 2013.

16  **Judgment Creditor's name and current address is:**
    Name:       FLORENCE FUNG
17  Address:    PO BOX 12157, SAN FRANCISCO, CA 94112

18  **The Judgment Debtors' names and last known addresses are:**

20  Name:       TONY D.X. FU AKA DONG XING FU INDIVIDUALLY AND DOING BUSINESS AS GLOBAL CONNECTION CONSTRUCTION
21  Address:    5813 GEARY BLVD. PMB 188, SAN FRANCISCO, CA 94121

22  **Assignee names and current addresses:**

23  Name:       THAI MING CHIU
24  Address:    768 38th Avenue, San Francisco, CA 94121

25  Name:       KAMAN LIU
26  Address:    PO BOX 225254, San Francisco, CA 94122

27  Name:       DEMAS YAN
    Address:    1433 7th Avenue, San Francisco, CA 94122
28

ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT - 1

ACKNOWLEDGMENT

DECLARATION

TO THE BANKRUPTCY COURT AND INTERESTED PARTIES IN RELATED ACTIONS:

I, FLORENCE FUNG, declare:

1. I am a judgment creditor against debtor, TONY FU AKA TONY D.X. FU aka DONG XING FU (Fu), in a judgment entered in San Francisco Superior Court case no. CGC-00-311712 on 10/9/2003 and renewed on 12/27/2013 pursuant to court order granting Application for Renewal of Judgment (Judgment).

2. Prior to FU's filing of Chapter 7 in Bankruptcy Case No. 17-41205 on 5/5/17, I had assigned the Judgment to Demas Yan aka Dennis Yan, Kaman Liu, and Thai Ming Chiu, as co-assignees, to help me enforce and collect on the judgment.

3. The assignees have impartial position and better knowledge of the legal proceedings to help me enforce and collect on the judgment. I do not live in the county and it is difficult for me to attend to the proceedings. My deceased father and I believe that FU is not a rational person. Instead of repairing the construction defects, FU went for collection and instead of paying off the judgement, FU would hide assets and gone through a sham divorce.

4. FU has told my deceased father and me that he has legal means to ignore and dishonor the judgment against him. FU started the arbitration hearing proceedings against us in 1999 to collect on about $20k of disputed construction work. We had to file counter claim against FU for defective and unfinished construction work. Then, FU refused to pay his then lawyer and FU also refused to pay his share of the arbitration fees, Fu try to stop the arbitration case. When we paid FU's share of arbitration fees, FU wrote several letters to the arbitrator to try to disqualify and then change the arbitrator. When this failed, FU dragged the arbitration case for several years so that his legal wife, legal son and his legal assets all disappeared. FU told my deceased father and me that he can earn money using other people's identity and licenses. Basically, FU told us that we cannot collect on the judgment because we cannot find his assets. FU lives in multi-million dollar house, drives and buys European luxury vehicles, sends his son Bryant FU to private schools and takes his wife to overseas trips, etc. Even though I do not understand the judgment collection, my father told me that we have to maintain and enforce this judgment. So, the original 2003 judgment of approximately $70k was renewed in 2013 to approximately $155k. Now, it is worth about $200k on paper. Please confirm the judgment and allow the collection effort to proceed.

5. I have information that FU on or about May 25, 2018, had stated and convinced various news reporters Ms. LingChia KU, Mr. Nam KWOK and Ms. Jo WAN of the Chinese News Channel on KTSF 26 that he has a claim against me for $24,000 since 1999 and that he will soon take legal action against me. This information was reported and aired on video broadcast on May 25, 2018 on KTSF 26 at both 7 pm and 10 pm news programs in which Fu was interviewed by Channel 26 news reporter. Since FU alleges

that he has a $24,000 claim against me but he had not declare it in his bankruptcy petition, that is further evidence of fraud.

6. Thai Ming Chiu had filed adversary proceeding # 17-04056 in Fu's bankruptcy case objecting to Fu's discharge of debts. As a result, Mr. Chiu has incurred significant expenses in attempting to enforce the judgment because of Fu's tactics in obstruction. I believe Mr. Dennis Yan is better qualified in terms of his knowledge of the facts to enforcement the Judgment. I would like Mr. Yan, as co-assignee of the Judgment, to substitute for Mr. Chiu in adversary proceeding # 17-04056 and hereby ask the court to approve the same.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signature _____  8/13/2018

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of __SAN FRANCISCO__
Subscribed and sworn to (or affirmed) before me on this __13th__ day of __AUGUST__ __2018__ by __FLORENCE FUNG__ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature __Surinder Kumar__ (seal)

SURINDER KUMAR
COMM. # 2080623
NOTARY PUBLIC • CALIFORNIA
SAN FRANCISCO COUNTY
Comm. Expires OCT. 2, 2018