## Northern District of California

# Plan of Reorganization for Small Business Debtor Under Chapter 11, Subchapter V

**LEGAL RECOVERY LLC's Plan of Reorganization, Dated JULY 28, 2024**

**Background for Cases Filed Under Subchapter V**

INTRODUCTION

This Plan of Reorganization provides for the restructuring of the debts of LEGAL RECOVERY LLC ("Debtor" or "LR")(the "Plan Document" and as may be amended from time to time, the "Plan").

If confirmed by the court, this Plan will bind all creditors provided for in the Plan, whether or not they filed a proof of claim or accept the Plan, and whether or not their claims are allowed. All creditors should refer to the Plan for information regarding the precise treatment of their claims.

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS, AFFAIRS, THE VALUE OF ITS PROPERTY OR ITS LIABILITIES ON CREDITORS' CLAIMS, ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS PLAN DOCUMENT. THE INFORMATION CONTAINED IN THIS PLAN DOCUMENT HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. HOWEVER, EVERY REASONABLE EFFORT HAS BEEN MADE TO PRESENT ACCURATE FIGURES AND ESTIMATES.

### A. Description and History of the Debtor's Business

The Debtor, Legal Recovery LLC (LR), is a California limited liability company established on December 19, 2013 to collect on promissory notes owed by Martin Lee Eng (Eng). LR obtained a judgment of $1,507,302.92 on 2015-07-08 in San Francisco Superior Court Case no. CGC-14-542378 (Legal Recovery, LLC vs. Martin Lee Eng, filed 2014-10-27). To enforce the judgment, LR filed a fraudulent conveyance action and obtained a judgment on October 7, 2021 against Lombard Flats LLC and other defendants in San Francisco Superior Court Case no. CGC 15-548357 (Legal Recovery, LLC vs. Martin Lee Eng et al., filed October 8, 2015). Lombard Flats LLC (LF) owns a three unit residential property known as 949-953 Lombard Street, San Francisco, California 94133 (the "Lombard Property"). LR obtained a writ of execution and levied on the Property. A Sheriff Sale was conducted on 2024-01-30 with LR as the highest bidder. The Sheriff's Deed conveying the Lombard Property to LR was recorded on 2024-02-05 as San Francisco Recorder Doc # 2024012830.

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 1 of 32

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such creditors and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as <u>Exhibit A</u>.

The Debtor's liquidation analysis shows that unsecured creditors would receive $ ___0.0___ if the assets were liquidated in Chapter 7.

**C. Ability to Make Future Plan Payments and Operate Without Further Reorganization**

The Debtor must also show that it will have enough cash to make the required Plan payments and operate the debtor's business, if contemplated by the Plan.

The Debtor has provided projected financial information / feasibility analysis as <u>Exhibit B</u>. Debtor's projected effective date feasibility analysis is set forth in <u>Exhibit C</u>.

The Debtor's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Code) for the period described in § 1191(c)(2) of the Code (3 years) of $ <u>324,000.00</u>.

The final Plan payment is expected to be paid on <u>TBD</u>, which is anticipated to be <u>36</u> months after the effective date.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of LEGAL RECOVERY, LLC (the Debtor) from income from projected future income from business operation and rental property, infusion of capital from time-to-time as may be necessary, and from loan proceeds or sale of assets for balloon payment as provided under the Plan.

This Plan provides for:

| | |
|---|---|
| 1 | classes of priority claims; |
| 2 | classes of secured claims; |
| 1 | classes of non-priority unsecured claims; and |
| 1 | classes of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan [choose one] has valued at approximately 0.00 cents on the dollar, consistent with the liquidation analysis in Exhibit A and projected disposable income in Exhibit B.  This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01    **Class 1** ……………………    All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2) of the Code, and priority tax claims under § 507(a)(8) of the Code).

[Add classes of priority claims, if applicable]

2.02    **Class 2A** ……………………    The claim of VRMTG ASSET TRUST to the extent allowed as a secured claim under § 506 of the Code.

[Add other classes of secured creditors (if any) by using Class 2(A), Class 2(B), etc. Note: § 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8) of the Code.]

2.02    **Class 2B** ……………………    The claim of SHIRLEY CHAO to the extent allowed as a secured claim under § 506 of the Code.

[Add other classes of secured creditors (if any) by using Class 2(A), Class 2(B), etc. Note: § 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8) of the Code.]

2.03    **Class 3** ……………………    All non-priority unsecured claims allowed under § 502 of the Code.

[Add other classes of unsecured claims, if any.]

2.04    **Class 4** ……………………    Equity interests of the Debtor. [If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.]

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 3 of 32

## Article 3: Treatment of Administrative Expense Claims, and Priority Tax Claims

| 3.01 | **Unclassified claims** | Under § 1123(a)(1) of the Code, administrative expense claims, and priority tax claims are not classified. |
|---|---|---|

| 3.02 | **Administrative expense claims** | List each holder of an administrative expense claim allowed under § 503 of the Code that will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
|---|---|---|
| | | Or |
| | | List each holder of an administrative expense claim allowed under § 503 of the Code that will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with § 1191(e) of the Code.] |

| Name | Amount of Claim | Payment Terms |
|---|---|---|
| Gina Klump, Subchapter V Trustee | TBD | TBD |
| Chapter 11 quarterly fee | $250.64 | Paid in full on the effective date of this Plan |

[Note: Include any fees and costs owed to the Subchapter V Trustee for pre-confirmation services]

| 3.03 | **Priority tax claims** | List each holder of a priority tax claim that will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. |
|---|---|---|

| Name | Amount | Claim | Payment Terms |
|---|---|---|---|
| Franchise Tax Board | $1,612.82 | Claim 2-2 filed 04/11/24 [Unsecured Priority Claim: $1,612.82; Unsecured General Claim: $52.00] | Paid in full on the effective date of this Plan |
| Tax Collector, City & County of San Francisco | $6,858.17 | 2023 Secured Annual Bill #20230469076 due on April 1, 2024 in the amount of $6,045.90 and redemption fees. | Paid in full on the effective date of this Plan |

## Article 4: Treatment of Claims and Interests Under the Plan

| 4.01 | **Claims and interests shall be treated as follows under this Plan:** |
|---|---|

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – **Priority claims** excluding those in Article 3 | ☐ Impaired ☒ Unimpaired | No other priority claim excluding those in Article 3. |

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 4 of 32

| Class 2A – **Secured claim** of VRMTG ASSET TRUST | ☐ Impaired ☒ Unimpaired | Prepetition balance: $3,560,217.93<br>Secured: $2,785,000<br>Unsecured: $775,217.93<br>Section 1111 election: YES<br>Monthly payment under Plan: $2500<br>Plan duration: 36 months<br>Balloon payment: $3,560,217.93 |
|---|---|---|
| Class 2B – **Secured claim** of SHIRLEY CHAO | ☒ Impaired ☐ Unimpaired | Prepetition balance: $70,000.00<br>Secured: $0.00<br>Unsecured: $70,000.00<br>Section 1111 election: NO<br>Monthly payment under Plan: $0.00<br>Balloon payment: $0.00 |

| Class 3 – **Non-priority unsecured creditors** | ☒ Impaired ☐ Unimpaired |
|---|---|

| Name of Creditor | Amount of Claim | Claim # | Disputed | Payment under Plan |
|---|---|---|---|---|
| Internal Revenue Service | 9,060.00 | # 1-4 | No | 0.00 |
| Franchise Tax Board | 52.00 | # 2-2 Unsecured Priority Claim $1,612.82; Unsecured General Claim $52.00 | No | 0.00 |
| Charles Li | 3000000 | Claim #3 | Yes | 0.00 |
| Martin Eng | 3000000 | Claim #6 | Yes | 0.00 |
| All unsecured claims disallowed, if reinstated at a later date. | | # 4 (Tony Fu); #5 (Joanne Eng); # 6 (Bryant Fu & Crystal Lei) | Yes | 0.00 |
| All other unsecured creditors, known or unknown | | | Yes | 0.00 |

| Class 4 – **Equity security holders of the Debtor** | ☐ Impaired ☒ Unimpaired | No Equity security holders. The Debtor's member shall retain its interest with legal and equitable rights unaltered by the Plan. |
|---|---|---|

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non- appealable order], and as to which either: |
| | | A. a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | B. no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Disputed claim reserve** | None. All unsecured claims, whether disputed or not, will not receive any distribution under Plan. |
| 5.03 | **Delay of distribution on a disputed claim** | None. All unsecured claims, whether disputed or not, will not receive any distribution under Plan. |
| 5.04 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Federal Rule of Bankruptcy Procedure 9019. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: NONE |
| 6.02 | **Rejected executory contracts and unexpired leases** | (i) The Debtor rejects the following executory contracts and unexpired leases as of the effective date: N/A |

## Article 7: Means for Implementation of the Plan

1. Projected income from business operation, as indicated in Exhibit B: Disposable Income Analysis, will fund the monthly payments due under the Plan.
2. Capital injection by members of debtor company, as indicated Exhibit C: Effective Date Feasibility Analysis, will pay for all payments due on effective date of Plan. Additional capital injection will be made from time to time as necessary to cover any and all shortfalls between income and monthly payments due under the Plan.
3. Balloon payment to secured creditor VRMTG Asset Trust, due on the 36 months after the effective date of the Plan, will be by refinancing or sale of the secured property.

## Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| | | [Insert additional definitions if necessary]. |

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 6 of 32

| 8.02 | **Effective date** | [Select one] |
|---|---|---|

☒ The effective date of this Plan is the first business day following the date that is 14 days after the entry of the final confirmation order, except that the requirement of finality may be waived by the Debtor. If a stay of the confirmation order is in effect on that date, the Debtor may elect to treat the effective date as the first business day after the date on which the stay expires or is otherwise terminated.

☐ The effective date of this Plan is [describe]:

| 8.03 | **Vesting at Confirmation** | Property of the estate shall: [select one] |
|---|---|---|

☒ revest in the Debtor upon confirmation of the Plan.

☐ not revest in the Debtor at confirmation, but shall be delayed and thereafter vest in the Debtor at the earlier of: (a) completion of all payments due under the Plan; (b) dismissal; (c) discharge; or (d) closing of the case.

☐ [describe]:

| 8.04 | **Plan Disbursements** | After confirmation, all payments due to creditors under the Plan shall be disbursed by the: [select one] |
|---|---|---|

☒ Debtor.

☐ Subchapter V Trustee.

☐ [describe]:

Notwithstanding § 1194(b) of the Code, and unless otherwise ordered by the Court, Debtor shall be authorized to make all payments due to creditors under the Plan if such election is made in this section of the Plan.

If required to make distributions to creditors under the Plan or perform any post-confirmation services, the Subchapter V Trustee shall be entitled to compensation consistent with the hourly rate set forth in the *Verified Statement of Subchapter V Trustee* filed in the Case and reimbursement for all actual and necessary expenses incurred. Post-confirmation compensation due and payable to the Subchapter V Trustee may reduce payments to general unsecured creditors.

| 8.05 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
|---|---|---|

| 8.06 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
|---|---|---|

| 8.07 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
|---|---|---|

| 8.08 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of CALIFORNIA govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
|---|---|---|

| 8.9 | **Corporate governance** | Confirmation of the Plan shall be deemed to prohibit the issuance by the Reorganized Debtor of nonvoting securities to the extent required under § 1123(a)(6) of the Code. [Include for corporate debtors only] |
|---|---|---|

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 7 of 32

| 8.10 | **Payments** | All payments to be made under the Plan for professional services, costs, or expenses in connection with the case or the Plan as required by §§ 330 and 331 of the Code shall be subject to the approval of the court. |
|------|--------------|-----------------------------------------------------------------------------|
| 8.11 | **Officers and Directors** | The officers and directors of the Debtor shall remain in their roles post-confirmation, except N/A.  [Include for corporate debtors only] |
| 8.12 | **Insider Retention** | The insiders who were employed or retained by the Debtor shall remain in their roles post-confirmation, at the same or comparable compensation, except N/A.  [Include for corporate debtors only] |
| 8.13 | **Defaults and Remedies** | Failure to pay any amount due under this Plan within 20 days of the due date shall constitute a Default.  Upon the occurrence of a Default, any affected creditor may give 15 days' Notice of Default.  Absent a cure within that period, the creditor may present a Motion seeking appropriate relief from the Court, which relief may but need not include conversion of the case to one under Chapter 7 of the Code. |
| 8.14 | **Retention of Jurisdiction** | The Court may exercise jurisdiction over proceedings concerning: (a) whether Debtor is in Material Default of any Plan obligation; (b) whether the time for performing any Plan obligation should be extended; (c) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this Court; (d) whether the case should be dismissed or converted to one under Chapter 7; (e) any objections to claims; (f) compromises of controversies under Federal Rule of Bankruptcy Procedure 9019; (g) compensation of professionals; and (h) other questions regarding the interpretation and enforcement of the Plan. |
| 8.15 | **Deadline for Election Under 11 U.S.C. § 1111(b)** | Any creditor that wishes to make an election under section 1111(b)(2) of the Code shall do so no later than JUNE 6, 2024 (Doc# 64, entered 05/23/24). |

## Article 9: Discharge

[Select one]

☒ Debtor is entitled to a discharge pursuant to § 1141(d)(3) of the Code.

☐ Debtor is not entitled to a discharge pursuant to § 1141(d)(3) of the Code.

[Select one]

☐ **Discharge if the Debtor is an individual under Subchapter V**

If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523(a) of the Code, except as provided in Federal Rule of Bankruptcy Procedure 4007(c).  Pursuant to § 1181(a) of the Code, § 1141(d)(5) of the Code does not apply.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

   (i) on which the last payment is due after the completion of the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code; or

   (ii) excepted from discharge under § 523(a) of the Code, except as provided in Federal Rule of Bankruptcy Procedure 4007(c).

☐ **Discharge if the Debtor is a partnership under Subchapter V**

If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be

discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt on which the last payment is due after the conclusion of the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code.

☒ **Discharge if the Debtor is a corporate entity under Subchapter V**
If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt to the extent provided in § 1141(d)(6) of the Code.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt on which the last payment is due after the conclusion of the Plan's term, which could range from 3-5 years pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

1. Post-Confirmation Activities. Subsequent to the Effective Date of this Plan, the Debtor may operate its business (if any) free of any restrictions of the Bankruptcy Code or the Bankruptcy Court. Moreover, the Debtor shall have the authority to purchase, sell or lease property, to borrow money on a secured or unsecured basis, compromise controversies, and employ and pay accountants, attorneys and other professionals without order of the court.

Respectfully submitted,

/s/Demas Yan, manager
_____
[Signature of the Debtor]                    LEGAL RECOVERY LLC
                                             _____
/s/Leeds Disston
_____
[Signature of the Attorney for the Debtor]   LEEDS DISSTON

## Article 11: Attorney Certification

I am legal counsel for the Debtor in the above-captioned case and hereby certify that the foregoing plan is a true and correct copy of the *Plan of Reorganization for Small Business Debtor Under Chapter 11, Subchapter V* promulgated by the Northern District of California on 6-5-2024 (the "Standard-Form Plan") and

[Select one]

☐ There are no alterations or modifications to any provision of the Standard-Form Plan;

☒ Attached hereto as **Exhibit ___D__** is a redline of Debtor's Plan identifying all alterations or modifications made to any provision of the Standard-Form Plan; or

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 9 of 32

☐ Below are all alterations or modifications made to any provision of the Standard-Form Plan:

[Insert the article number, page number, and general subject matter for each alternation or modification, as applicable]

I declare that the foregoing is true and correct.  Executed this 31st day of July,  2024.

/s/Leeds Disston                                    Leeds Disston

[Signature of the Attorney for the Debtor]          [Printed Name]

 **Exhibit A: Liquidation Analysis**

**Real Property** [949-953 Lombard Street, San Francisco, California 94133]

| Fair Market Value | Liens | Creditor | Cost of Sale [8%] | Resulting Income Tax [28%] | Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| $2,785,000 | 1st $3,560,217.93 | VRMTG Asset Trust (US Bank), (§ 1111(b) Election filed June 6, 2024, Doc# 74) | $222,800 | $717,416 | $0 | $1,844,784 |
| | 2nd $70,000.00 | Shirley Chao (no claim filed or election under § 1111(b)) | | | | |
| | 3rd $6,045.90 | CCSF Secured property tax bill #2023046 | | | | |

**Personal Property** [Business cases only]

| Description | Value (Per Operating Reports) | Recognizable Value | Notes |
|---|---|---|---|
| Cash (Debtor-In-Possession account, East West Bank) | $0 | $ 0 | |
| Judgment, SF Supr. Crt. Case no. CGC 15-548357 (Legal Recovery, LLC vs. Martin Lee Eng et al.) | $121,409.00 | $0 | Unsatisfied judgment balance of $121,409. |
| Ownership of 100% economic interests in Lombard Flats LLC | $0 | $0 | Lombard Flats LLC has discharged from Chapter 7 Case no. 24-30047 |
| Cause of Action, SF Supr. Crt. Case no. CGC-22-603067 (Legal Recovery LLC v. Joanne Eng, et al.) | $121,409.00 | $0 | Case of action on conspiracy on fraudulent conveyance. Estimated damages $121,409. |
| **Net Personal Property** | **242,818.00** | $0 | |

| Net Proceeds of Real Property and Personal Property | | | $1,844,784.00 |
|---|---|---|---|

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 11 of 32

| | | |
|---|---|---|
| Secured 1st Lien | | $3,560,217.93 |
| Recovery from Preferences and Fraudulent Conveyances | [ADD] | $0 |
| Chapter 11 Administrative Claims | [SUBTRACT] | $TBD |
| Priority Claims | [SUBTRACT] | $1612.82 |
| **Net Funds Available for Distribution to Unsecured Creditors** | | **$0** |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $6,010,724.82 |
| Percent Distribution to Unsecured Creditors Under Plan | 0% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |

 **Exhibit B: Disposable Income Analysis**

THIS EXHIBIT CONTAINS PROJECTIONS ONLY. THE DEBTOR DOES NOT AND CANNOT GUARANTEE THAT THE RESULTS SET FORTH ON THIS EXHIBIT WILL ACTUALLY BE ACHIEVED. THE PROJECTIONS ON EXHIBIT ARE THE DEBTOR'S BEST ESTIMATES AT THIS TIME GIVEN THE CURRENT RENTAL MARKET AND THE DEBTOR'S PROJECTED OPERATING EXPENSES.  CREDITORS WILL BE PAID ACCORDING TO THE PLAN REGARDLESS OF THE ACTUAL RESULTS THE DEBTOR EXPERIENCES OVER THE 3 YEARS FROM THE EFFECTIVE DATE WHETHER OR NOT SUCH RESULTS CONFORM TO THIS EXHIBIT.

[Business cases only]

| Revenue | Amount |
| --- | --- |
| Rent [949 Lombard Street, San Francisco, CA] | $ 3000 |
| Rent [951 Lombard Street, San Francisco, CA] | $ 3000 |
| Rent [953 Lombard Street, San Francisco, CA] | $ 3000 |
| | |
| **A. Total Monthly Revenue** | **$ 9000** |

| Operating Expenses | Amount |
| --- | --- |
| Wages, Salaries, and Payroll | $ 0 |
| Rent | $ 0 |
| Property Taxes [1.17769382% of value $2,785,000] [949-953 Lombard Street, San Francisco, CA] | $ 2733.23 |
| Insurance [Cal Fair Plan $6804] [949-953 Lombard Street, San Francisco, CA] | $ 567.00 |
| Reserve for Repairs & Capital Improv. [15% Gross Rent] [949-953 Lombard Street, San Francisco, CA] | $ 1350.00 |
| | |
| Vacancy [15% Gross Rent] [949-953 Lombard Street, San Francisco, CA] | $ 1350.00 |
| Fed. & State Income Tax [28% of $2999.77 Net Before Tax] | $ 939.94 |
| | |
| **B. Total Monthly Operating Expenses** | **$ 6840.17** |

| Plan Payments | Amount |
| --- | --- |
| Class 1 | $ 0 |
| Class 2 | $ 2500.00 |
| Class 3 | $ 0 |
| Class 4 | $ 0 |
| Priority Claims | $ 0 [paid in full on effective date of Plan] |
| Subchapter V Trustee Fees | $ TBD |
| Administrative Claims (Pre-Confirmation) | $ TBD |
| Administrative Claims (Post-Confirmation) | $ TBD |

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 13 of 32

| **C. Total Monthly Plan Payments** | | **$ 2500.00** |
|---|---|---|

| **D. Net Operating Income** | [Line A – Line B – Line C] | **$ - 340.17** |
|---|---|---|

| Available Operating Capital | | Amount |
|---|---|---|
| Cash Balance at Beginning of Month | | **$ N/A** |
| Net Operating Income (or Loss) | [Line D] | **$ - 340.17** |
| **E. Cash Balance at End of Month** | | **$ N/A** |

| **F. Projected Disposable Income for 3 Year Plan Term** | **$ 324,000.00** |
|---|---|

### Exhibit C: Effective Date Feasibility Analysis

| Cash on Effective Date | | Amount |
|---|---|---|
| Cash in all Debtor in Possession (DIP) Accounts | [Balance as of Plan Filing] | $ 0 |
| Anticipated Cash Increase or Decrease | [From Plan Filing to Effective Date] | $ 23467.62 [capital injection] |
| **A. Total Cash on Effective Date** | | **$ 23467.62** |

| Payments on Effective Date | Amount |
|---|---|
| Class 1 | $ 0 |
| Class 2 | $ 2500 |
| Class 3 | $ 0 |
| Class 4 | $ 0 |
| Priority Claims | $ 8,470.99 |
| Subchapter V Trustee Fees | $ TBD |
| Administrative Claims (Pre-Confirmation) (Chapter 11 quarterly fee) | $ 250.64 |
| Administrative Claims (Post-Confirmation) | $ TBD |
| Other [Describe]: Insurance [Cal Fair Plan $6804] | $ 6804 |
| Other [Describe]: CAPITAL INJECTION TO COVER 36 MONTHS OF PROJECTED NET OPERATING LOSS | $ 12245.99 |
| **B. Total Payments on Effective Date** | **$ 11221.63** |

| **C. Net Cash on Effective Date** | [Line A – Line B] | **$ 12245.99** |
|---|---|---|
| (Plan not feasible if less than zero) | | |

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 14 of 32

# EXHIBIT D

(Redline of Debtor's Plan identifying all alterations or modifications to the Standard-Form Plan

Fill in this information to identify the case:

Debtor Name: _____

United States Bankruptcy Court for the Northern District of California

Case Number: _____

☐ Check if this is an amended filing

Northern District of California

## Plan of Reorganization for Small Business Debtor Under Chapter 11, Subchapter V

**LEGAL RECOVERY LLC[Name of Debtor]'s Plan of Reorganization, Dated JULY 28, 2024[Insert Date]**
**Background for Cases Filed Under Subchapter V**

### INTRODUCTION

This Plan of Reorganization provides for the restructuring of the debts of LEGAL RECOVERY LLC ("Debtor" or "LR")(the "Plan Document" and as may be amended from time to time, the "Plan").

If confirmed by the court, this Plan will bind all creditors provided for in the Plan, whether or not they filed a proof of claim or accept the Plan, and whether or not their claims are allowed. All creditors should refer to the Plan for information regarding the precise treatment of their claims.

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS, AFFAIRS, THE VALUE OF ITS PROPERTY OR ITS LIABILITIES ON CREDITORS' CLAIMS, ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS PLAN DOCUMENT. THE INFORMATION CONTAINED IN THIS PLAN DOCUMENT HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. HOWEVER, EVERY REASONABLE EFFORT HAS BEEN MADE TO PRESENT ACCURATE FIGURES AND ESTIMATES.

#### A. Description and History of the Debtor's Business

The Debtor, Legal Recovery LLC (LR), is a California limited liability company established on December 19, 2013 to collect on promissory notes owed by Martin Lee Eng (Eng). LR obtained a judgment of $1,507,302.92 on 2015-07-08 in San Francisco Superior Court Case no. CGC-14-542378 (Legal Recovery, LLC vs. Martin Lee Eng, filed 2014-10-27). To enforce the judgment, LR filed a fraudulent conveyance action and obtained a judgment on October 7, 2021 against Lombard Flats LLC and other defendants in San Francisco Superior Court Case no. CGC 15-548357 (Legal Recovery, LLC vs. Martin Lee Eng et al., filed October 8, 2015). Lombard Flats LLC (LF) owns a three unit residential property known as 949-953 Lombard Street, San Francisco, California 94133 (the "Lombard Property"). LR obtained a writ of execution and levied on the Property. A Sheriff Sale was conducted on 2024-01-30 with LR as the highest bidder. The Sheriff's Deed conveying the Lombard Property to LR was recorded on 2024-02-05 as San Francisco Recorder Doc # 2024012830.

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 15 of 32

~~The Debtor is a [corporation, partnership, etc.]. Since [insert year operations commenced], the Debtor has been in the business of _____ [describe the Debtor's business].~~

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such creditors and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as <u>Exhibit A</u>.

The Debtor's liquidation analysis shows that unsecured creditors would receive $ _____0.0_____ if the assets were liquidated in Chapter 7.

**C. Ability to Make Future Plan Payments and Operate Without Further Reorganization**

The Debtor must also show that it will have enough cash to make the required Plan payments and operate the debtor's business, if contemplated by the Plan.

The Debtor has provided projected financial information / feasibility analysis as <u>Exhibit B</u>. Debtor's projected effective date feasibility analysis is set forth in <u>Exhibit C</u>.

The Debtor's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Code) for the period described in § 1191(c)(2) of the Code (3 ~~to 5~~ years) of $~~_____~~ 324,000.00.

The final Plan payment is expected to be paid on _____,TBD-, which is anticipated to be 36_____ months after the effective date.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of LEGAL[insert the name of the Debtor] RECOVERY, LLC (the Debtor) from [income from projected future income from business operation and rental propertySpecify sources of payment, such as an **infusion of capital** from time-to-time as may be necessary, and from,**loan proceeds,** or **sale of assets** for balloon payment as provided under the Plan., cash flow from operations, or future income].

| This Plan provides for: | | |
|---|---|---|
| | 1 | classes of priority claims; |
| | 2 | classes of secured claims; |
| | 1 | classes of non-priority unsecured claims; and |
| | 1 | classes of equity security holders. |
| This Plan provides for: | | classes of priority claims; |
| | | classes of secured claims; |
| | | classes of non-priority unsecured claims; and |
| | | classes of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan [choose one] has valued at approximately 0.00—— cents on the dollar [or] is unable to estimate the distribution to creditors, consistent with the liquidation analysis in Exhibit A and projected disposable income in Exhibit B.  This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| 2.01 | **Class 1** ......................... | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2) of the Code, and priority tax claims under § 507(a)(8) of the Code). |
|---|---|---|
| | | [Add classes of priority claims, if applicable] |
| 2.02 | **Class 2A** ......................... | The claim of VRMTG ASSET TRUST to the extent allowed as a secured claim under § 506 of the Code. |
| | | [Add other classes of secured creditors (if any) by using Class 2(A), Class 2(B), etc. Note: § 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8) of the Code.] |
| 2.02 | **Class 2B** ......................... | The claim of SHIRLEY CHAO to the extent allowed as a secured claim under § 506 of the Code. |
| | | [Add other classes of secured creditors (if any) by using Class 2(A), Class 2(B), etc. Note: § 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8) of the Code.] |
| 2.03 | **Class 3** ......................... | All non-priority unsecured claims allowed under § 502 of the Code. |
| | | [Add other classes of unsecured claims, if any.] |
| 2.04 | **Class 4** ......................... | Equity interests of the Debtor. [If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.] |

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 17 of 32

| 2.01 | Class 1 ........................ | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2) of the Code, and priority tax claims under § 507(a)(8) of the Code). |
|---|---|---|
| | | [Add classes of priority claims, if applicable] |
| 2.02 | Class 2 ........................ | The claim of _____, to the extent allowed as a secured claim under § 506 of the Code. |
| | | [Add other classes of secured creditors (if any) by using Class 2(A), Class 2(B), etc. Note: § 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8) of the Code.] |
| 2.03 | Class 3 ........................ | All non-priority unsecured claims allowed under § 502 of the Code. |
| | | [Add other classes of unsecured claims, if any.] |
| 2.04 | Class 4 ........................ | Equity interests of the Debtor. [If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.] |

## Article 3: Treatment of Administrative Expense Claims, and Priority Tax Claims

| 3.01 | **Unclassified claims** | Under § 1123(a)(1) of the Code, administrative expense claims, and priority tax claims are not classified. |
|---|---|---|
| 3.02 | **Administrative expense claims** | List each holder of an administrative expense claim allowed under § 503 of the Code that will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| | | Or |
| | | List each holder of an administrative expense claim allowed under § 503 of the Code that will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with § 1191(e) of the Code.] |

| Name | Amount of Claim | Payment Terms |
|---|---|---|
| Gina Klump, Subchapter V Trustee | TBD | TBD |
| Chapter 11 quarterly fee | $250.64 | Paid in full on the effective date of this Plan |

[Note: Include any fees and costs owed to the Subchapter V Trustee for pre-confirmation services]

| 3.03 | **Priority tax claims** | List each holder of a priority tax claim that will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. |
|---|---|---|

| Name | Amount | Claim | Payment Terms |
|---|---|---|---|
| Franchise Tax Board | $1,612.82 | Claim 2-2 filed 04/11/24 [Unsecured Priority Claim: $1,612.82; Unsecured General Claim: $52.00] | Paid in full on the effective date of this Plan |
| Tax Collector, City & County of | $6,858.17 | 2023 Secured Annual Bill #20230469076 due on April 1, 2024 in the amount of $6,045.90 and redemption | Paid in full on the effective date of this Plan |

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 18 of 32

| | | | |
|---|---|---|---|
| San Francisco | | fees. | |

---

**Article 4: Treatment of Claims and Interests Under the Plan**

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☒ Unimpaired | No other priority claim excluding those in Article 3. |
| Class 2A – **Secured claim** of VRMTG ASSET TRUST | ☐ Impaired<br>☒ Unimpaired | Prepetition balance: $3,560,217.93<br>Secured: $2,785,000<br>Unsecured: $775,217.93<br>Section 1111 election: YES<br>Monthly payment under Plan: $2500<br>Plan duration: 36 months<br>Balloon payment: $3,560,217.93 |
| Class 2B – **Secured claim** of SHIRLEY CHAO | ☒ Impaired<br>☐ Unimpaired | Prepetition balance: $70,000.00<br>Secured: $0.00<br>Unsecured: $70,000.00<br>Section 1111 election: NO<br>Monthly payment under Plan: $0.00<br>Balloon payment: $0.00 |

| Class | Impairment | | | | | |
|---|---|---|---|---|---|---|
| Class 3 – **Non-priority unsecured creditors** | ☒ Impaired<br>☐ Unimpaired | Name of Creditor | Amount of Claim | Claim # | Disputed | Payment under Plan |
| | | Internal Revenue Service | 9,060.00 | # 1-4 | No | 0.00 |
| | | Franchise Tax Board | 52.00 | # 2-2 Unsecured Priority Claim $1,612.82; Unsecured General Claim $52.00 | No | 0.00 |
| | | Charles Li | 3000000 | Claim #3 | Yes | 0.00 |
| | | | | | | |
| | | | | | | |
| | | Martin Eng | 3000000 | Claim #6 | Yes | 0.00 |
| | | | | | | |
| | | All | | # 4 (Tony | Yes | 0.00 |

| | | | |
|---|---|---|---|
| unsecured claims disallowed, if reinstated at a later date. | Fu); #5 (Joanne Eng); # 6 (Bryant Fu & Crystal Lei) | | |
| All other unsecured creditors, known or unknown | | Yes | 0.00 |
| | | | |

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | |
|---|---|---|
| **Class 4 – Equity security holders of the Debtor** | ☐  Impaired<br>☒<br>Unimpaired | No Equity security holders.  The Debtor's member shall retain its interest with legal and equitable rights unaltered by the Plan. |
| Class | Impairment | |
| Class 1 – Priority claims excluding those in Article 3 | ☐  Impaired<br><br>☐<br>Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br><br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order.  Except: _____."]<br><br>[Add classes of priority claims if applicable] |
| Class 2 – Secured claim of [Insert name of secured creditor] | ☐  Impaired<br><br>☐<br>Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.]<br><br>[Add classes of secured claims if applicable] |

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 20 of 32

| Class 3 — Non-priority unsecured creditors | ☐ Impaired ☐ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.] [Add administrative convenience class if applicable] [Note: Include a schedule of all claimants provided for in this class, along with the estimated claim amount, estimated total dividend amount, and estimated distribution for each dividend payment.] |
| Class 4 — Equity security holders of the Debtor | ☐ Impaired ☐ Unimpaired | |

## Article 5: Allowance and Disallowance of Claims

| 5.01 | Disputed claim | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non- appealable order], and as to which either: |
| | | (i)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | Disputed claim reserve | Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim.  Any funds no longer needed in reserve shall be [select one] ☐ returned to Debtor or ☐ distributed *pro-rata* among allowed claims in this class. None.  All unsecured claims, whether disputed or not, will not receive any distribution under Plan. |
| 5.03 | Delay of distribution on a disputed claim | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. None.  All unsecured claims, whether disputed or not, will not receive any distribution under Plan. |
| 5.04 | Settlement of disputed claims | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Federal Rule of Bankruptcy Procedure 9019. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | Assumed executory contracts and unexpired leases | The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:  NONE |
| 6.02 | Rejected executory contracts and unexpired leases | (a)  The Debtor rejects the following executory contracts and unexpired leases as of the effective date: N/A |
| 6.01 | Assumed executory contracts and unexpired leases | The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 21 of 32

[List assumed or, if applicable, assigned executory contracts and unexpired leases along with the estimated amount to cure any default as required by section 365(b)(1)(A) of the Code.]

| Counter Party | Description | Estimated Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| | | $ | $ | |
| | | $ | $ | |

| 6.02 | **Rejected executory contracts and unexpired leases** | [(a)] The Debtor rejects the following executory contracts and unexpired leases as of the effective date: |

[List rejected executory contracts and unexpired leases along with the estimated amount of any rejection damage claim, which shall also be included in the schedule of non-priority unsecured claims required by Section 4.01 of the Plan.]

| Counter Party | Description | Estimated Unsecured Claim |
|---|---|---|
| | | $ |
| | | $ |

[(b)] The Debtor shall be deemed to reject all executory contracts and unexpired leases that are not specifically assumed in section 6.01(a) of this Plan.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than be [select one] ☐ 30 days or ☐ _____ days after the date of the order confirming this Plan.

[Check the box for the applicable deadline for filing a proof of claim arising from the rejection of an executory contract or unexpired lease, and if no box is selected or the selection is blank, the deadline shall be 30 days after the date of the order confirming this Plan.]

## Article 7: Means for Implementation of the Plan

1. Projected income from business operation, as indicated in Exhibit B: Disposable Income Analysis, will fund the monthly payments due under the Plan.
2. Capital injection by members of debtor company, as indicated Exhibit C: Effective Date Feasibility Analysis, will pay for all payments due on effective date of Plan. Additional capital injection will be made from time to time as necessary to cover any and all shortfalls between income and monthly payments due under the Plan.
3. Balloon payment to secured creditor VRMTG Asset Trust, due on the 36 months after the effective date of the Plan, will be by refinancing or sale of the secured property.[Insert here provisions regarding how the plan will be implemented as required under § 1123(a)(5) of the Code. For example, provisions may include those that set out how the plan will be funded, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors, officers or voting trustees of the reorganized Debtor.]

## Article 8: General Provisions

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| | | [Insert additional definitions if necessary]. |
| 8.02 | **Effective date** | [Select one] |
| | | ☒ The effective date of this Plan is the first business day following the date that is 14 days after the entry of the final confirmation order, except that |

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 22 of 32

the requirement of finality may be waived by the Debtor. If a stay of the confirmation order is in effect on that date, the Debtor may elect to treat the effective date as the first business day after the date on which the stay expires or is otherwise terminated.

☐ The effective date of this Plan is [describe]:

| | | |
|---|---|---|
| 8.03 | **Vesting at Confirmation** | Property of the estate shall: [select one]<br>☒ revest in the Debtor upon confirmation of the Plan.<br>☐ not revest in the Debtor at confirmation, but shall be delayed and thereafter vest in the Debtor at the earlier of: (a) completion of all payments due under the Plan; (b) dismissal; (c) discharge; or (d) closing of the case.<br>☐ [describe]: |
| 8.04 | **Plan Disbursements** | After confirmation, all payments due to creditors under the Plan shall be disbursed by the: [select one]<br>☒ Debtor.<br>☐ Subchapter V Trustee.<br>☐ [describe]:<br><br>Notwithstanding § 1194(b) of the Code, and unless otherwise ordered by the Court, Debtor shall be authorized to make all payments due to creditors under the Plan if such election is made in this section of the Plan.<br><br>If required to make distributions to creditors under the Plan or perform any post-confirmation services, the Subchapter V Trustee shall be entitled to compensation consistent with the hourly rate set forth in the *Verified Statement of Subchapter V Trustee* filed in the Case and reimbursement for all actual and necessary expenses incurred. Post-confirmation compensation due and payable to the Subchapter V Trustee may reduce payments to general unsecured creditors. |
| 8.05 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.06 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.07 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.08 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of CALIFORNIA govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| 8.9 | **Corporate governance** | Confirmation of the Plan shall be deemed to prohibit the issuance by the Reorganized Debtor of nonvoting securities to the extent required under § 1123(a)(6) of the Code. [Include for corporate debtors only] |
| 8.10 | **Payments** | All payments to be made under the Plan for professional services, costs, or expenses in connection with the case or the Plan as required by §§ 330 and 331 of the Code shall be subject to the approval of the court. |
| 8.11 | **Officers and Directors** | The officers and directors of the Debtor shall remain in their roles post- |

Case: 24-30074   Doc# 137   Filed: 07/31/24   Entered: 07/31/24 13:36:41   Page 23 of
32

| | | confirmation, except N/A. [Include for corporate debtors only] |
|---|---|---|
| 8.12 | **Insider Retention** | The insiders who were employed or retained by the Debtor shall remain in their roles post-confirmation, at the same or comparable compensation, except N/A. [Include for corporate debtors only] |
| 8.13 | **Defaults and Remedies** | Failure to pay any amount due under this Plan within 20 days of the due date shall constitute a Default. Upon the occurrence of a Default, any affected creditor may give 15 days' Notice of Default. Absent a cure within that period, the creditor may present a Motion seeking appropriate relief from the Court, which relief may but need not include conversion of the case to one under Chapter 7 of the Code. |
| 8.14 | **Retention of Jurisdiction** | The Court may exercise jurisdiction over proceedings concerning: (a) whether Debtor is in Material Default of any Plan obligation; (b) whether the time for performing any Plan obligation should be extended; (c) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this Court; (d) whether the case should be dismissed or converted to one under Chapter 7; (e) any objections to claims; (f) compromises of controversies under Federal Rule of Bankruptcy Procedure 9019; (g) compensation of professionals; and (h) other questions regarding the interpretation and enforcement of the Plan. |
| 8.15 | **Deadline for Election Under 11 U.S.C. § 1111(b)** | Any creditor that wishes to make an election under section 1111(b)(2) of the Code shall do so no later than JUNE 6, 2024 (Doc# 64, entered 05/23/24). |

<span style="background:black">    </span> **Article 9: Discharge**

[Select one]
☒ Debtor is entitled to a discharge pursuant to § 1141(d)(3) of the Code.
☐ Debtor is not entitled to a discharge pursuant to § 1141(d)(3) of the Code.

[Select one]
☐ **Discharge if the Debtor is an individual under Subchapter V**
If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523(a) of the Code, except as provided in Federal Rule of Bankruptcy Procedure 4007(c). Pursuant to § 1181(a) of the Code, § 1141(d)(5) of the Code does not apply.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
    (i) on which the last payment is due after the conclusion of the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code; or
    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Federal Rule of Bankruptcy Procedure 4007(c).

☐ **Discharge if the Debtor is a partnership under Subchapter V**
If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt on which the last payment is due after the conclusion of the

Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code.

☒ **Discharge if the Debtor is a corporate entity under Subchapter V**
If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt to the extent provided in § 1141(d)(6) of the Code.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt on which the last payment is due after the conclusion of the Plan's term, which could range from 3-5 years pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code.

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br><br>[Insert additional definitions if necessary]. |
|---|---|---|
| 8.02 | **Effective date** | [Select one]<br>☐ The effective date of this Plan is the first business day following the date that is 14 days after the entry of the final confirmation order, except that the requirement of finality may be waived by the Debtor. If a stay of the confirmation order is in effect on that date, the Debtor may elect to treat the effective date as the first business day after the date on which the stay expires or is otherwise terminated.<br>☐ The effective date of this Plan is [describe]: |
| 8.03 | **Vesting at Confirmation** | Property of the estate shall: [select one]<br>☐ revest in the Debtor upon confirmation of the Plan.<br>☐ not revest in the Debtor at confirmation, but shall be delayed and thereafter vest in the Debtor at the earlier of: (a) completion of all payments due under the Plan; (b) dismissal; (c) discharge; or (d) closing of the case.<br>☐ [describe]: |
| 8.04 | **Plan Disbursements** | After confirmation, all payments due to creditors under the Plan shall be disbursed by the: [select one]<br>☐ Debtor.<br>☐ Subchapter V Trustee.<br>☐ [describe]:<br><br>Notwithstanding § 1194(b) of the Code, and unless otherwise ordered by the Court, Debtor shall be authorized to make all payments due to creditors under the Plan if such election is made in this section of the Plan.<br><br>If required to make distributions to creditors under the Plan or perform any post-confirmation services, the Subchapter V Trustee shall be entitled to compensation consistent with the hourly rate set forth in the *Verified Statement of Subchapter V Trustee* filed in the Case and reimbursement for all actual and necessary expenses incurred. Post-confirmation compensation due and payable to the Subchapter V Trustee may reduce payments to general unsecured creditors. |
| 8.05 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative |

| | | effect of any other provision of this Plan. |
|---|---|---|
| 8.06 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.07 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.08 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of _____ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| 8.9 | **Corporate governance** | Confirmation of the Plan shall be deemed to prohibit the issuance by the Reorganized Debtor of nonvoting securities to the extent required under § 1123(a)(6) of the Code. [Include for corporate debtors only] |
| 8.10 | **Payments** | All payments to be made under the Plan for professional services, costs, or expenses in connection with the case or the Plan as required by §§ 330 and 331 of the Code shall be subject to the approval of the court. |
| 8.11 | **Officers and Directors** | The officers and directors of the Debtor shall remain in their roles post-confirmation, except _____. [Include for corporate debtors only] |
| 8.12 | **Insider Retention** | The insiders who were employed or retained by the Debtor shall remain in their roles post-confirmation, at the same or comparable compensation, except _____. [Include for corporate debtors only] |
| 8.13 | **Defaults and Remedies** | Failure to pay any amount due under this Plan within 20 days of the due date shall constitute a Default. Upon the occurrence of a Default, any affected creditor may give 15 days' Notice of Default. Absent a cure within that period, the creditor may present a Motion seeking appropriate relief from the Court, which relief may but need not include conversion of the case to one under Chapter 7 of the Code. |
| 8.14 | **Retention of Jurisdiction** | The Court may exercise jurisdiction over proceedings concerning: (a) whether Debtor is in Material Default of any Plan obligation; (b) whether the time for performing any Plan obligation should be extended; (c) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this Court; (d) whether the case should be dismissed or converted to one under Chapter 7; (e) any objections to claims; (f) compromises of controversies under Federal Rule of Bankruptcy Procedure 9019; (g) compensation of professionals; and (h) other questions regarding the interpretation and enforcement of the Plan. |
| 8.15 | **Deadline for Election Under 11 U.S.C. § 1111(b)** | Any creditor that wishes to make an election under section 1111(b)(2) of the Code shall do so no later than 10 days following the filing of the Plan. |

## Article 9: Discharge

[Select one]

☐ Debtor is entitled to a discharge pursuant to § 1141(d)(3) of the Code.

☐ Debtor is not entitled to a discharge pursuant to § 1141(d)(3) of the Code.

[Select one]

☐ Discharge if the Debtor is an individual under Subchapter V

If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523(a) of the Code, except as provided in Federal Rule of Bankruptcy Procedure 4007(c). Pursuant to § 1181(a) of the Code, § 1141(d)(5) of the Code does not apply.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
  (i) on which the last payment is due after the conclusion of the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code; or
  (ii) excepted from discharge under § 523(a) of the Code, except as provided in Federal Rule of Bankruptcy Procedure 4007(c).

☐ **Discharge if the Debtor is a partnership under Subchapter V**
If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt on which the last payment is due after the conclusion of the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code.

☐ **Discharge if the Debtor is a corporate entity under Subchapter V**
If the Debtor's Plan is confirmed under § 1191(a) of the Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt to the extent provided in § 1141(d)(6) of the Code.

If the Debtor's Plan is confirmed under § 1191(b) of the Code, confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the Plan's term, which could range from 3-5 years, pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt on which the last payment is due after the conclusion of the Plan's term, which could range from 3-5 years pursuant to § 1191(c)(2) of the Code, or as otherwise provided in § 1192 of the Code.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

1.  Post-Confirmation Activities. Subsequent to the Effective Date of this Plan, the Debtor may operate its business (if any) free of any restrictions of the Bankruptcy Code or the Bankruptcy Court. Moreover, the Debtor shall have the authority to purchase, sell or lease property, to borrow money on a secured or unsecured basis, compromise controversies, and employ and pay accountants, attorneys and other professionals without order of the court.

Respectfully submitted,

_____          _____
[Signature of the Debtor]                 [Printed Name]

_____          _____
[Signature of the Co-Debtor]              [Printed Name]

_____          _____
[Signature of the Attorney for the Debtor]        [Printed Name]

**Article 11: Attorney Certification**

I am legal counsel for the Debtor in the above-captioned case and hereby certify that the foregoing plan is a true and correct copy of the *Plan of Reorganization for Small Business Debtor Under Chapter 11, Subchapter V* promulgated by the Northern District of California on 6-5~~~~, 2024 (the "Standard-Form Plan") and

[Select one]

☐ There are no alterations or modifications to any provision of the Standard-Form Plan;

☒ Attached hereto as **Exhibit __E__** is a redline of Debtor's Plan identifying all alterations or modifications made to any provision of the Standard-Form Plan; or

☐ Below are all alterations or modifications made to any provision of the Standard-Form Plan:

[Insert the article number, page number, and general subject matter for each alternation or modification, as applicable]

I declare that the foregoing is true and correct.  Executed this _____ day of _____, 20_____.

_____          _____
[Signature of the Attorney for the Debtor]        [Printed Name]

Case: 24-30074    Doc# 137    Filed: 07/31/24    Entered: 07/31/24 13:36:41    Page 28 of 32

**Real Property [**949-953 Lombard Street, San Francisco, California 94133~~Insert Address~~**]**

| Fair Market Value | Liens | ~~Notes~~Creditor | Cost of Sale [8%] | Resulting Income Tax [28%] | Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| $2,785,000 | 1st $3,560,217.93 | VRMTG Asset Trust (US Bank), (§ 1111(b) Election filed June 6, 2024, Doc# 74) | $222,80 0.~~00~~ | $717,416 | $0 | $1,844,784 |
| | 2nd  $70,000.00 | Shirley Chao (no claim filed or election under § 1111(b) | | | | |
| | 3rd  $6,045.90 | CCSF Secured property tax~~es~~ bill #2023046 | | | | |

**Personal Property** [Business cases only]

| Description | Value (Per Operating Reports) | Recognizable Value | Notes |
|---|---|---|---|
| Cash (Debtor-In-Possession account, East West Bank) | $0 | $ 0~~0~~ | ~~Projected balance on effective date of plan.~~ |
| Judgment, SF Supr. Crt. Case no. CGC 15-548357 (Legal Recovery, LLC vs. Martin Lee Eng et al.) | $121,409.00 | $0 | Unsatisfied judgment balance of $121,409. |
| Ownership of 100% economic interests in Lombard Flats LLC | $0 | $0 | Lombard Flats LLC has discharged from Chapter 7 Case no. 24-30047 |
| Cause of Action, SF Supr. Crt. Case no. CGC-22-603067 (Legal Recovery LLC v. Joanne Eng, et al.) | $121,409.00 | $0 | Case of action on conspiracy on fraudulent conveyance. Estimated damages $121,409. |
| **Net Personal Property** | **242,818.00** | $0 | |

| | | |
|---|---|---|
| Net Proceeds of Real Property and Personal Property | | $1,844,784.00 |
| Secured 1st Lien | | $3,560,217.93 |

| | | |
|---|---|---|
| Recovery from Preferences and Fraudulent Conveyances | [ADD] | $0 |
| Chapter 11 Administrative Claims | [SUBTRACT] | $TBD |
| Priority Claims | [SUBTRACT] | $1612.82 |
| **Net Funds Available for Distribution to Unsecured Creditors** | | **$0** |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $6,010,724.82 |
| Percent Distribution to Unsecured Creditors Under Plan | 0% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.] THIS EXHIBIT CONTAINS PROJECTIONS ONLY. THE DEBTOR DOES NOT AND CANNOT GUARANTEE THAT THE RESULTS SET FORTH ON THIS EXHIBIT WILL ACTUALLY BE ACHIEVED. THE PROJECTIONS ON EXHIBIT ARE THE DEBTOR'S BEST ESTIMATES AT THIS TIME GIVEN THE CURRENT RENTAL MARKET AND THE DEBTOR'S PROJECTED OPERATING EXPENSES.  CREDITORS WILL BE PAID ACCORDING TO THE PLAN REGARDLESS OF THE ACTUAL RESULTS THE DEBTOR EXPERIENCES OVER THE 3 YEARS FROM THE EFFECTIVE DATE WHETHER OR NOT SUCH RESULTS CONFORM TO THIS EXHIBIT.

[Business cases only]

| Revenue | Amount |
|---|---|
| ~~Sales~~Rent [949 Lombard Street, San Francisco, CA] | $ 3000~~0~~ |
| ~~Costs of Goods Sold [Subtract]~~Rent [951 Lombard Street, San Francisco, CA] | ~~- $ 0~~ $ 3000 |
| ~~Other Income [PROJECTED GROSS RENT - 949-953 Lombard Street, San Francisco, CA]~~Rent [953 Lombard Street, San Francisco, CA] | ~~$ 9000~~$ 3000 |
| ~~Positive Cash Flow on Investment Property~~ | ~~$ 0~~ |
| **A. Total Monthly Revenue** | **$ 9000** |

| Operating Expenses | Amount |
|---|---|
| **Wages, Salaries, and Payroll** | **$ 0** |
| **Rent** | **$ 0** |
| **Property Taxes [1.17769382% of value $2,785,000] [949-953 Lombard Street, San Francisco, CA]** | **$ 2733.23** |
| **Insurance [Cal Fair Plan $6804] [949-953 Lombard Street, San Francisco, CA]** | **$ 567.00** |
| **Reserve for Repairs & Capital Improv. [15% Gross Rent] [949-953 Lombard Street, San Francisco, CA]** | **$ 1350.00** |
| ~~Fed. & State Income Tax [28% of Net Before Tax]~~ | ~~$~~ |
| **Vacancy [15% Gross Rent] [949-953 Lombard Street, San Francisco, CA]** | **$ 1350.00** |
| ~~Other Business Expenses [Describe]~~Fed. & State Income Tax [28% of $2999.77 Net Before Tax] | $ 939.94 |
| ~~Negative Cash Flow on Investment Property~~ | ~~$~~ |
| **B. Total Monthly Operating Expenses** | **$ 6840.17** |

| Plan Payments | Amount |
|---|---|
| Class 1 | $ 0 |
| Class 2 | $ 2500.00 |
| Class 3 | $ 0 |
| Class 4 | $ 0 |
| Priority Claims | $ 0 [paid in full on effective date of Plan] |
| Subchapter V Trustee Fees | $ TBD |
| Administrative Claims (Pre-Confirmation) | $ TBD |

| | |
|---|---|
| Administrative Claims (Post-Confirmation) | $ TBD |
| Other [Describe]: | $ |
| **C. Total Monthly Plan Payments** | **$ 2500.00** |

| | | |
|---|---|---|
| **D. Net Operating Income** | [Line A – Line B – Line C] | **$ - 340.17** |

| Available Operating Capital | | Amount |
|---|---|---|
| Cash Balance at Beginning of Month | | $ N/A |
| Net Operating Income (or Loss) | [Line D] | $$ - 340.17 |
| **E. Cash Balance at End of Month** | | **$ N/A** |

| | |
|---|---|
| **F. Projected Disposable Income for ___3 Year Plan Term** | **$ 324,000.00** |

| Exhibit C: Effective Date Feasibility Analysis |
|---|

| Cash on Effective Date | | Amount |
|---|---|---|
| Cash in all Debtor in Possession (DIP) Accounts | [Balance as of Plan Filing] | $ 0 |
| Anticipated Cash Increase or Decrease | [From Plan Filing to Effective Date] | $$ 23467.62 [capital injection] |
| **A. Total Cash on Effective Date** | | **$** |

| Payments on Effective Date | Amount |
|---|---|
| Class 1 | $ 0 |
| Class 2 | $ 2500 |
| Class 3 | $ 0 |
| Class 4 | $ 0 |
| Priority Claims | $ 8,470.99 |
| Subchapter V Trustee Fees | $ TBD |
| Administrative Claims (Pre-Confirmation) (Chapter 11 quarterly fee) | $ 250.64 |
| Administrative Claims (Post-Confirmation) | $ TBD |
| Other [Describe]: Insurance [Cal Fair Plan $6804] | $ 6804 |
| Other [Describe]: CAPITAL INJECTION TO COVER 36 MONTHS OF PROJECTED NET OPERATING LOSS | $ 12245.99 |
| **B. Total Payments on Effective Date** | **$ 11221.63** |

| | | |
|---|---|---|
| **C. Net Cash on Effective Date** | [Line A – Line B] | **$ 12245.99** |
| (Plan not feasible if less than zero) | | |