Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com
Attorney for debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br>LEGAL RECOVERY, LLC<br>       Debtor. | Case No.: 24-30074 DM<br><br>Chapter 11<br><br>OPPOSITION TO CREDITORS' MOTION FOR RECONSIDERATION OF ORDERS DISALLOWING CLAIMS NO. 4 AND 7<br><br>Date: August 16, 2024<br>Time: 10:00 AM<br>Crtrm: Zoom or AT&T Conference<br>[Appearances by<br>Tele/Videoconference (AT&T/Zoom) ] |

## STANDARD FOR RECONSIDERATION

The motion was filed after the expiration of time for appeal. A Notice of Appeal generally must be filed no later than 14 days after the entry of order or judgment (see FRBP 8002). Here, the motion for reconsideration was filed on July 18 and entered on July 19, 2024 (Doc# 122). The Orders On Objection To Claim were filed and entered on July 2, 2024 (Doc## 94 [claim #7], 96 [claim #4]). When reconsideration under Rule 3008 is sought after the appeal period has expired, the motion is subject to the constraints of FRCP 60(b) as incorporated by Rule 9024. *In re Wylie*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006). When reconsideration is sought under FRCP 60(b), the party seeking reconsideration is not permitted to revisit the merits of the underlying judgment or argue that the trial court committed some legal error in arriving at that judgment. See, e.g., *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Instead, that party is limited to the narrow grounds enumerated in FRCP 60(b). *Id*. These grounds generally require a showing that events subsequent to the entry of the judgment make its enforcement unfair or inappropriate, or that the party was deprived of a fair

- 1 -
Case: 24-30074   Doc# 139   Filed: 07/31/24   Entered: 07/31/24 13:45:40   Page 1 of 4

opportunity to appear and be heard in connection with the underlying dispute. *In re Wylie*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006).

Fed. R. Civ. P. 60 provides the following as grounds for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  As stated by the Supreme Court in *Kemp v. United States*, 142 S. Ct. 1856 (2022): "Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. Even then, " 'extraordinary circumstances' " must justify reopening." (*Id*. at 1861 [internal citations omitted].)

## NO FACTS TO JUSTIFY RELIEF FROM ORDER

Creditors' motion does not say but appears to seek relief pursuant to FRCP 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect.

Here, the debtor filed the objections to claims on May 20, 2024 (Doc## 57, 60), and the Requests For Entry of Default on June 28, 2024.  Creditors' say that they made a mistake as to when a reply is due and that they could not find "appropriate bankruptcy counsel".  The reasons provided, even if true, do not support relief under FRCP 60(b).

- 2 -

Where creditor's proof of claim was disallowed after creditor failed to timely file response to debtor's objection, court denied creditor's motion for reconsideration because failure to file response was not due to excusable neglect, but rather was due to failure of creditor's counsel to read notice and pertinent procedural rule; response deadline notice in debtor's objection was not inconspicuous and wording was identical to official bankruptcy form. *In re Sterling Rubber Prods. Co.*, 316 B.R. 485 (Bankr. S.D. Ohio 2004), aff'd, 337 B.R. 729, 2006 Bankr. LEXIS 671 (6th Cir. 2006). The excusable neglect standard of Bankruptcy Rule 9006(b) requires movant to show that failure to perform was due to circumstances beyond reasonable control of person whose duty it was to perform. *In re Overly-Hautz Co.*, 57 B.R. 932 (Bankr. N.D. Ohio 1986). While concept of "excusable neglect" may include mistakes and carelessness, it does not generally extend to attorney's inadvertence, ignorance of rules, or mistakes construing rules; clients must be held accountable for acts and omissions of their attorneys. *In re Sterling Rubber Prods. Co.*, 316 B.R. 485 (Bankr. S.D. Ohio 2004), aff'd, 337 B.R. 729, 2006 Bankr. LEXIS 671 (6th Cir. 2006).

Here, the movants are acting as their own attorneys, and the excusable neglect standard does not apply to ignorance of rules, mistakes construing rules, or acts and omissions due to circumstances not beyond the reasonable control of the movants. There is also the danger of prejudice to debtor in terms of delay and costs in bringing a plan to confirmation, and will potentially impact the judicial proceeding in terms of uncertainty and additional resources required for litigation of claims.

CONCLUSION

For the reasons stated, the Court should deny this motion to reconsider the orders disallowing claims no. 4 and 7.

Dated: July 31, 2024

/s/Leeds Disston

Attorney for Debtor

# CERTIFICATE OF SERVICE

I am not less than 18 years of age and not a party to the within case. My business address is PO BOX 225254, San Francisco, CA 94122.

On the date noted below, I served this:
OPPOSITION TO CREDITORS' MOTION FOR RECONSIDERATION OF ORDERS DISALLOWING CLAIMS NO. 4 AND 7

By e-service by email: TONY FU <tonydxfu@gmail.com>, Bryant Fu <bfu.law1@gmail.com> Crystal Lei <lei.litigation@gmail.com>

By ECF: registered recipients will receive notice upon electronic filing of the documents.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 7/31/24
/s/Bill Mora